IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BRIAN KEIM, an individual, on behalf of
himself and all others similarly situated,

        Plaintiff,        Case No.  9:12-cv-80577

v.        Hon. Judge Kenneth A. Marra

ADF MIDATLANTIC, LLC, a foreign
limited liability company,
AMERICAN HUTS INC., a foreign
corporation,
ADF PIZZA I, LLC, a foreign limited liability
company, and
ADF PA, LLC, a foreign limited liability
company,

        Defendants.
_____/

**SUPPLEMENTAL MEMORANDUM OF ADF MIDATLANTIC, LLC, AMERICAN HUTS INC., ADF PIZZA I, LLC AND ADF PA, LLC IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Further to this Court's April 16, 2013 Order [D.E. 47], American Huts Inc. ("AHI"), ADF MidAtlantic, LLC, ADF Pizza I, and ADF PA, LLC (collectively, "Defendants") respectfully submit this memorandum of law addressing the issue of whether Defendants' September 21, 2012 offer of judgment strips this Court of subject matter jurisdiction under *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ___, No. 11-1059, 2013 WL 1567370 (U.S. Apr. 16, 2013).[1]

On April 16, 2013, the Supreme Court ruled that a Rule 68 offer of complete relief that deprives an individual plaintiff of her personal stake in a lawsuit is sufficient to moot a collective action brought in a representative capacity. *Genesis Healthcare v. Symczyk*, 569 U.S. ___, ___,

---

[1] Defendants submit this memorandum in further support of their Rule 12(b)(1) motion to dismiss the class action complaint of Brian Keim ("Plaintiff" or "Keim") due to lack of subject-matter jurisdiction. (See D.E. 18, 40, 44.)

2013 WL 1567370, at *9 (2013).  The Court's holding was predicated on its belief that the Rule 68 offer also mooted the plaintiff's individual action. While *Genesis Healthcare* arose in the context of a collective action under Section 216(b) of the Fair Labor Standards Act—and thus is distinguishable in that regard—the decision is instructive and further supports Defendants' argument that Keim's case is moot.  Moreover, the opinion expressly rejects many of the arguments asserted by Keim that such offers are nothing more than improper attempts to pick off the plaintiff.

## DISCUSSION

I. **THE *GENESIS HEALTHCARE* DECISION SUPPORTS DEFENDANTS' POSITION THAT KEIM CANNOT SUE IN A REPRESENTATIVE CAPACITY AFTER HIS PERSONAL STAKE HAS BEEN EXTINGUISHED.**

A. **THE FACTS AND HOLDING OF *GENESIS HEALTHCARE*.**

Although *Genesis Healthcare* arose out of a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Justice Thomas' majority opinion makes clear that a plaintiff cannot litigate a suit on behalf of other similarly situated individuals when the plaintiff's *individual* claim has been mooted by a Rule 68 offer of judgment (because, as a matter of logic and common sense, the plaintiff is no longer similarly situated).  This generally applicable principle is not limited to the FLSA context, but rather finds its roots in Article III of the Constitution, which mandates that "[i]n order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Genesis Healthcare*, slip op. at 4. The "personal stake" requirement "ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.*  Therefore, "[i]f an intervening circumstance deprives the plaintiff of a

'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  These core Constitutional maxims guided the majority's reasoning on whether a plaintiff lacking a personal stake could still represent the interests of unnamed parties.

While the Supreme Court did not expressly decide whether an unaccepted offer that fully satisfies a plaintiff's claim is *always* sufficient to render the claim moot,[2] the Court acknowledged that a Rule 68 offer has the power to render such a claim moot under the right circumstances.  Significantly, in the district court the plaintiff had conceded that an offer of complete relief will generally moot the claim as at that point the plaintiff retains no personal interest in the outcome of the litigation. *See Genesis Healthcare*, slip op. at 5 (citing 2010 WL 2038676, at *4). This was especially true in *Genesis Healthcare* because the defendant's unaccepted Rule 68 offer of judgment was for the maximum relief available on plaintiff's FLSA claims, including $7,500 for alleged unpaid wages and attorneys' fees and costs. *Id.* at 2.  On these facts, the district court found that "the Rule 68 offer fully satisfied her individual claim" and further, "concluded that [Genesis Healthcare's] Rule 68 offer of judgment mooted [plaintiff's] suit, which it dismissed for lack of subject-matter jurisdiction." *Id.*

After the Supreme Court assumed that Genesis Healthcare's Rule 68 offer mooted plaintiff's individual claim, the Court reasoned that a "straightforward application of well-settled mootness principles compels our answer" to the question of whether the plaintiff's action remained justiciable based on the collective-action allegations in her complaint. *Id.* at 5.  The Court's answer was an emphatic "No." As Justice Thomas wrote, "In the absence of any

---

[2]     The majority declined to address this issue head-on because it concluded that "the issue is not properly before us." Slip op. at 5.  Thus, the majority "assume[d], without deciding, that petitioners' Rule 68 offer mooted [plaintiff's] individual claim" because the plaintiff—Symczyk—failed to raise the issue in her brief in opposition to the petition for certiorari. *Id.*

claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* at 6.  On these grounds, the Court ultimately held that "respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness."  *Id.* at 11.  Accordingly, the Court reversed the ruling of the Third Circuit and ordered the suit dismissed in its entirety for lack of subject-matter jurisdiction.

> **B. APPLYING THE PRINCIPLES OF *GENESIS HEALTHCARE* TO THE FACTS OF THIS CASE SUPPORTS DEFENDANTS' ARGUMENT THAT KEIM'S ENTIRE ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION.**

Defendants acknowledge that *Genesis Healthcare* did not involve a Rule 23 class action. This notwithstanding, the same "well-settled mootness principles" that led the Supreme Court to dismiss a putative FLSA collective action for lack of subject-matter jurisdiction augur for the same result when the plaintiff initiates a class action under Rule 23.

> **1. Defendants' Rule 68 Offer to Keim Provided for the Maximum Relief Available Under the Law and Thus Mooted His Claim.**

*Genesis Healthcare* makes clear that the only dispositive consideration controlling whether a federal suit is moot is whether the plaintiff maintains a personal stake in the lawsuit. Like the plaintiff in *Genesis Healthcare*, Keim received a Rule 68 offer of judgment that provided for the maximum relief available under the federal statute which he sued, the Telephone Consumer Protection Act.  Moreover, as in *Genesis Healthcare*, Keim has failed to put forth any meritorious arguments explaining why Defendants' Rule 68 offer does not offer him full relief sufficient to extinguish his personal stake.  Simply put, Keim cannot identify *anything* that might remain for adjudication after the Defendants have formally expressed their willingness to provide complete relief.  Under Supreme Court precedent, there is no "Case" under Article III when the Defendants elect to provide the relief sought in the Plaintiff's

complaint, which is the case here. *See Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009) (holding dispute moot where parties "continue to dispute the lawfulness of the [defendant's] procedures [but] that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights"); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("Our decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests . . . ." (citations and internal quotation marks omitted)); *Vitek v. Jones*, 445 U.S. 480, 486-87 (1980) (suggesting that voluntary shift of conduct by defendant moots case if it removes "the reality of the controversy"); *cf. Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (holding that "once the defendant offers to satisfy plaintiff's entire demand, there is no dispute over which to litigate") (Easterbrook, J.).

The implications of Keim's misunderstanding of Rule 68 are striking, and they do not comport with the majority's view in *Genesis Healthcare*. By simply filing a complaint and alleging a controversy, a single plaintiff could force a defendant to remain mired in litigation—*class-sized litigation*—indefinitely. That result would follow even if the record conclusively demonstrated the conceded absence of any actual controversy between the parties.

As far the mootness question goes, Keim's situation is no different from Laura Symczyk—the plaintiff in *Genesis Healthcare*. Both parties received (and rejected) Rule 68 offers for complete relief that deprived them of any personal stake in a federal lawsuit. Additionally, both parties have failed to identify a legal basis for receiving any relief *in addition* to what they have been offered already. As with Symczyk, Keim's claims are moot.

> 2. **Under *Genesis Healthcare*, Making Strategic Rule 68 Offers to The Only Named Plaintiff in Statutory Damages Cases Passes Constitutional Muster.**

As in *Genesis Healthcare*, Keim has characterized Defendants' Rule 68 offer of judgment as a strategic attempt to "pick off" a named plaintiff who seeks to represent the

interests of other similarly situated individuals. (See D.E. 43, at 8-10.) When faced with the same argument from Symczyk, however, the Supreme Court unequivocally stated that there is nothing inherently wrong or improper about offers of judgment and that they are constitutionally permissible in collective actions.[3]

First, the Court reasoned that a putative collective action for statutory damages is not "inherently transitory," such that the fleeting nature of the challenged conduct insulates a defendant's actions from review. *Genesis Healthcare*, slip op. at 9; *compare Gerstein v. Pugh*, 420 U.S. 103 (1975) (holding that class action challenging constitutionality of temporary pre-trial detentions are reviewable despite their transitory nature); *Roe v. Wade*, 410 U.S. 113 (1973) (adjudicating constitutionality of abortion restrictions even though plaintiff was no longer pregnant). Additionally, the Court noted that "a claim for damages cannot evade review," on the grounds that a defendant's attempt to obtain settlement does not insulate such a claim from judicial review. *Genesis Healthcare*, slip op. at 9; *see also id.* at 10 ("While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in *respondent's* suit, such putative plaintiffs remain free to vindicate their rights in their own suits." (emphasis in original)). In other words, the Rule 68 "pick off" is not constitutionally improper.

*Genesis Healthcare* also makes clear that a strategic Rule 68 offer made to an individual plaintiff—prior to the addition of other named parties—can extinguish the plaintiff's personal stake and thereby moot the entire case. Keim's TCPA claim is thus materially indistinguishable from Symczyk's FLSA claim, inasmuch as both types of claims request statutory damages and

---

[3]  Specifically, the offer of judgment unequivocally agreed to pay Keim the maximum amount of recoverable statutory damages ($1,500 for each text message he received), injunctive relief, and reasonable attorneys' fees and costs. (See D.E. 33-2). Keim actually stood to "do better" by Defendants' offer than he would have if he prevailed at trial, as the offer provided for payment of reasonable attorneys' fees separate and distinct from Keim's payment of $1,500 for each allegedly unsolicited text he contends he received. Whereas if Keim prevailed at trial, his recovery would have been reduced by the amount he was required to pay his attorneys.

are therefore incapable of evading review. To the extent that Keim still tries to portray Defendants' Rule 68 offer as an unethical or unseemly maneuver, *Genesis Healthcare* should put this erroneous understanding to rest. Additionally, Keim's own actions severely undercut his self-serving assertion that a Rule 68 offer is an improper attempt to short circuit a class action lawsuit. Indeed, Keim recently accepted a Rule 68 offer in a strikingly similar TCPA case alleging the receipt of unsolicited text messages. *See* Docket Report for Keim v. Committee Entertainment LLC, No. 1:13-cv-20407 (S.D. Fla. filed Feb. 3, 2013) (Graham, J.) (attached as Exhibit A). On April 9, 2013, Judge Graham dismissed Keim's TCPA class action complaint for lack of subject-matter jurisdiction. (Dismissal Order attached as Exhibit B.)

### 3. Under *Genesis Healthcare*, The Interests of Putative, Unnamed Class Members Cannot Confer Subject-Matter Jurisdiction Where the Lone Plaintiff No Longer Maintains a Personal Stake in the Suit.

As Defendants have thoroughly argued in previous briefs, the Rule 68 offer to Keim mooted his individual claim. As a result, his entire class action became moot as well. *Genesis Healthcare* affirms this analysis. Indeed, the holding of *Genesis Healthcare* demonstrates that initiating an action on behalf of as-yet unnamed plaintiffs does not create a "Case" under Article III, where the lone plaintiff loses his personal stake in the lawsuit prior to the joinder of other parties. Although the Supreme Court's decision came in the context of a FLSA collective action, it is reasonable to conclude that the same Article III mootness considerations apply to Rule 23 class actions as well. Symczyk was the lone plaintiff, who received an offer of judgment in response to the complaint, who had neither filed any motion related to collective proceedings, nor put forth any effort or expense to press it to a final decision. Analogously, Keim is the only plaintiff, who received an offer of judgment in response to the complaint, who failed to file a motion for class certification until *127 days* after filing his complaint, and who failed to put forth

any effort or expense to obtain class certification prior to receiving the Rule 68 offer. Neither Symczyk nor Keim can rightly be considered a victim of strategic gamesmanship.

Most importantly, *Genesis Healthcare* suggests that a party is not entitled to press forward with a collective (or class) action when that party no longer possesses a personal stake sufficient to confer Article III standing. As explained in Section I.B.1, *supra*, both Keim and Symczyk were offered the maximum relief they could receive. Like Symczyk, the *only* way Keim's suit could continue under the present circumstances would be if the putative class members—who have not been named as parties to the suit—independently create a justiciable "Case" under Article III. *Genesis Healthcare* holds that this cannot be so. *See* Slip op. at 6 ("[T]he mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied.").

Therefore, if unnamed parties cannot confer subject-matter jurisdiction in a FLSA collective action, Article III dictates that this cannot happen in a Rule 23 class action either.[4] This is especially true in Keim's case, where Defendants tendered a Rule 68 offer *before* Keim filed a motion for class certification. For Keim to continue litigating this suit without any personal stake in the outcome, this Court would have to rule that the interests of the absent individuals in a class action become relevant *at the moment* the complaint is filed. Neither the Eleventh Circuit nor the Supreme Court has ever issued an opinion to this effect. In fact, Supreme Court case law interpreting Rule 23 uniformly holds that unnamed class-action claimants become "parties" only upon the district court's ruling on class certification. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379-80 (2011) (holding that a putative class member of an

---

[4] While *Genesis Healthcare* did not resolve the question whether a Rule 68 offer that fully satisfies the plaintiff's claims is sufficient to moot a class action, the Court did note that "Courts of Appeals on both sides of that issue have recognized that a plaintiff's claim may be satisfied *without the plaintiff's consent*." *See* Slip op. at 6 n.4 (emphasis added).

uncertified class is not party to the suit); *Sosna v. Iowa*, 419 U.S. 393, 399 (1975) (holding that class action is not rendered moot when the named plaintiff's individual claim is mooted *after* granting class certification); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 399-402 (extending *Sosna* to cases where district court erroneously *denied* class certification motion); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 334 (1980) (holding that Rule 68 offer of judgment did not moot class action where offer was for less than complete relief).  This Court has made no rulings on class certification.

"You cannot persist in suing after you've won."  *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (Posner, J.).  In accordance with this principle, *Genesis Healthcare* holds that the named plaintiff's lack of standing deprives the district court of subject-matter jurisdiction.[5]  No precedent exists for holding that Keim's suit remains justiciable where his personal stake has been extinguished.  The logic of *Genesis Healthcare* applies to Rule 23 class actions, and therefore the Court should dismiss Keim's entire suit for lack of subject-matter jurisdiction.

---

[5] Defendants note that the Supreme Court is about to consider a petition for certiorari from the Eleventh Circuit that explicitly raises the question of whether an unaccepted offer of full relief *always* moots an individual claim.  The Supreme Court left this question unanswered in *Genesis Healthcare*.  See *Covergent Outsourcing, Inc. v. Zinni*, No. 12-744 (U.S. petition filed Dec. 17, 2012).  According to the Supreme Court's docket, this petition is being distributed at the Justices' weekly conference on April 26, 2013.  See http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/12-744.htm.

## **CONCLUSION**

Under binding Eleventh Circuit precedent, no Article III "case or controversy" remains pending, and therefore Keim's case must be dismissed for lack of subject-matter jurisdiction. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1164 (11th Cir. 2012) (holding that a Rule 68 offer of judgment for complete relief can be used by defendants to "divest the district court of subject matter jurisdiction"); *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001) ("Under Article III, Petitioner must continue to have a personal stake in the outcome of the lawsuit.").

In sum, this Court may properly dismiss Keim's class action complaint without parsing the majority opinion in *Genesis Healthcare*. Even before the Supreme Court issued its ruling, firmly established principles governing Article III standing dictated that Keim's suit had been mooted by Defendants' Rule 68 offer of judgment. Yet it is clear that *Genesis Healthcare* bolsters Defendants' position that Keim's claim should be dismissed for lack of subject-matter jurisdiction. Since September 21, 2012, Plaintiff's personal stake in this lawsuit has ceased to exist. Under *Genesis Healthcare*, the hypothetical interests of putative, unnamed class members are insufficient to confer subject-matter jurisdiction upon this Court. Thus, Keim's entire case is moot and should be dismissed with prejudice.

DATED: April 26, 2013

Respectfully submitted,

**SEDGWICK LLP**

By: ___/s/ Moises X. Melendez___

Moises X. Melendez (FL Bar No. 908835)
Moises.Melendez@sedgwicklaw.com
Charles S. Davant (FL Bar No. 15178)
Charles.Davant@sedgwicklaw.com
**SEDGWICK LLP**
2400 East Commercial Blvd., Suite 110
Fort Lauderdale, Florida 33308
Telephone: (954) 958-2500

Facsimile: (954) 958-2513

David S. Almeida (*admitted pro hac vice*)
David.Almeida@sedgwicklaw.com
**SEDGWICK LLP**
One North Wacker Drive, Suite 4200
Chicago, Illinois 60606
Telephone: (312) 641-9050
Facsimile: (312) 641-9530

*Counsel for ADF MidAtlantic, LLC, ADF PA, LLC, ADF Pizza I, LLC, and American Huts Inc.*