**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

BRIAN KEIM,
*an individual, on behalf of himself
and all others similarly situated*,

    Plaintiff,

v.

ADF MIDATLANTIC, LLC,
*a foreign limited liability company*,
AMERICAN HUTS, INC.,
*a foreign corporation*,
ADF PIZZA I, LLC,
*a foreign limited liability company, and*
ADF PA, LLC,
*a foreign limited liability company*,
(known collectively as "ADF COMPANIES"),

    Defendants.

CASE NO. 9:12-cv-80577-KAM

JUDGE KENNETH A. MARRA

**PLAINTIFF'S RESPONSE TO SUPPLEMENTAL MEMORANDUM OF DEFENDANTS IN FURTHER SUPPORT OF MOTION TO DIMSISS PLAINTIFF'S CLASS ACTION COMPLAINT**

    COMES NOW, Plaintiff, BRIAN KEIM, by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure, Plaintiff files this Sur-Reply and Memorandum of Law in Opposition to Defendants' Combined Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(b)(1) for Lack of Federal Subject Matter Jurisdiction and FRCP 12(b)(6) for Failure to State a Claim for Which Relief Can Be Granted, with Incorporated Memorandum of Law [DE-18] and further states as follows:[1]

## INTRODUCTION

    In their never ending quest to dismiss the present class action lawsuit, Defendants have now taken the position that the Supreme Court's recent holding in *Genesis Healthcare Corp. v.*

---

[1] The instant Response is filed in accordance with the most recent Order of this Court. [DE-47]

*Symczyk*, 569 U.S. \_\_\_, No. 11-1059, 2013 WL 1567370 (U.S. Apr. 16, 2013) supports a dismissal of the instant action when it clearly does not. Defendants' position is baffling, particularly given the rather adverse language contained within said holding:

> **"While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us."** [2]

While Defendants have engaged in near herculean efforts to dismiss the present class action lawsuit, they have time and again failed to recognize that there already exists binding case law in this circuit which holds that one cannot "pick-off" the lead plaintiff in a class action lawsuit with a Rule 68 Offer of Judgment. Moreover, the offer at issue fails to state any sum certain and is therefore defective as a matter of law.

## ARGUMENT

I. **DEFENDANTS' RELIANCE UPON THE SUPREME COURT'S HOLDING IN *GENESIS HEALTHCARE* IS GROSSLY MISPLACED – IT HAS NO APPLICABILITY IN THE IN THE CONTEXT OF A CLASS ACTION LAWSUIT.**

The Supreme Court has stated the following: requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate

---

[2] Equally wrongheaded is Defendants mischaracterization of what took place in another lawsuit, *Keim v. SFX−LIC OPERATING LLC*, No. 13-cv-20407-DLG (S.D. Fla., Filed 02/03/2013). Defendants' description of the dismissal in the *Keim v. SFX* matter is misleading and merits little comment. At the time the order of dismissal was entered there, Keim had accepted a Rule 68 offer and the parties were in the process of finalizing an appropriate proposed final judgment order, but had yet to present it to the court. Thus, it was not that any opposition briefing or argument presented by Plaintiff was unpersuasive (as defendants seem to suggest), because there was none. Rather, the court simply adopted the defendants' positions as unopposed and dismissed the case. *See also, Lewis v. Black*, 74 F.R.D. 1, 3 (E.D. N.Y. 1975) (stating that inquiry into other lawsuits brought by the proposed class representative is irrelevant).

the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 339 (1980).

Only days ago, in a telephone conference between the parties, the Honorable Cathy Siebel, in *Fischer v. NCB Management Services*, Inc., No. 12-civ-9451 (E.D.N.Y., Filed 12/26/2012 ), admonished counsel for the defendant advancing the very argument proffered by Defendants herein:

> "I really think at the very least you need to go back and read *Genesis Healthcare v. Symczyk*, because it hardly I think said what you describe. First of all, it was a collective action under the FLSA, not a Rule 23 case. And there the parties agreed, sort of unusually, that the plaintiff's claims were moot, **unlike just about every other similar case**. I think Symczyk skirts the issue that we have here, and **I don't think there's anything binding in that case**." (emphasis added)

A transcript from the hearing in *Fischer* is attached hereto as "Exhibit A." As evidenced by the following discussion, J. Siebel's opinion on the matter is consistent with the position taken by other courts for well over thirty years – "I'm not a big fan of this practice of picking off the named plaintiff by a Rule 68 offer."

II.  **THERE ALREADY EXISTS BINDING CASE LAW IN THIS CIRCUIT WHICH HOLDS THAT YOU CANNOT PICK-OFF THE LEAD PLAINTIFF IN A CLASS ACTION LAWSUIT WITH AN OFFER OF JUDGMENT.**

It is well understood that the Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc). It is in this that Plaintiff maintains that the (former) Fifth Circuit

Court of Appeals opinion in *Roper v. Consurve, Inc.,* 578 F.2d 1106 (5th Cir. 1978) is binding case law in this (Eleventh) Circuit – the decision has never been overruled by the Eleventh Circuit. In *Roper*, the Court reasserted its position that "prior to certification a class action cannot be dismissed merely because the representatives are satisfied, unless there is notice to the putative class of the proposed dismissal and a determination by the court that the dismissal is proper, as required by Rule 23(e), F.R.C.P. *Pearson v. Ecological Science Corp.,* 5 Cir. 1975, 522 F.2d 171, 177, *cert. denied,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762, and cases cited therein." On that basis the Court pronounced, "[t]he notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift." *Id.* at 1110; *see also, Capote v. United Collection Bureau, Inc.*, No. 09–61834, 2010 U.S. Dist. LEXIS 36948 (S.D.Fla. Mar. 11, 2010) ("It is also well-recognized that a Rule 68 offer of judgment to a plaintiff does not moot a case brought as a class action pursuant to Rule 23 prior to a determination on class certification."). Defendants are precluded from arguing otherwise in light of this binding precedent.

Since *Roper* was first decided more than thirty-five years ago, nearly every court has followed its lead. *See generally, Zeigenfuse v. Apex Asset Management, LLC,* 239 F.R.D. 400, 402 (E.D.Pa. 2006) ("The validity of a Rule 68 offer should not be determined by who wins the race to the courthouse—the filer of the motion for class certification or the filer of a Rule 68 offer."); *Stewart v. Cheek & Zeehandelar, LLP,* 252 F.R.D. 384, 386 (S.D.Ohio 2008) ("[I]f the putative class representatives' claims could be mooted by a settlement offer tendered before the certification motion is filed—each side will endeavor to beat the other to the punch. Plaintiffs will be forced to swiftly file their certification motions, possibly before completing class-related discovery, in order to maintain their claims.... Defendants, on the other hand, will race to make

their settlement offers before plaintiffs file their certification."); *Schaake v. Risk Management Alternatives, Inc.,* 203 F.R.D. 108, 112 (S.D.N.Y.2001) ("Taken to its absurd logical conclusion, the policy urged by defendant would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such motion is complete—indeed before an Answer is filed—would result in sweeping changes to accepted norms of civil litigation in the Federal Courts."); *Hrivnak v. NCO Portfolio Management, Inc.,* No. 1:10–CV–646, 2010 WL 5392709, at *8 (N.D.Ohio Dec. 22, 2010) (a rule that does not depend on the precise timing of the class certification motion vis-à-vis the offer of judgment "discourages premature motion practice and allows the court to set reasonable time frames for the filing of motions for class certification without fear that it has provided a substantial litigation advantage to the defendant by having done so"); cf. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011) (sole circuit court opinion holding that holding that Rule 68 offer mooted class action lawsuit).

### III. DEFENDANTS' OFFER OF JUDGMENT CANNOT MOOT PLAINTIFF'S CLASS ACTION COMPLAINT AS IT FAILS TO STATE A SUM CERTAIN.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.,* 298 F.3d 1238, 1240 (11th Cir. 2002) (citation omitted). Thus, "Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment." *Id.* In the present matter, Defendants' Offer of Judgment does precisely the opposite. It does not quantify any amount of money that Defendants are offering to pay Plaintiff, only that they are willing to pay $1,500.00 dollars per text message.[3] [DE-40-1, pp. 4-5]. Hence,

---

[3] [Defendants] "hereby offer to allow judgment to be entered against them in this action in the amount of $1,500.00 (One-Thousand Five-Hundred U.S. Dollars) for each and every unsolicited text message (as that term is used, defined and otherwise understood in the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") allegedly received by Plaintiff Brian Keim ("Keim") as alleged in his Class Action Complaint."

Plaintiff has not been provided with a firm offer to pay anything and any dispute as to the number of spam text messages would necessitate further litigation, in direct contravention to Rule 68.

In a TCPA class action, Hon. James I. Cohn of the Southern District of Florida found that a similar Rule 68 Offer did not moot plaintiff's class action lawsuit finding that "[t]he Rule 68 Offer is based upon only four violations of the TCPA. Although the Complaint lists four text messages that Plaintiff claims to have received, the Complaint does not limit the relief sought merely to these messages. Instead, the Complaint states: [s]ome examples of the text messages sent by Defendant are referenced below. Neither party has presented the Court with competent evidence-such as Plaintiff's telephone records-which establishes that Plaintiff received four text messages. Thus, the Court will deny Defendant's Motion because the Court is unable to determine whether Defendant has offered Plaintiff the maximum monetary relief to which he is entitled." *Buslepp v. B&B Entertainment, LLC*, Slip Copy, 2012 WL 4761509 (S.D.Fla. 2012) (internal citations and quotations omitted); *see also, Basha v. Mitsubishi Motor Credit of America, Inc.,* 336 F.3d 451, 454–55 (5th Cir. 2003) (describing as vague offer of judgment in suit under Fair Debt Collection Practices Act, which offer of judgment agreed to pay statutory damages but left amount of additional actual damages to later agreement by attorneys as to reasonable compensation for plaintiff's claimed actual damages, and holding such offer of judgment was invalid under Rule 68 for failure to properly quantify damages); *Arkla Energy Resources,* 9 F.3d at 867 (10th Cir. 1993) (defendant cannot invoke Rule 68 with ambiguous offer of judgment).

This logic is applicable to the present matter wherein the offer(s) at issue do not provide Plaintiff with a valid enforceable judgment or determine the amount of damages to which

Plaintiff would be entitled. **Defendants' offers do not address an important term, namely the total amount of Plaintiff's damages**. In sum, an offer which does not provide for essential terms into an enforceable order cannot moot a plaintiff's claim, such an offer would be illusory at best. Here, Defendant's strategic failure to offer a sum certain effectively prevents the court from entering a judgment against Defendants, even if Plaintiff had accepted the offer. *See generally Hardy v. Saliva Diagnostic Systems, Inc.*, 52 F. Supp. 2d 333 (D. Conn. 1999); *Scottsdale Ins. Co. v. Tolliver*, 636 F. 3d 1273 (10th Cir. 2011); *Jones v. McDaniel*, 8-cv-0537 (D.Nev., July 29, 2010) (in support of the premise that a Rule 68 Offer of Judgment which does not offer a sum certain precludes court from ascertaining from the record whether the plaintiff has recovered an amount equal to or greater than the amount contemplated by the Rule 68 offer). That being the case, a Rule 68 Offer of Judgment which offers nothing more than relief equal to Defendant's subjective opinion of "complete relief" is defective on its face.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that Defendants' Combined Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(b)(1) for Lack of Federal Subject Matter Jurisdiction and FRCP 12(b)(6) for Failure to State a Claim for Which Relief Can Be Granted [DE-18] should be denied.

Respectfully submitted,

**SCOTT D. OWENS, ESQ.**
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 2nd day of May 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 2nd day of May 2013 via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SCOTT D. OWENS, ESQ.**
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651