UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80577-CIV-MARRA

BRIAN KEIM, an individual, on behalf of
himself and all others similarly situated,

      Plaintiff,
vs.

ADF MIDATLANTIC, LLC, a foreign limited
liability company, et al,

      Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant American Huts, Inc.'s Combined Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(B)(1) for Lack of Federal Subject Matter Jurisdiction and FRCP 12(B)(6) for Failure to State a Claim for Which Relief Can be Granted, with Incorporated Memorandum of Law (DE 18); Defendants ADF MidAtlantic, LLC, ADF Pizza I, LLC, and ADF PA, LLC's Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(B)(2) for Lack of Personal Jurisdiction, with Incorporated Memorandum of Law and Joinder in Motion to Dismiss filed by American Huts, Inc. (DE 21); and Plaintiff Brian Keim's Motion to Strike Offer of Judgment or, Alternatively, for Class Certification (DE 33). The Court has reviewed the briefs of the parties, the record, and the relevant supplemental authority, and is otherwise advised in the premises.

**I. Background**

On May 27, 2012, Plaintiff Brian Keim filed a class action complaint against Defendants ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, and ADF PA, LLC (collectively "Defendants") for statutory damages and injunctive relief under the Telephone Consumer Protection

Act, 47 U.S.C. § 227 *et seq.* (DE 1). Plaintiff alleges that Defendants sent unsolicited commercial text messages to potential customers using an automatic telephone dialing system and that the messages were sent without the potential customers' express consent. To that end, Plaintiff seeks an order certifying this case to proceed as a class action, statutory damages at $500.00 per text message for negligent violations of the Act, statutory damages of up to $1,500.00 per text message for each willful violation of the Act, an injunction requiring Defendants to cease all communications in violation of the Act, reasonable attorney's fees and costs, and such further relief as this Court may deem appropriate.[1] Plaintiff does not allege how many unwanted commercial text messages he received from Defendants.

On July 16, 2012—before Plaintiff moved for class certification—Defendants made him an informal settlement offer to pay $1,500.00 for each text message he received from Defendants during the claim period and any costs he would recover were he to prevail in the lawsuit. (DE 18, Attach. 1 at 4). Defendants requested that Plaintiff advise them "in writing as to the number of text messages which Plaintiff contends were sent to [him] by or on behalf of any of [Defendants] during the Claim Period, so that [Defendants] may arrange for payment." Defendants also agreed to the injunctive relief Plaintiff sought, and they extended an identical offer (with the exception of taxable costs) to any other person or entity (up to 10) represented by Plaintiff's counsel's firm as of the date of the offer who also received a text message advertisement sent by Defendants during the claim period and who did not consent to receive the messages.

The offer also stated that it was "intended to fully satisfy the individual claims of Plaintiff

---

[1] "The TCPA allows a party to sue to recover 'its actual monetary loss' or 'to receive $500 in damages' per violation. 47 U.S.C. § 227(b)(3)(B). A party may also sue to enjoin violations of the statute. 47 U.S.C. § 227(b)(3)(A), (C). If the plaintiff establishes that the violations were willing or knowing, the plaintiff is entitled to treble damages. 47 U.S.C. § 227(b)(3)." *Buslepp v. B&B Entertainment*, No. 12-60089-CIV, 2012 WL 4761509, at *2 (S.D. Fla. Oct. 5, 2012).

2

made in the Lawsuit or which could have been made in the Lawsuit, and to satisfy any similar claims of any other person to whom this offer is extended, and to the extent the offer extended does not do so, [Defendants] hereby offer to provide Plaintiff, or any other person to whom this offer was extended, with any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of Plaintiff in the Lawsuit or the similar claims of any other person to whom this offer is extended." Plaintiff rejected the offer on July 17, 2012.

On July 27, 2012, Defendants moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.[2] The basis for Defendants' Rule 12(b)(1) motion was that their July 16, 2012 settlement offer provided Plaintiff all the relief he could possibly receive, so he no longer had the requisite standing under Article III to maintain this claim because the claim was moot.

Without formally responding to Defendants' motion, Plaintiff filed a notice of supplemental authority on August 30, 2012. (DE 31). Plaintiff's authority, the recently decided Eleventh Circuit Court of Appeals decision of *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162 (11th Cir. 2012), addressed the issue of whether a settlement offer for the full amount of statutory damages requested under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, moots a claim. In *Zinni*, the court held that the defendants' failure to offer judgment prevented the mooting of the claims at issue because a settlement offer that does not include an offer of the entry of a judgment does not provide a plaintiff full relief. 692 F.3d at 1167–68.[3]

---

[2] Defendant American Huts, Inc. filed the motion; Defendants ADF Midatlantic, LLC, ADF Pizza I, LLC, and ADF PA, LLC adopted American Huts' arguments for dismissal based on lack of subject matter jurisdiction. (DE 18 at 1 n.1; DE 21 at 1 n.1).

[3] The appellate court did not address whether an offer for full relief, even if rejected, would be enough to moot a plaintiff's claims, *see id.* at 1167 n.8; *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528–29 (2013) ("While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us.")

3

Ostensibly in response to the *Zinni* opinion, Defendants made Plaintiff an offer of judgment under Federal Rule of Civil Procedure 68 on September 21, 2012.[4] (DE 33, Attach. 2). The offer was substantially similar to the initial informal settlement offer except that the offer of judgment offered "to allow judgment to be entered against [Defendants] in this action in the amount of $1,500.00 (One-Thousand Five-Hundred U.S. Dollars) for each and every unsolicited commercial text message (as that term is used, defined and otherwise understood in the [TCPA]) allegedly received by Plaintiff Brian Keim as alleged in his Class Action Complaint."[5] Plaintiff rejected the offer on

---

(footnote omitted); *Id.* at 1529 n.4, or whether the plaintiffs' claims were not moot because the offers did not provide for a sum certain of attorney's fees and costs, *see id.* at 1168 n.10. As to the former issue, however, district courts within the Eleventh Circuit have held that offers for full relief moot similar claims even if rejected. *See, e.g., Benggio v. Prof'l Recovery Servs., Inc.*, No. 12-60168-CIV, 2012 WL 2930931, at *2 (S.D. Fla. July 18, 2012) ("When a plaintiff is tendered an offer of judgment for the maximum allowable relief, it moots a [Fair Debt Collection Practices Act] claim, even when that offer is not accepted.") (citations omitted); *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (holding that an offer of full relief rendered an FLSA claim moot even though the plaintiff did not accept the offer).

[4] Federal Rule of Civil Procedure 68 provides:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

(c) Offer After Liability is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time—but at least 14 days—before the date set for a hearing to determine the extent of liability.

(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

[5] Unlike the Rule 68 offer, the initial settlement offer acknowledged that Plaintiff's complaint was unclear as to how many text messages Plaintiff allegedly received and solicited a writing from Plaintiff indicating the number of messages sent so that Defendants could arrange for payment. The Court does not find the removal of this language in the offer of judgment significant for two reasons: first, ambiguities in an offer of judgment are interpreted in favor of Plaintiff, *see Bosley v. Mineral Cnty. Comm'n*, 650 F.3d 408, 414 (4th Cir. 2011) ("Because the Rule 68 offeree does not have the luxury of refusing the offer to assure that she has not bound herself to any terms that may later become unfavorable, she may construe the offer's terms strictly, and ambiguities in the offer are to be resolved against the offeror."); and second, Defendants have indicated (and the Court agrees) that "[t]he only reason Defendants did not specify a 'sum certain' in their [Rule 68 offer] is because Plaintiff's Complaint fails to specify the number of text

4

September 24, 2012. (DE 34 at 7). At this point, Plaintiff had still neither moved for class certification nor responded to Defendants' motion to dismiss.

On October 2, 2012, Plaintiff moved to strike Defendants' offer of judgment or, alternatively, for class certification. (DE 33). According to Plaintiff, the offer of judgment should be stricken because, among other things, (1) it would be inequitable to allow Defendants to "pick-off" Plaintiff, the putative class representative, simply because he had not yet moved for class certification; and (2) Plaintiff cannot accept the offer because he has responsibilities to the putative class. In response, Defendants argued that Plaintiff has no responsibilities to the putative class before the class is certified (particularly where a motion for certification has not yet been filed), and the offer of judgment was a good-faith attempt to provide Plaintiff the full relief he sought—not an improper "pick-off."[6]

Because Plaintiff had still failed to respond to Defendants' initial motion to dismiss for lack of subject matter jurisdiction, the Court ordered a response on December 3, 2012. (DE 38). Inexplicably, Plaintiff's response did not address the legal significance of Defendants' Rule 68 offer of judgment and instead focused exclusively on the fact that Defendants' motion to dismiss—which was filed before the Eleventh Circuit's opinion in *Zinni*—was premised on the informal settlement offer mooting Plaintiff's claim. (DE 39). In other words, Plaintiff argued that the Court should deny Defendants' motion to dismiss because *Zinni* held that Defendants had to include an offer of

---

messages he allegedly received." (DE 44 at 5); *see also* (DE 50 at 5) ("There would be no additional litigation necessary. [Plaintiff] would merely produce his phone records for the relevant months and identify any text messages received from [Defendants].").

[6] Regarding Plaintiff's motion to strike the offer of judgment, the Court notes that the document itself has only been filed with the Court as an attachment to *Plaintiff's* motion to strike, so as a matter of procedure there is nothing in the record for the Court to strike other than Plaintiff's own attachment. In any event, the Court denies Plaintiff's motion because Plaintiff "has failed to provide any pertinent authority or any cogent argument in support of his motion to strike the offer of judgment." *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). In fact, all of Plaintiff's arguments for striking the offer go to the merits of Defendants' arguments for mooting Plaintiff's claim. The Court's analysis on that issue is set forth below.

judgment to provide full relief *even though Defendants had already included an offer of judgment at the time of Plaintiff's response.*[7] When Defendants' reply addressed the legal significance of the Rule 68 offer (and Plaintiff's failure to address it) (DE 40), Plaintiff (again, inexplicably) moved to strike Defendants' reply as (1) not strictly limited to rebuttal of matters raised in Plaintiff's response; (2) rearguing matters covered in Defendants' initial motion to dismiss; and (3) failing to comply with the Court's order regarding the scope of Plaintiff's response. (DE 41). The Court denied Plaintiff's motion to strike the reply and ordered Plaintiff to file a surreply addressing "whether Defendants' September 21, 2012 offer of judgment strips this Court of subject matter jurisdiction under [*Zinni*]." (DE 42).

In his surreply, Plaintiff argued that Defendants' Rule 68 offer of judgment does not provide Plaintiff the full relief requested because, as set forth in the complaint, Plaintiff seeks an order certifying this case to proceed as a class action. Plaintiff further argues that the offer is vague because it does not specify a sum certain for damages, that the practice of "picking off" lead plaintiffs of putative class actions should be quashed, and that Defendants' offer of judgment cannot moot Plaintiff's claim because Plaintiff moved for class certification within 14 days (which Plaintiff suggests is in accordance with Rule 68). Defendants' position is that the offer need not provide for class certification to constitute full relief, the offer is not vague simply because it does not specify a sum certain (particularly when Plaintiff does not allege how many violations Defendants committed), Defendants' offer was not a "pick-off" attempt but an attempt to avoid unnecessary and protracted litigation, and Plaintiff's claim became moot the instant Defendants made the Rule 68 offer (thereby negating the legal significance of any subsequent action on the part of Plaintiff). For

---

[7] To the extent Plaintiff later argues that he was simply responding to the substance of Defendants' motion to dismiss as originally filed, the Court is unpersuaded. It was plain to all parties and the Court that the issue stalling this case's progress was whether the Rule 68 offer of judgment mooted Plaintiff's claim.

the reasons that follow, the Court agrees with Defendants. Plaintiff's claim shall accordingly be dismissed as moot.

## II. Legal Standard[8]

The significance of Article III's justiciability requirements is well-established:

> Article III, § 2, of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies. In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "personal stake," in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.
>
> A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). "Therefore, once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under [Federal Rule of Civil Procedure] 12(b)(1), because he has no remaining stake." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011); *see also Brown v. Kopolow*, No. 10-80593-CIV, 2011 WL 283253, at *2 (S.D. Fla. Jan. 25, 2011) ("An offer that satisfies Plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction.").

There are two ways to contest subject matter jurisdiction under Rule 12(b)(1)—facially or factually:

---

[8] Because the Court concludes that Plaintiff's claim is moot, the Court need not address Defendants' arguments for dismissal for failure to state a claim and lack of personal jurisdiction.

> A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint, and the plaintiff's allegations are taken as true for the purposes of the motion. A factual attack, by contrast, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered. No presumption of truth attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim.

*Benggio v. Prof'l Recovery Servs., Inc.*, No. 12-60168-CIV, 2012 WL 2930931, at *1 (S.D. Fla. July 18, 2012). Here, Defendants' challenge "relates to events arising outside the Complaint—specifically, an offer of settlement. Therefore, this is a factual challenge to jurisdiction." *Id.*

### III. Discussion

"To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Damasco*, 662 F.3d at 896. Here, Plaintiff no longer maintained a personal stake in this litigation when Defendants made their Rule 68 offer of judgment, and at that point the case was neither certified as a class action nor was there a motion for class certification pending. This posture compels the Court to conclude that allowing this case to continue in federal court "defies the limits on federal jurisdiction expressed in Article III." The Court's analysis begins with a review of the Supreme Court's recent opinion in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013).

*Genesis* addressed the issue of whether, in the context of a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a case is justiciable when the lone plaintiff's individual claim becomes moot.[9] In *Genesis*, the plaintiff filed a collective action alleging that the defendants

---

[9] The Court ordered supplemental briefing on the effect of the *Genesis* decision in this case. (DE 47).

8

violated the FLSA by not paying employees for work performed during meal breaks. The defendants answered the complaint and simultaneously served the plaintiff with a Rule 68 offer of judgment. After the plaintiff failed to respond to the offer, the defendants moved to dismiss for lack of subject matter jurisdiction arguing that the plaintiff's claim was moot because she had been offered full relief on her individual claim. The plaintiff's response, echoing Plaintiff's position here, was that the defendant's offer was an inappropriate attempt to "pick off" the named plaintiff.

The district court concluded that the offer fully satisfied the plaintiff's claim and dismissed the claim for lack of subject matter jurisdiction. On appeal, the Third Circuit reversed based on its belief that allowing named plaintiffs to be "picked off" "with strategic Rule 68 offers before certification could short circuit the process, and, thereby, frustrate the goals of collective actions." *Id.* at 1527.

In reversing the Third Circuit, the Supreme Court's analysis bifurcated the mootness inquiry, first asking whether the Rule 68 offer mooted the plaintiff's individual claim, then asking whether the plaintiff's action nevertheless remained justiciable based on the collective-action allegations in her complaint. As to the former question (to which an answer would directly resolve the issue before this Court), the Supreme Court assumed without deciding that the defendants' Rule 68 offer mooted the plaintiff's individual claim. *Id.* at 1529. As to the latter question, the court concluded that "[i]n the absence of any claimant's opting in, [the plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action. . . . [T]he mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.*

In support of this conclusion, the court reasoned that the putative class had not acquired the independent legal status that accompanies class certification because the plaintiff "had not yet moved

9

for 'conditional certification' . . . nor had the District Court anticipatorily ruled on any such request. Her claim instead became moot prior to these events . . . ." *Id.* at 1530.[10] The court also concluded that the plaintiff's claim was not "inherently transitory" justifying application of the relation-back doctrine,[11] and that the previous Supreme Court decision on which the plaintiff relied to argue against the practice of "picking off" was unpersuasive because it "turned on a specific factual finding that the plaintiffs[] possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment." *Id.* at 1530–32.

While *Genesis* left open the central issue in this case—whether Defendants' Rule 68 offer mooted Plaintiff's individual claim—that issue has been addressed by other courts. In *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), for example, the Seventh Circuit Court of Appeals was faced with a factual scenario nearly identical to this case: a plaintiff filed a putative class action lawsuit in state court alleging that the defendant violated the TCPA by sending unsolicited text messages, but the defendant made an informal settlement offer before the plaintiff moved for class

---

[10] That *Genesis* dealt with an FLSA collective action and its corollary "conditional" class certification, *see Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217–19 (11th Cir. 2001), does not support an attempt to distinguish it materially from the facts of this case, which deals with traditional Rule 23 class certification in a TCPA case: both cases present a situation where a lone plaintiff was offered full relief before a class acquired independent legal status. In fact, any distinction between an FLSA conditional certification and a Rule 23 traditional certification, *see LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975), arguably cuts in favor of Defendants because preventing a "Rule 23" claim from being mooted is comparatively easy. As the court stated in *Genesis*, "Under the FLSA . . . 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action." *Genesis*, 133 S. Ct. at 1530. Here, on the other hand, had Plaintiff simply moved for class certification before Defendants made their Rule 68 offer of judgment, there would appear to be no question that any subsequent offer would *not* moot Plaintiff's claim. *See Damasco*, 662 F.3d at 895 ("[A] defendant cannot moot a case by an offer *after* a plaintiff moves to certify a class [because] otherwise the defendant could delay the action indefinitely by paying off each class representative in succession.") (citations and quotations omitted) (emphasis in original).

[11] "The 'inherently transitory' rationale was developed to address circumstances in which the challenged conduct was effectively unreviewable because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course," e.g., a case challenging the constitutionality of pretrial detentions. *Id.* at 1531. The doctrine suggests that in these situations, class certification that occurs after a lead plaintiff's individual claim is mooted might "relate back" to the filing of the complaint thus protecting the class-action claim from the same fate. As the Supreme Court noted, however, the doctrine "has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." *Id.*

10

certification.[12] The plaintiff never responded to the offer, and the defendant moved to dismiss the case for lack of subject matter jurisdiction as moot.

The plaintiff opposed the motion because, according him, (1) defendants should not be allowed to "pick off" named plaintiffs through involuntary settlements, (2) his claim was "inherently transitory," *see supra* note 11, and (3) the defendant should not be permitted to instantly moot the claim through an informal settlement offer when an offer under Rule 68 would give the plaintiff time to respond. In holding that the case was moot because the plaintiff had not moved for class certification by the time the defendant made its settlement offer, the Seventh Circuit rejected the first two arguments because any lead plaintiff in a putative class can move to certify the class when filing suit—thereby preserving the claim's justiciability even in the face of an offer for full relief to the individual lead plaintiff. *See Damasco*, 662 F.3d at 896–97. The third argument was rejected because the defendant made its offer while the suit was in state court, and the relevant state procedure had no analog to Rule 68. *Id.* at 897.

In *Krzykwa v. Phusion Projects, LLC*, __ F. Supp. 2d __, No. 11-62230-CIV, 2012 WL 6965716 (S.D. Fla. Mar. 22, 2012), another court in this district was faced with a motion to dismiss the plaintiffs' class action complaint on the ground that the defendants' settlement offer, which was made before the plaintiffs moved to certify the class, rendered the plaintiffs' claim moot. After analyzing the facts and rationale of *Damasco*, the court in *Krzykwa* adopted the Seventh Circuit's reasoning and held that the defendants' settlement offer, made before the plaintiffs moved for class certification, mooted the plaintiff's claim. *See id.* at *5. The court rejected the plaintiff's assertion that such a holding would waste judicial resources as "neither relevant nor credible" for two reasons:

---

[12] The defendant removed the case to federal court after making the settlement offer but before the plaintiff moved for class certification.

11

first, "considerations of judicial resources should not permit courts to circumvent or ignore the limitations Article III places on the federal judiciary"; and second, the facts of the case demonstrated that the plaintiffs wasted significant judicial resources litigating their claims because over the course of at least five months the plaintiffs filed multiple amended complaints, and it was "inconceivable" to the court that the plaintiffs would not have been prepared to at least move for class certification at the time one of the complaints was filed. *See id.* As the court further noted, even if the plaintiffs needed more time to conduct limited discovery about the class, the court could have stayed its ruling on the motion.

This Court adopts the rationale of *Damasco* and *Krzykwa*.[13] Allowing defendants to putative class actions to strategically "pick off" lead plaintiffs falls within the bounds of Article III because, as the Seventh Circuit noted in *Damasco*,

> [a] simple solution to the buy-off problem . . . is available, and it does not require us to forge a new rule that runs afoul of Article III: Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs.

*Damasco*, 662 F.3d at 896. The argument that "this solution would provoke plaintiffs to move for certification prematurely, before they have fully developed or discovered the facts necessary to obtain certification," *see id.*, is unpersuasive: "If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.* Consistent with the Seventh Circuit's conclusion, moreover, the Court finds that "this procedure comports with Federal Rule of Civil Procedure

---

[13] At least four circuits disagree with this approach "citing the flexible nature of the mootness doctrine and concerns about buy-offs." *Damasco*, 662 F.3d at 895–96 (listing the circuits); *see also Krzykwa*, 2012 WL 6965716, at *3 ("In the case of a class action . . . the circuits are split on whether a defendant can moot a case by making an offer to satisfy the plaintiff's entire demand. As of today, the Eleventh Circuit has not addressed the issue of whether a defendant can render a plaintiff's class action complaint moot by making a settlement offer to the named plaintiff before the named plaintiff moves to certify the class.") (citations omitted).

23(c)(1)(A), which permits district courts to wait until 'an early practicable time' before ruling on a motion to certify a class." *Id.* And Plaintiff was unquestionably aware of this procedure because in his motion for class certification he requested that "the Court's ruling on the issue of class certification be stayed until discovery reveals information and documents relevant to class certification," further stating that "those documents can be incorporated into a supplemental brief." (DE 33 ¶ 5).[14]

Moreover, the Court rejects Plaintiff's arguments that he has any responsibilities to the putative class and that Defendants' Rule 68 offer did not provide full relief. As both the Supreme Court and the Seventh Circuit have held, filing a "class action" complaint does not prevent a claim from being rendered moot where the sole plaintiff is offered full relief before he moves for class certification. *See Genesis*, 133 S. Ct. at 1529 ("[T]he mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied."); *Damasco*, 662 F.3d at 896 ("That the complaint identifies the suit as a class action is not enough by itself to keep the case in federal court. Even when a complaint clearly and in great detail describes the suit as a class action suit, if the plaintiff does not seek class certification, then dismissal of the plaintiff's claim terminates the suit."). Notwithstanding Plaintiff's request in his complaint for an order certifying the class, Plaintiff did not *move* for class certification, so the putative class never acquired an independent legal status that would give rise to responsibilities on Plaintiff's part. And based on the remaining requests in Plaintiff's complaint, Defendants' Rule 68 offer provided full relief.

---

[14] The Court notes that Defendants' motion to dismiss—which was filed on July 27, 2012 (before both the *Zinni* opinion and Plaintiff's motion for class certification)—relied on *Damasco*. Included in Defendants' discussion of *Damasco* was the Seventh Circuit's instruction that "plaintiffs could avoid these mootness issues simply by moving to certify the class at the same time they file their complaint." (DE 18 at 13). Thus, Plaintiff ostensibly was on notice of the procedure that would have precluded Defendants from mooting his claim—i.e., filing a motion for class certification and, if necessary, requesting a stay on the ruling—before Defendants mooted his claim with the offer of judgment.

As set forth above, Plaintiff seeks statutory damages at $500.00 per text message for negligent violations of the Act, statutory damages of up to $1,500.00 per text message for each willful violation of the Act, an injunction requiring Defendants to cease all communications in violation of the Act, reasonable attorney's fees and costs, and such further relief as this Court may deem appropriate. The Rule 68 offer provides that Defendants offer to allow judgment to be entered against them for $1,500.00 "for each and every unsolicited commercial text message . . . allegedly received by Plaintiff . . . as alleged in his Class Action Complaint." Defendants further agree to pay Plaintiff's costs (including reasonable attorney's fees), to the entry of a stipulated injunction, and to extend an identical offer (with the exception of taxable costs) to certain other persons. Finally, Defendants' offer expresses the following:

> The offer extended herein is intended to fully satisfy the individual claims of [Plaintiff] made in this action or which could have been made in this action, and to satisfy any similar claims of any other person to whom this offer is extended, and to the extent the offer extended does not do so, [Defendants] hereby offer to provide [Plaintiff] or any other eligible person or entity to whom this offer was extended, with any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of [Plaintiff] in the action or similar claims of any other person or entity to whom this offer is extended.

In other words, Defendants want to settle this suit even if it means providing additional relief determined by the Court to be necessary to fully satisfy all of Plaintiff's individual claims.

While Plaintiff argues that this offer is vague because any dispute as to the number of text messages would require further litigation, Defendants point out that (1) "all that would be required to determine the number of text messages at issue is a review of [Plaintiff's] cell phone records," and (2) "[t]he only reason Defendants did not specify a 'sum certain' in their [Rule 68 offer] is because Plaintiff's Complaint fails to specify the number of text messages he allegedly received." (DE 44 at 5); *see also* (DE 50 at 5) ("There would be no additional litigation necessary. [Plaintiff] would merely produce his phone records for the relevant months and identify any text messages received

from [Defendants]."). Initially, the Court notes that the trial court in *Damasco* rejected Plaintiff's precise argument: there, the court rejected the argument that the defendant's offer was vague because the phrase "each and every message," meaning all messages received by the plaintiff, was not an indefinite term even though no particular number of messages [was] listed. *See Damasco v. Clearwire Corp.*, No. 10 CV 3063, 2010 WL 3522950, at *3 (N.D. Ill. Sept. 2, 2010) (, *aff'd*, 662 F.3d 891.

To be sure, "[a]pplying general contract principles to decide whether there has been a valid offer of judgment for purposes of Rule 68, the Eleventh Circuit has held that the offeror has the burden of ensuring clarity and precision in the offer and any ambiguity in the terms of the offer shall be strictly construed against the offeror." *Moore v. Hecker*, 250 F.R.D. 682, 684 (S.D. Fla. 2008). And the Eleventh Circuit has further held that "[t]o make an informed choice, the offeree must have a clear understanding of the terms of the offer." *Id.* But based on the terms of Defendants' offer here, the Court concludes that Defendants have met their burden of ensuring clarity and precision in their offer (at least to the extent clarity and precision are possible based on the allegations of Plaintiff's complaint). This is not a situation where an ambiguous offer is being used to invoke the benefits of Rule 68. Plaintiff has a clear understanding that he is entitled to $1,500.00 for each and every text message he received from Defendants during the claim period. Defendants will not be precluded from invoking the benefits of Rule 68 because Plaintiff has not provided the variable that would allow Defendants to determine how many times $1,500.00 should be paid. In other words, the Court rejects the notion that a defendant who is willing to offer whatever it takes to settle a case is precluded from avoiding costly litigation simply because the plaintiff's complaint does not specifically allege how many violations the defendant committed. To conclude that the defendant in this situation *was* precluded from mooting the plaintiff's claim would mean that lead plaintiffs in

putative class actions would have an incentive to plead without specificity, even in situations where they have all the relevant information at the time the complaint is filed. That result would run contrary to the spirit of at least Federal Rules of Civil Procedure 8, 11, and 68. And Article III compels the opposite conclusion.

Finally, the Court concludes that Defendants' offer of judgment moots Plaintiff's claim notwithstanding Plaintiff's subsequent motion for class certification. While *Damasco* involved an informal settlement offer as opposed to a Rule 68 offer of judgment—and the Seventh Circuit declined to address whether plaintiffs may avoid mootness by seeking class certification within Rule 68's time-frame for accepting or rejecting an offer, s*ee Damasco*, 662 F.3d at 896–97—*Zinni* implicitly held that a settlement offer accompanied by an offer of judgment may provide a plaintiff full relief. *See Zinni*, 692 F.3d at 1167–68. Because the Court concludes that Defendants' offer of judgment provided Plaintiff full relief in this case, Plaintiff's federal case was over as soon as the offer was made. *See Damasco*, 662 F.3d at 895–96; *cf. Zinni*, 692 F.3d at 1167 n.8 (expressly leaving open the question of whether a rejected offer of full relief can moot a claim).[15] Plaintiff has provided no authority for the proposition that he maintains a stake in this litigation post-offer merely because a rule of procedure sets a time-frame for response, and this Court sees no reason to conclude that the principles embodied in Article III's justiciability requirements may be held in abeyance for 14 days while a plaintiff (or plaintiff's counsel) decides whether to move for class certification.

## IV. Conclusion

Defendants' Rule 68 offer of judgment provides Plaintiff full relief in this case. Because Plaintiff had not moved for class certification at the time that offer was made, this case is

---

[15] The Supreme Court denied the petitioner/defendant's petition for a writ of certiorari in *Zinni* on May 13, 2013. *See* Supreme Court of the United States, *http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/12-744.htm*.

consequently moot. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant American Huts, Inc.'s Combined Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(B)(1) for Lack of Federal Subject Matter Jurisdiction and FRCP 12(B)(6) for Failure to State a Claim for Which Relief Can be Granted, with Incorporated Memorandum of Law (DE 18) is **GRANTED.** Plaintiff's claim is **DISMISSED WITH PREJUDICE AS MOOT.** Defendants ADF MidAtlantic, LLC, ADF Pizza I, LLC, and ADF PA, LLC's Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(B)(2) for Lack of Personal Jurisdiction, with Incorporated Memorandum of Law and Joinder in Motion to Dismiss filed by American Huts, Inc. (DE 21) is **DENIED AS MOOT.** Plaintiff Brian Keim's Motion to Strike Offer of Judgment or, Alternatively, for Class Certification (DE 33) is **DENIED.**

While Plaintiff's claim is moot, the Court retains continuing jurisdiction in this case to effectuate entry of a judgment consistent with the terms of Defendants' Rule 68 offer. *See generally Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003). The Court's jurisdiction extends to the gathering of information necessary to effectuate entry of this judgment. A hearing will be scheduled to assess the parties' positions moving forward.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge