UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80577-CIV-MARRA

BRIAN KEIM, an individual, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

ADF MIDATLANTIC, LLC, a foreign
limited liability company, et al.,

    Defendants,
_____/

**ORDER**

This matter is before the Court on Defendants' Motion to Stay Pending *Spokeo* (DE 116). The motion is ripe for review. For the following reasons, the Court denies the motion.

**I. Background**

On May 27, 2012, Plaintiff commenced this action against Defendants for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2012). On behalf of himself and a putative class, Plaintiff seeks solely statutory damages for the receipt of unwanted text messages containing Pizza Hut advertisements. Nevertheless, in his operative complaint, Plaintiff alleges that Defendants have caused "actual harm" to recipients of their text messages "because consumers frequently have to pay their cell phone service providers for the receipt of such spam and the recipients of such spam incur actual damages, such as diminished cellular battery life, loss of data storage capacity, invasion of privacy, and intrusion upon seclusion." (DE 97 ¶ 3.) This "actual harm" also includes "the aggravation that necessarily accompanies mobile spam." (*Id.*) Plaintiff alleges that

he brings this suit "[i]n order to redress these injuries." (*Id.* ¶ 4.) Plaintiff asserts that his claim is based on the "same facts" as the putative class members. (*Id.* ¶ 55.)

On November 3, 2015, the Supreme Court heard oral argument in *Spokeo Inc. v. Robins*. The question presented in *Spokeo* is: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Petition for a Writ of Certiorari at i, *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (No. 13-1339) [hereinafter *Spokeo* Petition]. Defendants argue that this case should be stayed pending the Supreme Court's decision in *Spokeo*.

## II. Legal Standard

"The inherent authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citing, *inter alia*, *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "A variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam).

While a district court has the "power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger," its discretion to exercise that power is not unbridled. *Landis*, 299 U.S. at 254–55. A court "must weigh competing interests and maintain an even balance," "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else," and a stay should not be for an "indefinite duration in the absence of a

pressing need." *Id.* A district court should also consider the public interest in deciding whether to grant a stay. *Id.* at 256. The test for whether a stay should be granted pending the outcome of another case is not "mechanical," but rather it is capable of "adaptation to varying conditions." *Id.* at 255–56.

### III. Discussion

The Court declines to stay this case pending the decision in *Spokeo* because its outcome is unlikely to have an effect on this case at this stage of the proceedings.

Though *Spokeo* is a Fair Credit Reporting Act case rather than a TCPA case, courts have noted that the reach of the *Spokeo* decision may affect cases based on many statutory violations, including TCPA violations. *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *5 (S.D. Fla. July 6, 2015) ("[T]he ruling in *Spokeo* may apply to the Court's subject matter jurisdiction over statutory violations generally, including violations of the TCPA."); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669, at *4 (W.D. Pa. Oct. 13, 2015). In fact, in its certiorari petition, the petitioner in *Spokeo* listed many federal statutes that might be impacted by the Supreme Court's decision, including the TCPA. *Spokeo* Petition at 16. Nevertheless, some courts have declined to stay cases pending the outcome in *Spokeo*. *See Ricardi v. Ed Ideas, Inc.*, No. 15-cv-80488, slip. op. at 9 (S.D. Fla. Dec. 3, 2015) (DE 41) (declining to issue stay in TCPA case); *Speer v. Whole Food Mkt. Grp., Inc.*, No. 8:14-CV-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (declining to issue stay in FCRA case).

Although *Spokeo* may affect some TCPA cases, it is unlikely that the decision will impact *this* case while it is still in the pleading stage. The issue in *Spokeo* is not whether a plaintiff ever has standing in a suit for statutory damages. Broadly, the issue is whether a plaintiff has standing in a suit based on a statutory violation where the plaintiff fails to allege a corresponding injury in fact,

i.e., actual harm. *See Spokeo* Petition at 11–12 (framing the issue as whether "Congress can create constitutional standing *in the absence of actual injury*" and noting circuits that "equate statutory injury-in-law with Article III injury-in-fact" (emphasis added)). There is no dispute in *Spokeo* regarding Congress's ability to elevate concrete, but not legally cognizable, injuries to the status of legally cognizable. *Id.* at 21.

If *Spokeo* ultimately applies to TCPA cases, it will not apply to this TCPA case as pled because Plaintiff has sufficiently alleged actual harm caused by the alleged TCPA violations. (DE 97 ¶¶ 3–4.)[1] At least at the pleading stage, these allegations of actual harm free this case from *Spokeo*'s potential grasp. *See Doe v. Selection.com*, No. 15-CV-02338-WHO, 2015 WL 5853700, at *1, 4 (N.D. Cal. Oct. 8, 2015) (denying motion to stay FCRA case where plaintiff sufficiently alleged actual harm to support standing "no matter what the Court decides in *Spokeo*"); *Cf. Flores v. Collection Consultants of Cal.*, No. 8:14-cv-00771-DOC-RNB, slip op. at 3 (C.D. Cal. July 27, 2015) (DE 45) (issuing stay and rejecting plaintiff's argument that it suffered actual harm because plaintiff failed to plead such harm in his complaint).

To the extent *Spokeo* will affect this case, it will only do so when Plaintiff's allegations of harm are put to the test on summary judgment. Therefore, regardless of how *Spokeo* is decided, this case must at least proceed to summary judgment and there is no reason to stay this case while it is still in the pleading and discovery stages. *See Doe*, 2015 WL 5853700, at *4–5 (explaining that stay was warranted in another case before the same court that was already fully developed, but not

---

[1] While Defendants argue that these allegations are "boilerplate," "generic" and made in multiple complaints filed by Plaintiff's counsel, the Court has no reason to believe that Plaintiff's counsel shirked his Rule 11 obligations. Defendants' conclusory argument that these allegations lack factual support misses the point that the complaint does allege harm and discovery is needed to test the factual basis of these allegations.

warranted in the case at issue because discovery was just beginning).  Therefore, a stay is presently unnecessary and Defendants have failed to show a likelihood of harm if this case is not stayed at this time. The Court also notes that this case is over three years old, yet still in the pleading stage. Further delay of discovery at this point is unwarranted.[2]

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Stay Pending *Spokeo* (DE 116) is **DENIED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of December, 2015.

_____
KENNETH A. MARRA
United States District Judge

---

[2] Furthermore, Defendants concede that if Plaintiff does fail to meet federal standing requirements, he will not be precluded from bringing this action in state court. (DE 116 at 5.) Therefore, even if *Spokeo* somehow deprives Plaintiff of standing at the pleading stage, the discovery in which the parties engage will be useful.