**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| BRIAN KEIM, an individual, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>ADF MIDATLANTIC, LLC, a foreign limited liability company, AMERICAN HUTS, INC., a foreign corporation, ADF PIZZA I, LLC, a foreign limited liability company, ADF PA, LLC, a foreign limited liability company, (known collectively as "ADF COMPANIES"), and PIZZA HUT, INC., a foreign corporation, )<br><br>Defendants. ) | CASE NO. 9:12-cv-80577-KAM<br><br>Honorable Judge Kenneth A. Marra |

**MOTION FOR PROTECTIVE ORDER**

Plaintiff respectfully requests that this Court enter an order of protection under Civ.R. 26 to quash Defendants American Huts, Inc. and Pizza Hut, Inc.'s subpoena, and a directive to serve an amended subpoena that is limited to documents relevant to the claims and defenses in this case. The subject subpoena is attached hereto as *Exhibit 1 – Subpoena to AT&T Wireless Subpoena Compliance Officer.*

Defendants' subpoena is overbroad and seeks irrelevant information that would invade Plaintiff's right to privacy and personal interest in the subject matter of the requested documents.

**I.      BACKGROUND**

Plaintiff brought this action after Defendants sent text messages to his cellular telephone, as well as the cell phones of thousands of others putative class members, in violation of the Telephone Consumer Protection Act.

American Huts, Inc. and Pizza Hut, Inc. have served the attached subpoena that seeks **all** of Mr. Keim's telephone call records, including details for calls that have nothing to do with American Huts, Inc., Pizza Hut, Inc., or any defendant in this case.

Plaintiff has agreed to allow production of certain documents that include information that he maintains are irrelevant, such as information regarding the names of all persons listed on the AT&T account, what his text allowance plan is or what his cell phone usage was for the time period defendant that texted. However, information pertaining to calls Plaintiff made or received, other than the text messages relating to the defendants, has absolutely no bearing on any claim or defense in this case. In addition to being irrelevant, the requested phone records are private, and their production would violate Plaintiff's privacy rights. Plaintiff has requested that American Huts, Inc. and Pizza Hut, Inc. modify their request to include only the account information and the text messages relating to American Huts, Inc. and Pizza Hut, Inc., but they have refused. *See Exhibit 2 - Emails*. Defendants contend that the call details may show consent, but have not tried to explain how any consent can be shown when the call details do not show the content of the messages or calls.

## II.     ARGUMENT

This Court should enter an order for protection or modification. Plaintiff has a personal right and interest in his cell phone calling records. These documents are wholly irrelevant to this case, and their production would violate Mr. Keim's privacy rights.

A court may quash or modify a subpoena if it discloses confidential information or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Wilkerson v. Georgia*, No. CV614-041, 2015 U.S. Dist. LEXIS 125160, at *11 (S.D. Ga. Sep. 10, 2015); *Netjets Aviation, Inc. v. Peter Sleiman Dev. Group, LLC*, No. 3:10-cv-483-J-32MCR, 2011

U.S. Dist. LEXIS 147526, at *4-5 (M.D. Fla. Dec. 22, 2011); Rule 45(c)(3)(A)(iii) & (B)(i), Fed.R.Civ.P. A person has standing to challenge a subpoena where he demonstrates a personal right or privilege regarding the subject matter of the subpoena. *United States ex rel. Willis v. SouthernCare, Inc.*, No. CV410-124, 2015 U.S. Dist. LEXIS 127746, at *6 (S.D. Ga. Sep. 23, 2015), *citing* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008); *Coulter v. Murrell*, No. 10-102 IEG NLS, 2011 U.S. Dist. LEXIS 14922, 2011 WL 666894, at *2 (S.D. Cal. Feb. 14, 2011); *Ademiluyi v. Phillips*, No. 2:14-cv-00507-MMD-CWH, 2014 U.S. Dist. LEXIS 173739, at *3 (D. Nev. Dec. 12, 2014).

Courts in this district have found a personal right or privilege exists, for example, when the subpoena seeks a party's employment records from a third-party. *See Barrington v. Mortg. IT, Inc.*, 2007 U.S. Dist. LEXIS 90555, 2007 WL 4370647 at *2 (S.D. Fla. Dec. 10, 2007). Other courts have found standing to object to a subpoena that implicates a personal interest in the privacy of one's cell phone records, like this case, and ordered the respective subpoenas quashed. *Exhibit 3, Vasquez v. Convergent Outsourcing, Inc.,* No. 1:14-cv-6248 (ND Ill. Aug. 21, 2014) (TCPA class action where subpoena seeking telephone call detail records other than calls between the parties was quashed); *Winter v. Bisso Marine Co.*, No. 13-5191, 2014 U.S. Dist. LEXIS 103281, at *4 (E.D. La. July 29, 2014); *Sovereign Partners Ltd. Pshp. v. Restaurant Teams Int'l, Inc.*, 99 Civ. 0564 (RJW) (JCF), 1999 U.S. Dist. LEXIS 17014, at *10 (S.D.N.Y. Nov. 1, 1999) ("The fact that the telephone records contain relevant information and are not privileged does not mean, however, that they are subject to unlimited discovery. The records undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls made ... This raises significant privacy concerns.")

After all, the touchstone of all discovery is relevance. *Devries v. Morgan Stanley & Co.*

*LLC*, No. 12-81223-CIV-MARRA/MATTHEWMAN, 2013 U.S. Dist. LEXIS 89714, at *4 (S.D. Fla. June 26, 2013). While Rule 45 permits a party to serve a subpoena commanding a nonparty to produce designated documents, the documents must be relevant to the action. *See* Fed. R. Civ. P. 26(b)(1). So, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).Federal Rule of Civil Procedure 26 allows the parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense..." *Id.* Documents beyond those related to the subject of the claim are improper, and subpoenas seeking such information should be precluded. *See Myhre v. TLFO, LLC*, No. 14-81036-CIV-COHN, 2015 U.S. Dist. LEXIS 49497, at *9 (S.D. Fla. Apr. 15, 2015). This Court can limit the scope of a subpoena to material that pertains to the acts specified in the complaint. *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

American Huts, Inc. and Pizza Hut, Inc.'s subpoena requesting all of Mr. Keim's calling records is improper, irrelevant and contrary Fed.R.Civ.P. 26(b)(1). The subpoena should be quashed or an order entered to modify its scope within boundaries of permissible discovery.

**III.   RULE 37 DISCUSSIONS**

The parties have exchanged emails regarding this matter, but have been unable to come to a resolution. *See Exhibit 2*. Plaintiff's attorneys, endeavored a fruitful exchange with Defendants' counsel so that this matter could be resolved informally. Despite Plaintiff's good faith attempts in accordance with Rule 37, the parties have been unable to resolve their differences.

**IV.   CONCLUSION**

Plaintiff respectfully requests this Court enter an order to quash American Huts, Inc. and Pizza Hut, Inc.'s subpoena, in order to serve an amended subpoena that is limited to documents

that are relevant. Time being of the essence regarding the pending subpoena to AT&T, Plaintiff respectively asks this Court to order the Defendants to immediately serve a copy of Court's Order quashing Defendants' subpoena to AT&T. In the event Defendants receive the requested documents pursuant to their subpoena in the interim or thereafter, Plaintiff requests this Court order the destruction of those documents.

Dated: January 27, 2016

Respectfully submitted,

/s/ *Scott D. Owens* _____
One of Plaintiff's Attorneys

Scott D. Owens
SCOTT D. OWENS, PA.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Phone: 954-589-0588
Fax: 954-337-0666
Email: Scott@ScottDOwens.com

Amy L. Wells, *pro hac vice*
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312.374.3401 (Direct)
312.726.1092 (Main)
312.726.1092 (Fax)
AWells@Keoghlaw.com

*Counsel for Plaintiff*

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

By: /s/ *Scott D. Owens* _____

One of Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2016, I electronically field the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties below, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ <u>Scott D. Owens</u><br>One of Plaintiff's Attorneys