| | |
|---|---|
| **From:** | Mark Eisen |
| **To:** | Keith Keogh; Scott Owens |
| **Cc:** | Amy Wells; Patrick Crotty; David Almeida; David Poell |
| **Subject:** | RE: Notice of Subpoena on AT&T |
| **Date:** | Wednesday, January 20, 2016 3:08:17 PM |

Keith,

Not sure where you're getting the notion that the number didn't come through cashtexts.com or similar sites, but that's neither here nor there. In light of the fact that (i) the FCC's GroupMe decision, July 10, 2015 decision and the Eleventh Circuit's *Mais* decision couldn't be more clear on intermediary consent, (ii) Plaintiff's communications with Allison Worsena and other third party intermediaries are highly relevant and (iii) Plaintiff lacks standing to move to quash, we will not be reconsidering.

Regards,

Mark

**From:** Keith Keogh [mailto:keith@keoghlaw.com]
**Sent:** Wednesday, January 20, 2016 2:50 PM
**To:** Mark Eisen; Scott Owens
**Cc:** Amy Wells; Patrick Crotty; David Almeida; David Poell
**Subject:** RE: Notice of Subpoena on AT&T

Mark,

The Eleventh has never held that intermediary consent is valid.  The holding in Orisio only allows for an agent to consent.

Further, the FCC has since held that intermediary consent is not valid so even if the 11th Cir. did so hold, the Eleventh Circuit has already held that the FCC's orders are binding under the Hobbs Act.

Also, there is no issue that Defendants obtained Plaintiff's number from cashtext.com.  Any argument that Plaintiff somehow consented to texts from Defendant because he consented to texts from other companies is frivolous.  Perhaps more importantly, the numbers that Plaintiff called or called him, will not reveal if consent was provided for any of the calls so would not be relevant to your contention.

As for the phone plan, my request was limited to the call detail.  I don't have any issue with you obtaining his bill and total usage.  Likewise, any account information would also be discoverable including who was on the account.  I'm only concerned with the call details.

Finally, there are plenty of court orders where courts have quashed subpoenas to telephone companies for the call details and found that the Plaintiff has standing to do so.

Assuming you won't reconsider, we will be filing the motion to quash.

```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com
```

**From:** Mark Eisen [mailto:MEisen@sheppardmullin.com]
**Sent:** Wednesday, January 20, 2016 2:29 PM
**To:** Keith Keogh <keith@keoghlaw.com>; Scott Owens <scott@scottdowens.com>
**Cc:** Amy Wells <awells@keoghlaw.com>; Patrick Crotty <patrick@scottdowens.com>; David Almeida <DAlmeida@sheppardmullin.com>; David Poell <DPoell@sheppardmullin.com>
**Subject:** RE: Notice of Subpoena on AT&T

Keith,

As a preliminary matter, "in the Eleventh Circuit, the general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a 'personal right or privilege with respect to the materials subpoenaed.'" *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008). With that in mind, Plaintiff doesn't have standing to move to quash any subpoena on the basis of relevance.

As a more substantive matter, Plaintiff's phone records are obviously relevant for a number of reasons. First, Plaintiff consented to receive text messages through a number of third parties. In fact, Plaintiff is a member of websites such as cashtexts.com and textcashnetwork.com, through which he provided his cell phone number and specifically opted in to receive text message advertisements from third parties. Since the FCC and Eleventh Circuit have held that consent can be obtained through third party intermediaries, his communications with third parties (including, as noted in the subpoena, Allison Worsena) are very relevant.

Second, you've represented to the Court that Plaintiff has suffered an Article III injury. Plaintiff's cell phone plan, which will indicate whether he ever paid a per text amount to receive the text messages at issue, is directly relevant.

Regards,

Mark

**From:** Keith Keogh [mailto:keith@keoghlaw.com]
**Sent:** Wednesday, January 20, 2016 1:02 PM
**To:** Mark Eisen; Scott Owens
**Cc:** Amy Wells; Patrick Crotty; David Almeida; David Poell
**Subject:** RE: Notice of Subpoena on AT&T

Mark,

Please advise as to the relevance of all of Plaintiff's phone call details.  Besides any communications between Defendants and any text blaster that sent the texts, I don't see how calls with third parties are relevant.

If we can't agree, we will move to quash the call details.  Thanks.

```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com
```

---

**From:** Mark Eisen [mailto:MEisen@sheppardmullin.com]
**Sent:** Wednesday, January 20, 2016 12:37 PM
**To:** Scott Owens <scott@scottdowens.com>; Keith Keogh <keith@keoghlaw.com>
**Cc:** Amy Wells <awells@keoghlaw.com>; Patrick Crotty <patrick@scottdowens.com>; David Almeida <DAlmeida@sheppardmullin.com>; David Poell <DPoell@sheppardmullin.com>
**Subject:** Notice of Subpoena on AT&T

Scott and Keith,

Our notice of subpoena and subpoena issued on AT&T this morning is attached.

Regards,

Mark

Mark S. Eisen
312.499.6310 | direct
312.499.4736 | direct fax
MEisen@sheppardmullin.com

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602-4498
312.499.6300 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-

mail and delete the message and any attachments.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.