**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| BRIAN KEIM, an individual, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 9:12-cv-80577 |
| v. | ) ) | Hon. Judge Kenneth A. Marra |
| ADF MIDATLANTIC, LLC, a foreign limited liability company, AMERICAN HUTS INC., a foreign corporation, ADF PIZZA I, LLC, a foreign limited liability company, ADF PA, LLC, a foreign limited liability company, and PIZZA HUT, INC., a foreign corporation | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge William Matthewman |
| Defendants. | ) | |

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Plaintiff Brian Keim ("Plaintiff") and Defendants American Huts Inc., ADF Midatlantic, LLC, ADF PA, LLC, ADF Pizza I, LLC and Pizza Hut, Inc. (collectively, "Defendants"), respectfully submit this Joint Motion to Modify this Court's January 28, 2015 Scheduling Order. (*See* DE 65.)

1. Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Generally, good cause will be found where the current schedule cannot be met "despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

2. On January 28, 2015, the Court entered a Scheduling Order setting a discovery cutoff for March 22, 2016, a substantive pretrial motion cutoff of April 26, 2016 and a trial

starting October 17, 2016.  (DE 65.)

3. Since the January 28, 2015 Scheduling Order, the Parties have engaged in significant litigation.  Specifically, Plaintiff amended his complaint twice (*see* DE 69, 97), Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (*see* DE 99, 100) and Defendants moved to stay discovery pending the Rule 12(b)(6) motion (*see* DE 84) and to stay the case pending *Spokeo*.  (*See* DE 116.).

4. During the pendency of Defendants' motion to dismiss pursuant to Rule 12(b)(6), all discovery was stayed.  (*See* DE 91.)

5. On November 13, 2015—following a ruling on Defendants Rule 12(b)(6) motion—the Court partially lifted the stay of discovery only as to American Huts Inc. and Pizza Hut, Inc.  (*See* DE 115.)

6. On December 17, 2015—following a ruling on the motion to stay pending *Spokeo*—the Court partially lifted the stay of discovery as to ADF Midatlantic, LLC, ADF PA, LLC and ADF Pizza I, LLC, allowing Plaintiff to conduct limited discovery as to jurisdiction. (*See* DE 124.)  Simultaneously, the Court set a jurisdictional discovery period of 90 days (March 16, 2016) from the entry of the Order.  (*Id.* at 3.)  The Court also set a deadline of March 30, 2016 for Plaintiff's brief in opposition to the Rule 12(b)(2) motion.  (*Id.*)

7. Since the stays of discovery were lifted, the Parties have been working diligently to take discovery as to jurisdiction, class certification and the merits of this action.  Specifically, Plaintiff issued his first sets of written discovery on American Huts and Pizza Hut on December 21, 2015, following the Court's ruling on Defendants' motion to stay pending *Spokeo*.  Similarly, Plaintiff issued his first set of jurisdictional discovery on December 18, 2015.  In turn, American Huts issued its first sets of written discovery on Plaintiff on January 20, 2016.

8. On February 5, 2016, following an extension from Plaintiff's counsel, Defendants responded to their respective discovery requests, producing thousands of documents.

9. The Parties have also issued subpoenas on seven third-parties (Songwhale, Cellit, cashtexts.com, Steven Wachs, David Wachs, Helloworld and AT&T)[1] and are diligently working to schedule depositions. The Parties presently anticipate at least four non-expert depositions.

10. Despite the Parties' best efforts and diligence, it will not be possible to conclude all discovery in this action by March 22, 2016. If the Parties are limited to the current timeline, discovery will close before the Court has an opportunity to rule on the pending Rule 12(b)(2) motion and thus before Plaintiff has an opportunity to take merits discovery on ADF MidAtlantic, LLC, ADF PA, LLC and ADF Pizza I, LLC.

11. In light of the diligence exhibited by the Parties in conducting thorough discovery, the Parties respectfully request that the Court modify the present Scheduling Order and adopt the suggested dates below:

| | |
|---|---|
| **Jurisdictional Discovery Cut-Off:** | March 16, 2016 |
| **12(b)(2) Opposition Deadline:** | April 15, 2016 |
| **Reply ISO 12(b)(2) Motion:** | April 25, 2016 |
| **Discovery Cut-Off:** | November 2, 2016 |
| **Expert Discovery Cut-Off:** | December 10, 2016 |
| **Motion for Class Certification:** | January 5, 2017 |
| **Opposition to Class Certification:** | February 3, 2017 |

---

[1] Plaintiff moved to quash the subpoena served on AT&T. (*See* DE 129.) A hearing on that motion is scheduled before Judge Matthewman for February 11, 2016. (*See* DE 132.)

-4-

**Reply ISO Class Certification:**          February 17, 2017

12. The Parties also respectfully request that the Court order the Parties to submit a joint status report 14 days following the Court's ruling on class certification to set all other dates and deadlines, including deadlines for the filing of dispositive motions and trial.

**WHEREFORE**, Plaintiff Brian Keim and Defendants American Huts Inc., ADF Midatlantic, LLC, ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, Inc. respectfully request that the Court (i) enter an order granting the Parties' Joint Motion to Modify Scheduling Order consistent with the dates set forth herein and (ii) award all other relief deemed equitable and just.

-5-

## Certification pursuant to Local Rule 7.1(a)(3)

Counsel for American Huts Inc., ADF Midatlantic, LLC, ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, Inc. has communicated with counsel for Plaintiff and is authorized to represent that Plaintiff joins in seeking the relief requested herein.

| | |
|---|---|
| Dated:  February 10, 2016 | Respectfully submitted, |
| */s/ David S. Almeida* | */s/ Amy L. Wells* |
| David S. Almeida, Esq. (*admitted pro hac vice*)<br>dalmeida@sheppardmullin.com<br>**SHEPPARD, MULLIN,**<br>**RICHTER & HAMPTON LLP**<br>70 West Madison Street, 48th Floor<br>Chicago, Illinois  60602<br>Telephone:  (312) 499-6300<br>Facsimile:  (312) 499-6301 | Amy L. Wells, Esq. (*admitted pro hac vice*)<br>awells@keoghlaw.com<br>Katherine Bowen (*admitted pro hac vice*)<br>kbowen@keoghlaw.com<br>**Keogh Law, LTD**<br>55 W. Monroe Street, Suite 3390<br>Chicago, Illinois 60603<br>Telephone:  (312) 726-1092<br>Facsimile: (312) 726-1093 |
| David V. King, Esq.<br>dking@kingchaves.com<br>**KING & CHAVES, LLC**<br>444 W. Railroad Ave., Suite 400<br>West Palm Beach, FL  33401<br>Telephone:  (561) 835-6775<br>Fax:  (561) 835-6774<br>Florida Bar No.:  438200 | Scott D. Owens, Esq.<br>scott@scottdowens.com<br>Patrick Christopher Crotty<br>Patrick@scottdowens.com<br>**SCOTT D. OWENS, P.A.**<br>3800 S. Ocean Drive, Suite 235<br>Hollywood, Florida 33019<br>Telephone:  (954) 589-0588<br>Fax:  (954) 337-0666 |
| *Counsel for American Huts Inc., ADF Midatlantic, LLC, ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, Inc.* | *Counsel for Plaintiff Brian Keim* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **JOINT MOTION TO MODIFY SCHEDULING ORDER** was served upon all interested parties using this Court's ECF filing system this 10th day of February, 2016.

/s/ *David V. King*