UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80577-CV- MARRA/MATTHEWMAN

BRIAN KEIM, an individual, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ADF MIDATLANTIC, LLC, a foreign
limited liability company, et al.,

    Defendants.
_____/



## ORDER DENYING AMERICAN HUTS, INC.'S MOTION TO COMPEL DOCUMENTS PERTAINING TO CONSENT AND ADEQUACY [DE 144]

**THIS CAUSE** is before the Court upon Defendant, American Huts Inc.'s ("Defendant") Motion to Compel Documents Pertaining to Consent and Adequacy ("Motion") [DE 144]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 65. Plaintiff, Brian Keim ("Plaintiff"), has filed a Response [DE 149] to the Motion, and Defendant filed a Reply [DE 151]. The Court held a hearing on the Motion on April 27, 2016. The matter is now ripe for review.

As stated in open court, it is hereby **ORDERED** as follows:

1. Defendant, American Huts, Inc.'s Motion to Compel Documents Pertaining to Consent and Adequacy [DE 144] is **DENIED**.

2. The Court finds that the communications between Ms. Worsena and Plaintiff during the relevant time period from January of 2010 through May of 2012 are

1

relevant. Because Defendant puts forth a defense of prior express consent [DE 126, p. 23], this Court found in a prior Order that Defendant had made a sufficient showing that a portion of Plaintiff's telephone records are relevant to one of their defenses in this case. *See* DE 140; *Fitzhenry v. The ADT Corporation,* Case No. 14-cv-80180 (S.D. Fla. Aug. 8, 2014) (holding that the privacy rights in a plaintiff's telephone records are outweighed by the defendant's need for the records to present a defense in a TCPA action); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014). In this discovery dispute, dealing with Defendant's request for documents that show the substance of the communications between Plaintiff and Ms. Worsena, the same analysis applies. However, Plaintiff represents that there are no responsive documents to Defendant's Document Requests 15 and 16. Therefore, the Court cannot order production of documents that simply do not exist. *See Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015).

3. The Court also finds that documents relating to Plaintiff's participation in ZeekRewards are relevant because it may go to the adequacy of Plaintiff as a class representative in this action. However, again, Plaintiff represents that there are no responsive documents to Defendant's Document Requests 21 and the relevant portions of 24. Therefore, the Court cannot order Plaintiff to produce documents that he does not have. *See id.*

4. The Court notes that inquiry into the issues of Ms. Worsena's communications with Plaintiff and her alleged consent on behalf of Plaintiff, and Plaintiff's

participation in ZeekRewards, are relevant areas of inquiry at Plaintiff's deposition.

5. Plaintiff's counsel advised the Court that Plaintiff's telephone is in the process of being analyzed by Plaintiff's forensic examiner. Plaintiff's counsel agreed at the hearing that if the forensic examiner inspecting Plaintiff's telephone finds any record of communications between Ms. Worsena and Plaintiff, Plaintiff will produce those communications to Defendant. Further, the Court urges the parties to agree on a procedure where Plaintiff's telephone can be examined and the discoverable contents, if any, produced to Defendant. If the parties are unable to agree on a mutually acceptable procedure, either party is free to file an appropriate motion and the Court will decide the issue.

6. The Court finds that Defendant is not entitled to an award of attorney's fees as Defendant's Motion was denied. Further, Plaintiff's response was made in good faith, and the circumstances would make the award of expenses unjust as the issues in this case are complex and not clear under the law. Fed. R. Civ. P. 37(a)(5)(A)(ii-iii).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of April, 2016.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

3