UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BRIAN KEIM, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 9:12-cv-80577-KAM<br>)<br>) |
| v. | ) Hon. Judge Kenneth A. Marra<br>) |
| ADF MIDATLANTIC, LLC, et al., | ) Magistrate Judge William Matthewman<br>) |
| Defendants. | )<br>) |

## CONSENT MOTION TO ORDER VERIZON TO PRODUCE DOCUMENTS IN RESPOSNE TO SUBPOENA FOR PURPOSES OF CLASS NOTICE

Plaintiff, with the consent of Verizon Wireless ("Verizon"),[1] hereby moves the Court to order Verizon to produce data related to its customers who reside in California, Delaware, and Pennsylvania, as set forth in Plaintiff's subpoena. This motion is made for the same reasons set forth in the consent motion previously filed (and granted) related to Sprint's production in this case. *See* ECF 276 and 277.[2] Verizon maintains that pursuant to state law, this data can be produced only subject to an order of this court, as requested herein. While Plaintiff believes compliance with the duly served subpoena – absent an additional court order – is permissible under state law in each of these three states, he brings this motion in an effort to obtain relief such that the matter can be resolved and class members' information produced without additional delay.[3]

---

[1] While conferral pursuant to L.R. 7.1(a)(3) was not required, as a courtesy, Plaintiff sought Defendants' consent. Defendants do not consent to the relief requested herein.
[2] While the Sprint consent motion applied only to California and Pennsylvania, the same analysis is applicable to Delaware's state law, as set forth herein.
[3] Plaintiff contends the state statutes permit disclosure in this action, even according to their own terms. Second, the state laws at issue are preempted by federal law requiring notice of class certification be sent directly to all class members who can be identified through reasonable effort (Fed. R. Civ. P. 23(c)), as well as by federal law requiring compliance with federal subpoenas (Fed. R. Civ. P. 45). Third, Congress enacted legislation, Federal Rule of Evidence 501, which requires this court to apply federal law, not state law, to any claim of privilege. There is no federally recognized privilege applicable to the requested information. In fact, Congress has already decided, through the Stored Communications Act (SCA), expressly permits disclosure of telephone subscriber contact information to non-governmental entities (*see* 18 U.S.C. § 2702(c)(6)), so the disclosure in response to Plaintiff's subpoena is authorized by federal law. Thus, federal law, which must be applied pursuant to Fed. Evid. 501, authorizes disclosure. For instance, in *Kaur v. City of Lodi*, 2016 U.S. Dist. LEXIS 10348 (E.D. Cal. 2016), the court considered the very California statute at issue in this case and, applying Fed. R. Evid. 501, rejected the notion that it relieved a subpoena respondent of its obligation to produce subpoenaed

I.  RELEVANT TIMELINE

- On December 19, 2018, Plaintiff issued a subpoena to Verizon.[4]  *See* ECF No. 283-2 at 2-4.

- On February 7, 2019, Plaintiff issued an amended subpoena to Verizon. *See* ECF No. 283-3 at 12-15.[5]

- Since this time, Class Counsel has conducted multiple conferrals with representatives and counsel for Verizon regarding compliance with Plaintiff's subpoena. Exhibit 1 at ¶ 4 (Declaration of Class Counsel).

II.  ORDER SOUGHT FOR CALIFORNIA RESIDENTS

Plaintiff, with Verizon's consent, moves the Court to enter an order compelling Verizon to produce the subpoenaed information regarding its California-based customers as it has (and will) for its customers in other states. California law permits such production pursuant to a court order. Specifically, Cal. Pub. Util. Code § 2894 provides:

> Notwithstanding subdivision (e) of Section 2891, the disclosure of any information by an interexchange telephone corporation, a local exchange telephone corporation, or a provider of commercial mobile radio service, as defined in Section 216.8, in good faith compliance with the terms of a state or *federal court* warrant *or order* or administrative subpoena issued at the request of a law enforcement official or other federal, state, or local governmental agency for law enforcement purposes, is a complete defense against any civil action brought under this chapter or any other law, including, but not limited to, Chapter 1.5 (commencing with Section 630) of Part 1 of Title 15 of the Penal Code, for the wrongful disclosure of that information.

Cal. Pub. Util. Code § 2894(a) (emphasis added). Indeed, federal courts within the Ninth Circuit have repeatedly held that these provisions expressly allow for the production of subscriber information upon entry of a court order. *See Kaur v. City of Lodi*, 2016 U.S. Dist. LEXIS 10348, *4 (E.D. Cal. 2016)

---

telephone records. *Id.* at *3 ("The two state statutes cited to withhold this information do not apply in this federal court litigation."); *Corser v. County of Merced*, 2006 U.S. Dist. LEXIS 65821, *5-8 (E.D. Cal. 2006)(Denied motion to quash a subpoena for failure to provide comply with notice requirements under California law because the "California-law privilege…does not apply to this litigation" under Rule 501 of the Federal Rules of Evidence.). Moreover, for the reasons set forth in the consent motion filed regarding Sprint, and the Order granted thereafter, Plaintiff submits that response is permissible under Pennsylvania law. *See* ECF Nos. 276 - 277.

4  Plaintiff also issued a subpoena to the Verizon-owned company, Rural Cellular, which has already been responded to and not addressed herein.

5  On March 1, 2019, Plaintiff also issued a supplemental subpoena to Verizon, which included only four numbers that were inadvertently omitted from the February 7, 2019 subpoena. Verizon responded to this subpoena on March 13, 2019, and it is not part of the relief requested herein. *See* Exhibit 1 at ¶ 3 (Verizon's response stated that the four numbers had "not been assigned by the industry and d[o] not exist.")

("it does not authorize AT&T Mobility to withhold documents in the face of a federal court order compelling their production"); *McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 47099, *15-16 (N.D. Cal. 2010) ("section 2894 of the utilities code provides an exception to this rule for court orders.")

Wherefore, Plaintiff moves the Court to grant his unopposed motion and to order Verizon to produce the following information for each applicable person in California:

- For each of the telephone numbers listed in the Spreadsheet Number 1 attached to Plaintiff's February 7, 2019 Subpoena, identify the (1) name, (2) mailing address, and (3) email address of the account-holding subscriber to that telephone number between November 1, 2010 and January 31, 2013 by appending additional columns to Spreadsheet Number 1.

- If a telephone number does not belong to a subscriber or user during the entire November 1, 2010 to January 31, 2013 timeframe, please append an additional column to Spreadsheet Number 1 stating the date range the telephone number did belong to a subscriber or user.

- For each of the telephone numbers listed in the Spreadsheet Number 2 attached to Plaintiff's February 7, 2019 subpoena, identify the subscriber of the account, and any users, as well as which telephone numbers are associated with each person by appending an additional column to Spreadsheet Number 2.

### III.   ORDER SOUGHT FOR DELAWARE RESIDENTS

Plaintiff, with Verizon's consent, asks the Court to enter an order compelling Verizon to produce the subpoenaed information regarding its Delaware-based customers as it has (and will) for its customers in other states. Delaware law also expressly allows for disclosure pursuant to a court order. The Delaware Code provides:

> "Except as provided in this subdivision, a provider of electronic communications service or remote computing service may not disclose a record or other information pertaining to a subscriber or customer of the service to any person other than an investigative or law-enforcement officer."

11 Del. C. § 2423(c)(2). Just like the California law, the same section of the Delaware law goes on to say:

> "Nothing in this chapter may be construed as creating a cause of action against any provider of electronic communication service or remote computing service, such service's officers, employees, or agents or other specified persons for providing information, facilities or assistance *in accordance with the terms of a court order*, warrant, subpoena or certification under this chapter."

73254

11 Del. C. § 2423(e). Thus, the express terms of the Delaware law at issue do not preclude production upon entry of a Court order.

Wherefore, Plaintiff moves the Court to grant his unopposed motion and to order Verizon to produce the following information for each applicable person in Delaware:

- For each of the telephone numbers listed in the Spreadsheet Number 1 attached to Plaintiff's February 7, 2019 Subpoena, identify the (1) name, (2) mailing address, and (3) email address of the account-holding subscriber to that telephone number between November 1, 2010 and January 31, 2013 by appending additional columns to Spreadsheet Number 1.

- If a telephone number does not belong to a subscriber or user during the entire November 1, 2010 to January 31, 2013 timeframe, please append an additional column to Spreadsheet Number 1 stating the date range the telephone number did belong to a subscriber or user.

- For each of the telephone numbers listed in the Spreadsheet Number 2 attached to Plaintiff's February 7, 2019 subpoena, identify the subscriber of the account, and any users, as well as which telephone numbers are associated with each person by appending an additional column to Spreadsheet Number 2.

IV. ORDER SOUGHT FOR PENNSYLVANIA RESIDENTS

Plaintiff, with Verizon's consent, asks the Court to enter an order compelling Verizon to produce the subpoenaed information regarding its Pennsylvania-based customers as it has (and will) for its customers in other states. Pennsylvania expressly allows production "as authorized by federal law." The Pennsylvania Wiretapping and Electronic Surveillance Control Act provides in relevant part:

> "A person or entity may divulge a record or other information pertaining to a subscriber to, or customer of, the service if *any* of the following paragraphs apply:
>
> (2) A record or other information may be divulged to any of the following:
>   (i) An investigative or law enforcement official as authorized in section 5743.
>   (ii) The subscriber or customer upon request.
>   (iii) A third party, upon receipt from the requester of adequate proof of lawful consent from the subscriber to, or customer of, the service to release the information to the third party.
>   (iv) A party to a legal proceeding, upon receipt from the party of a <u>court</u> order entered under subsection (c.1). This subparagraph does not apply to an investigative or law enforcement official authorized under section 5743.
>
> (4) Subject to paragraph (2), a record or other information *may be divulged as authorized by Federal law* or as authorized by a Federal regulatory agency having oversight over the person or entity."

18 Pa. C.S.A. §5742(c) (emphasis added). Paragraph (4) thus expressly permits disclosure in federal

court "as authorized by federal law."

Wherefore, Plaintiff moves the Court to grant his unopposed motion and to order Verizon to produce the following information for each applicable person in Pennsylvania:

- For each of the telephone numbers listed in the Spreadsheet Number 1 attached to Plaintiff's February 7, 2019 Subpoena, identify the (1) name, (2) mailing address, and (3) email address of the account-holding subscriber to that telephone number between November 1, 2010 and January 31, 2013 by appending additional columns to Spreadsheet Number 1.

- If a telephone number does not belong to a subscriber or user during the entire November 1, 2010 to January 31, 2013 timeframe, please append an additional column to Spreadsheet Number 1 stating the date range the telephone number did belong to a subscriber or user.

- For each of the telephone numbers listed in the Spreadsheet Number 2 attached to Plaintiff's February 7, 2019 subpoena, identify the subscriber of the account, and any users, as well as which telephone numbers are associated with each person by appending an additional column to Spreadsheet Number 2.

## V. CONCLUSION

For these reasons, Plaintiff, with the consent of Verizon, respectfully moves the Court to enter an order commanding compliance with Plaintiff's subpoena as it relates Verizon customers who reside in California and Delaware.

### CERTIFICATE OF CONFERRAL IN COMPLIANCE WITH L.R. 7.1(a)(3)

Counsel for the movant has conferred with non-party, Verizon, who may be affected by the relief sought in the motion in a good faith. Verizon consents to the relief requested herein. While Plaintiff does not believe it is required hereunder, Plaintiff also consulted with counsel for Defendants who oppose this consent motion.

Dated: April 3, 2019

Respectfully submitted,

s/ *Keith J. Keogh*
Keith J. Keogh
Amy L. Wells, *pro hac vice*
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312.374.3401 (Direct)
312.726.1092 (Main)
312.726.1092 (Fax)
AWells@Keoghlaw.com
Keith@Keoghlaw.com

Scott D. Owens
SCOTT D. OWENS, PA.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Phone: 954-589-0588
Fax: 954-337-0666
Email: Scott@ScottDOwens.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and served upon Counsel for Verizon, Alexander Cote via electronic mail at acote@scheperkim.com.

By: s/ *Keith J. Keogh*
Keith J. Keogh

73254

6