UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BRIAN KEIM, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 9:12-cv-80577-KAM |
| v. ) ) | Hon. Judge Kenneth A. Marra |
| ADF MIDATLANTIC, LLC, et al., ) ) | Magistrate Judge William Matthewman |
| Defendants. ) ) ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF CARRIER SUBPOENA COMMUNICATIONS**

Defendants ask the Court to "compel Plaintiff's to immediately produce any and all carrier objections…" *Motion to Compel,* [ECF 299 at 4]. Yet, Defendants know that *all* carrier objections and class data that Plaintiff has received has already been produced. **Exhibit 1** at ¶ 3.[1] And despite Defendants' complaints, the timing has been as prompt as practical. *Id.* (*e.g.,* T-Mobile objections dated April 1, 2019 were emailed to Defendants' counsel April 1, 2019).

Yet, while nothing in the Civil Rules requires its production, Defendants now demand Class counsel's emails with the carriers. This information, prepared in anticipation of litigation is protected by the work-product privilege. Defendants seek to rewrite the discovery rules, demanding immediate production of information they are not entitled to, without citing a single opinion to support their claim of entitlement. And during the conferral process regarding the instant motion, Class counsel repeatedly requested Defendants provide Plaintiff with any authority they believe supports their position that Class counsel's emails should be produced. **Exhibit 2** at 1 and 3. The only response after repeated request was to generically refer to a due process case that had nothing to do with discovery or third party subpoenas. Even during the recent conferral call Defendants admit they had *no* authority to support their position. **Exhibit 1** at ¶ 4. This is further reflected in Defendants' motion, which is devoid of a single citation supporting their argument.

---

[1] At the time of this filing, Plaintiff does not have any class data or carrier objection that has not been produced to Defendants. **Exhibit 1** at ¶ 3.

74341

1

In short, Defendants attempt to concoct discovery rules and ask this Court to enforce them.

I.      **STATUS OF CLASS SUBPOENA DATA**

The Court's Order granting class certification excluded persons from the Class where the plan's account-holding subscriber forwarded their number to Defendants. [ECF 259 at 43]. Therefore, those numbers were excluded from the subpoena requests and account for the difference that Defendants complain about in their motion. It is unclear if Defendants are pointing to a red herring, or truly fail to grasp why the carrier subpoenas relate only to those numbers that the Court found were part of the Class (rather than all 13,046 numbers in the putative class).

Additionally, the fact that some of the carriers' records remain outstanding is not news, nor is it grounds for Defendants' motion. Indeed, it was the very basis for Plaintiff's extension request, [ECF 282], which the Court granted. [ECF 286]. Therefore, Defendants' claim that Plaintiff is somehow misleading the Court, after Plaintiff specifically provided the information Defendants contend he withheld, is nothing more than a desperate attempt to disrupt the process.[2] And while Defendants deny interfering with Plaintiff's process, they do not dispute interacting with carrier representatives.[3]

Moreover, even if Class counsel's emails were discoverable, they would need to propound discovery to actually seek this information as Rule 45 does not cover it. In any event, it is difficult to understand what Defendants hope to gain in an email exchange between Class counsel and a given carrier when all carrier objections have already been provided to Defendants and all objections have been resolved at this point. All of the carriers have either produced the records, or Plaintiff anticipates production before the Court-ordered deadline.[4]

Defendants falsely claim Plaintiff's counsel confirmed providing Plaintiff's "own interpretation of 'users' to A&T" and refused to share it with Defendants for evaluation. *Motion* at 2. This is inaccurate Plaintiff does not purport to have his "own interpretation." **Exhibit 1** @ ¶ 4. This is simply another attempt by Defendants to undercut the process.

Defendants contentions about their due process rights is misguided, which is demonstrated

---

2  It is unclear why Defendants raise questions about Verizon's produced, being well-aware of the Consent Motion with Verizon regarding production [ECF 290], which the Court granted. [ECF 292]. Moreover, as to T-Mobile, the carrier represents that its production efforts are underway. **Exhibit 1** at ¶ 5. Defendants are aware of its prior objections. [ECF 299-1 at ¶ 9] (Decl. of Attorney Eisen). In the event that production issues present themselves with T-Mobile, the appropriate motion will be filed.
3  *See* **Exhibit 3** at 3.
4  *See* fn 2.

74341

by the fact the absence of any examples of any case where the information they seek has ever been produced or withheld with any consequence. Class counsel's emails do not serve as a means to challenge class membership. Thus, Plaintiff challenges Defendants' circuitous way of interfering with the subpoena process under the guise of a due process right.

## II.     THE COURT HAS UPHELD ITS OBLIGATION

In a misguided effort to obtain information they are not entitled to, Defendants endeavor to remind the Court of its obligations. [ECF 299 at 4]. But, since this Court entered its comprehensive Class Certification Order [ECF 259] on December 3, 2018, the Court has entered fifteen (15) orders in this case, demonstrating its sound oversight and attention to this case. In reality, here Defendants attempt to inappropriately insert themselves into the Court's role in oversight of the subpoena process.[5]

## III.    THE CARRIER OBJECTIONS AND DATA WAS TIMELY PRODUCED

Plaintiff has shared all objections and calling records he has received from the carriers with Defendants. Furthermore, said production has been made in a timely manner -in most cases within days of receipt. Defendants cite no authority mandating the timing. Moreover, Defendants have not shown any indicia of prejudice by the timing of production of this information.

## IV.    COUNSEL'S EMAILS ARE NOT THIRD-PARTY DOCUMENTS

Defendants now claim that their discovery requests seek Class counsel's emails. Emails of Class counsel can hardly be described as "documents obtained from third-parties." Moreover, Defendants contention that Plaintiff did not object to discovery served and answered in 2012 and therefore cannot do so now falls flat. Defendants ignore *this Court's* holding in *Mann v. Falk*, No. 11-14432-Civ, 2012 U.S. Dist. LEXIS 163366, at *6-7 (S.D. Fla. Oct. 25, 2012). This Court aptly held:

> As an initial matter, the Court rejects Plaintiff's argument that Defendant's notes should be produced as they are responsive to his Requests for Production, and Defendant never made any objections as to attorney-client privilege or work product in his response to the Requests for Production. The notes, dated August 23, 2012, were clearly created after Defendant served his response to the Requests upon Plaintiff in June 2012. The objections that Defendant has raised regarding production of his notes did not exist when he responded to the Requests. Thus,

---

[5] At this point, the carriers' objections are resolved and no information regarding information being withheld is at issue, because the carriers, thus far, are in agreement to produce what they have. **Exhibit 1** @ ¶ 6.

74341

> Defendant did not waive any privilege or protection solely because he did not list that privilege or protection in his response to the requests.

*Id.* Accordingly, foremost, the emails were not subject to any discovery request. Moreover, even if they were found to be subject to the discovery from 2012, Plaintiff is not limited by his seven-year-old objections and asserts the emails are not relevant or within the scope of the case. They are sought by Defendants for the sole reason of needless obfuscation of the discovery process.

And the emails sought by Defendants are protected by the attorney work product doctrine. Communications between an attorney and a non-party witness after the commencement of litigation is not only quintessential work product, but "opinion" work product." Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as "opinion work product." *In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977); *cf. Hickman v. Taylor*, 329 U.S. 495, 511 (1947).6  *Upjohn Co. v. United States,* 449 U.S. 383, 399, (1981). Fed. R. Civ. P. 26(b)(3) provides in relevant part that "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

"Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman* 67 S. Ct. at 393. *Upjohn,* 449 U.S. at 399-400. Indeed "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Murphy,* 560 F.2d at 336.

The Supreme Court in *Hickman* made clear that an attorney's process of communicating

---

6 The issue in *Hickman v. Taylor* was whether the plaintiff could compel the defendant's attorney to produce oral and written statements taken from third parties regarding an accident in preparation for litigation. The Supreme Court reasoned that those statements were work product protected from disclosure:

> "Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference… Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten… The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served…"

*Id.* at 511-12. *See also Matteson v. Baxter Healthcare Corp.*, 438 F.3d 763, 767-68 (7th Cir. 2006) ("The work product shields documents 'on the theory that the opponent shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that party's strategy.'"); *Hoble v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (work product privilege is intended to prevent a litigator "from taking a free ride on the research and thinking of his opponent's lawyer").

with witnesses in connection with litigation is work product. *Hickman*, 329 U.S. at 495. *See also Corley v. Rosewood Care Ctr. Inc. of Peoria*, 142 F.3d 1041, 1052-53 (7th Cir. 1998). Following this logic, numerous courts have made clear that communications between counsel and witnesses are subject to work product privilege. *See, e.g., 1100 West, LLC v. Red Spot Paint & Varnish Co.*, 2007 U.S. Dist. LEXIS 73621 (S.D. Ind. May 18, 2007); *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603 (D. Nev. 2005); *Boyer*, 257 F.R.D. at 488; *Randelman v. Fidelity Nat'l Title Ins. Co.*, 251 F.R.D. 281 (N.D. Ohio 2008).

The emails Defendants seek constitute opinion work product that the Eleventh Circuit "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Johnson v. Gross*, 611 F. App'x 544, 548 (11th Cir. 2015), *quoting Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). Aligned with the holding in *1100 West, LLC*, if Defendants want to know what a carrier would say, they should contact the third-party themselves.

V.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion should be denied.

Dated: April 19, 2019                                         Respectfully submitted,

s/ *Scott D. Owens*
Scott D. Owens
SCOTT D. OWENS, PA.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Phone: 954-589-0588
Fax: 954-337-0666
Email: Scott@ScottDOwens.com

Keith J. Keogh, FBN 0126335
Amy L. Wells, *pro hac vice*
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312.374.3401 (Direct)
312.726.1092 (Main)
312.726.1092 (Fax)
AWells@Keoghlaw.com
Keith@Keoghlaw.com

74341

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 19, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

                 By: s/ *Scott D. Owens*
                 Scott D. Owens

74341