**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| BRIAN KEIM, an individual, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  9:12-cv-80577 |
| v. | ) ) | Hon. Judge Kenneth A. Marra |
| ADF MIDATLANTIC, LLC, a foreign limited liability company, AMERICAN HUTS INC., a foreign corporation, ADF PIZZA I, LLC, a foreign limited liability company, ADF PA, LLC, a foreign limited liability company, and PIZZA HUT, INC., a foreign corporation | ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge William Matthewman |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL**
**PLAINTIFF'S PRODUCTION OF CARRIER SUBPOENA COMMUNICATIONS**

David S. Almeida, Esq. (admitted *pro hac vice*)
dalmeida@beneschlaw.com
Mark S. Eisen, Esq. (admitted *pro hac vice*)
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192

Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6997
Florida Bar No.: 49881

*Counsel for Defendants*

Plaintiff's counsel concedes that they have engaged in numerous communications with the telephone carriers concerning their responses to Plaintiff's subpoenas issued to try to and identify the class members.  These emails are incredibly important and should be provided to defense counsel because they may indicate Plaintiff's counsel's attempts to modify or mischaracterize the meaning of undefined terms like "user," and withholding these emails will permit Plaintiff's counsel the opportunity to present a one-sided view of the responses.  The information sought by this motion is critical to this Court's eventual determination as to whether Plaintiff has actually been able to identify the subscribers and customary users for cell phones dating back to 2011.

Plaintiff provides no authority for withholding these communications, which are part and parcel of the carriers' subpoena responses.  Through three weeks of meet and confer efforts, Plaintiff's counsel never once claimed any basis for withholding these communications.  Now, for the first time, Plaintiff takes the unsupportable approach that the communications are protected work product.  (*See* DE 301 at 4-5.)  This position effectively sanctions an approach where Plaintiff can issue subpoenas—which, under Rule 45, *require notice*—seeking one set of data and then engage in unilaterally-designated "protected" communications modifying those subpoenas and preclude access.  Unsurprisingly, Plaintiff provides not a single citation that communications with a subpoenaed third party are protected.  The case law is directly to the contrary.  *See, e.g.*, *Davis v. United States*, No. 08-81447, 2010 WL 11504342, at *5 (S.D. Fla. Feb. 25, 2010) (requiring the production of communications between defense counsel and a witness); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 690 (S.D. Fla. 2011).  Further, Plaintiff's suggestion that Defendants "contact the third-party themselves" to obtain these communications proves they are not protected.

Plaintiff's intention is to put forward a list of persons they claim are class members as a result of the carrier subpoena responses, while withholding from this Court and Defendants any context for the carrier responses.  Plaintiff claims, for example, that "all [carrier] objections have been resolved at this point."  (*Id.* at 2.)  Plaintiff provides no explanation for (i) what objections or (ii) how they were resolved.  AT&T objected to the term "user," which Plaintiff failed to define in his subpoenas.  Plaintiff's counsel provided a definition to AT&T, without providing it to Defendants.  All carriers have provided significantly less data than requested.  The carrier communications will provide crucial context for their productions, which is key to this Court's ability to oversee the class and to Defendants' due process right to challenge class membership.

1

# BACKGROUND

## I.    PLAINTIFF IS MISSING DATA FOR THOUSANDS OF PHONE NUMBERS.

Over the course of more than four months, Plaintiff has received various carrier responses that demonstrate a clear inability to obtain the data necessary to identify class members.  A chart of problems with Plaintiff's subpoenas and responses is illustrative:

| **Carrier** | **Numbers in Class** | **Numbers Produced** |
| --- | --- | --- |
| Verizon | 4,133 | 2,668 |
| AT&T | 3,695 (inclusive of subsidiary entities) | 2,112 (inclusive of subsidiary entities) |
| Sprint / U.S. Cellular | 3,229 | Approx. 1,800 |
| T-Mobile | 1,740 | 0 |
| **Total** | **12,797** | **6,580** |

(*See* Declaration of Mark Eisen ["Eisen Decl."], attached hereto as <u>Exhibit A</u>.)

Overall, Plaintiff received subscriber data for approximately *half* of the data subpoenaed. The carrier communications are undoubtedly relevant to why there is such a gap in data produced and likely explain what was not produced (*i.e.*, because data was no longer maintained, prepaid carriers do not retain data, etc.).  This is, of course, in addition to the fact that of the 13,046 phone numbers purportedly in Plaintiff's class, he only subpoenaed data for approximately 12,600 of those numbers.  Plaintiff has also failed to subpoena the majority of customary user data.

## II.    THE CARRIER OBJECTIONS AND PLAINTIFF'S COUNSEL'S CARRIER COMMUNICATIONS.

Plaintiff concedes, as he must, that his counsel has engaged in numerous communications with the carriers regarding their productions and objections.  (*See* DE 301 at 2.)  Plaintiff further claims that all carrier objections have been resolved.  (*Id.*)  The carriers issued numerous detailed objections to Plaintiff's subpoenas.  (*See* Eisen Decl. ¶ 4.)  Plaintiff's counsel's communications are thus plainly relevant to the objections lodged and how they impacted what was produced. Furthermore, Plaintiff's subpoenas sought "user" data (in part) from the carriers.  (*See* DE 299-1 ¶ 3.)  Plaintiff's subpoenas did not define "user" and carriers objected on this basis.  Plaintiff's counsel confirmed in an April 3, 2019 call she discussed this objection with AT&T and provided an explanation for what "user" meant.  (Eisen Decl. ¶ 5.)  When asked whether Defendants would disagree with her definition of "user," she responded with "I'm sure you would."  (*Id.* ¶ X.)

## DISCUSSION

I.   **CARRIER EMAILS ARE NOT PROTECTED ATTORNEY WORK-PRODUCT.**

    A.   **Plaintiff Has Not Come Close to Meeting His Burden to Sustain His Objection.**

As the Eleventh Circuit explains, "[t]he party invoking the work-product privilege bears the burden of establishing that the privilege applies." *Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015); *see* also *Adelman*, 276 F.R.D. at 689. A party withholding documents on the basis of work-product must "describe the nature of the items not produced or disclosed in a manner that will enable other parties to assess the claim." *Johnson*, 611 F. App'x at 547 (quoting Fed. R. Civ. P. 26(b)(5)). Plaintiff claims "[t]he emails Defendants seek constitute opinion work product . . . ." (DE 301 at 5.) Plaintiff provides no basis for this assertion. He does not identify or describe the emails he is referencing or with whom they occurred. This newfound assertion of privilege cannot be sustained without the disclosure necessary to enable an assessment of this remarkable claim. That Plaintiff would assert that emails with carriers regarding their production and objections are "opinion work product" violate basic notions of common sense. Plaintiff has wholly failed to meet his burden in asserting privilege and the communications at issue must be produced.

    B.   **Emails With a Third-Party Subpoenaed Entity Are Not Protected.**

Putting aside Plaintiff's burden in substantiating a work-product objection, which he comes nowhere close to meeting, the communications at issue cannot conceivably be protected. Plaintiff's attempt to analogize the communications at issue to third-party witness interview notes is entirely baseless. (DE 301 at 4-5.) Plaintiff reliance on the Supreme Court's *Hickman v. Taylor* opinion proves this point. *Hickman* involved the issue of whether an attorneys' notes of private witness interviews conducted in anticipation of litigation must be produced, which the Supreme Court answered in the negative. *See Hickman*, 329 U.S. 495, 499-514 (1947). Plaintiff's other cited cases involve the same proposition. *See Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1052 (7th Cir. 1998*); Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 608 (D. Nev. 2005) ("A draft affidavit may properly comprise work product."); *Boyer v. Gildea*, 257 F.R.D. 488, 492 (N.D. Ind. 2009) (involving emails from a client's prior counsel to their current counsel).

The communications at issue are *not* witness interviews or attorney notes. They are emails from cellular telephone carriers regarding their objections and responses to subpoenas to identify class members—which is necessarily a public matter that this Court must oversee and approve. These communications cannot be protected for two reasons. <u>First</u>, Rule 45(a)(4) requires pre-

service notice to all parties of a subpoena. *See* Fed. R. Civ. P. 45(a)(4). Communications with third-parties effectuating changes in the subpoena (*i.e.*, by defining undefined terms) thus logically require notice. *See, e.g.*, *Feise v. N. Broward Hosp. Dist.*, No. 14-61556, 2015 WL 13309321, at *4 (S.D. Fla. Apr. 27, 2015) (noting all parties must be provided prior notice of revised subpoena). Plaintiff's position is, in essence, that he can issue a subpoena and then materially change or alter that subpoena privately with a third party without providing any notice to Defendants, structuring an end-around Rule 45's notice requirement. This he cannot do. As subpoenas themselves are plainly not protected, neither can communications altering the subpoena be protected.

Second, Plaintiff's attempt to treat his counsel's emails with the carriers regarding their subpoena responses (or lack thereof) as work product is plainly misguided. As an initial matter, this would improperly render *the carriers'* emails attorney work-product. *See, e.g.*, *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66, 69 (S.D.N.Y. 2003) ("[I]t is a stretch to apply the attorney work product privilege to documents created by a third party and then sent to counsel for a party."). It is disingenuous to suggest that carriers' emails—explaining their production and objections—are protected. And, as a more substantive matter, "[w]ork-product protection is waived when protected materials are disclosed in a way that substantially increases the opportunity for potential adversaries to obtain the information." *Brown v. NCL (Bahamas), Ltd.*, 155 F. Supp. 3d 1335, 1339 (S.D. Fla. 2015) (internal quotations and citation omitted). Plaintiff's counsel has repeatedly and voluntarily "disclosed" their communications with non-party subpoenaed entities, and has specifically represented to this Court that Defendants could simply subpoena the carriers for those communications. (*See* DE 301 at 5); *see also Stern v. O'Quinn*, 253 F.R.D. 663, 682 (S.D. Fla. 2008) ("[T]he types of disclosures made . . . are entirely inconsistent with a desire to maintain the privacy of the information disclosed."). Plaintiff in fact filed a motion to compel AT&T's subpoena response, which would have necessarily included a public airing of the communications Plaintiff now seeks to withhold. (*See* DE 288.) Plaintiff has also repeatedly disclosed the contents of his communications with the carriers through counsel declarations. (*See* DE 282-1, 285-1.)

It is self-evident that Plaintiff's counsel does not credibly treat their communications with the carriers as confidential work-product, nor could they rightfully do so. Indeed, Judge Hopkins reached this conclusion in a similar situation, finding that emails between defense counsel and an independent witness *were not* protected and must be produced. *See Davis v. United States*, No. 08-81447, 2010 WL 11504342, at *5 (S.D. Fla. Feb. 25, 2010); *see also Ricoh*, 219 F.R.D. at 69

4

(holding emails between a third-party and defendant's counsel are not work-product, particularly given the third-party witness had no interest in the action and was not retained as a consultant).

## II.   COMMUNICATIONS WITH THE CARRIERS ARE CRUCIAL FOR THIS COURT TO EXERCISE ITS RESPONSIBILITIES AND TO PROTECT DEFENDANTS' DUE PROCESS RIGHTS.

Plaintiff glosses over this Court's obligations to oversee the certified class and fails to even mention Defendants' due process rights.  Plaintiff maintains that the mere fact of entering orders (regardless of subject matter) satisfies this Court's continuing role.  (*See* DE 301 at 5.)  Plaintiff ignores that the basis of Defendants' Motion is that Plaintiff is withholding information necessary for the Court to oversee the class.  Plaintiff cannot simply put forth a list of class members and withhold the context for that list.  This is all the more relevant here where Plaintiff is ***missing data for thousands of class members***.  This Court should evaluate Plaintiff's notice plan and ongoing satisfaction of Rule 23's implied ascertainability requirement with the context for this missing data.  *See, e.g., St. Louis Heart Ctr., Inc. v. Vein Centers for Excellence, Inc.*, No. 12-174, 2017 WL 2861878, at *4 (E.D. Mo. July 5, 2017) (decertifying TCPA class).  Furthermore, this Court should not sanction litigation by surprise.  Defendants unquestionably have a due process right to challenge class membership.  *See, e.g., Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 949 (11th Cir. 2015).  Plaintiff would prefer to put forward an unquestionable list of class members. Defendants must have the context for the carriers' productions—including how, Plaintiff's counsel unilaterally defined the term "user" to overcome objections—to exercise their due process rights.[1]

## III.   ALTERNATIVELY, DEFENDANTS SHOULD BE GRANTED LEAVE TO SUBPOENA THE CARRIERS FOR THE COMMUNICATIONS AT ISSUE.

As a final matter, should this Court find that—despite failing to satisfy the work-product doctrine—Plaintiff has no obligation to produce the communications at issue, Defendants request leave to subpoena the carriers for the communications at issue.  Plaintiff specifically asserts in his opposition that Defendants "should contact the third-part[ies] themselves." (DE 301 at 5.)

## CONCLUSION

Defendants respectfully request this Court (i) compel Plaintiff to produce his counsel's communications with the carriers and (ii) award all relief deemed equitable and just.

---

[1]     Plaintiff states "it is difficult to understand what Defendants hope to gain" by the emails at issue.  (DE 301 at 2.)  Defendants want to "gain" what they are entitled to—context for the carrier productions.  On the contrary, it is difficult to understand why Plaintiff is withholding these emails.

DATED:  April 24, 2019

Respectfully submitted,

*/s/ David S. Almeida*

David S. Almeida, Esq. (admitted *pro hac vice*)
dalmeida@beneschlaw.com
Mark S. Eisen, Esq. (admitted *pro hac vice*)
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192

Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6997
Florida Bar No.: 49881

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF CARRIER SUBPOENA COMMUNICATIONS** was served upon all interested parties using this Court's ECF filing system this 24th day of April, 2019.

*/s/ Jordan S. Kosches*

7