# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRIAN KEIM, an individual, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 9:12-cv-80577 |
| v. ) ) | Hon. Judge Kenneth A. Marra |
| ADF MIDATLANTIC, LLC, a foreign limited liability company, AMERICAN HUTS INC., a foreign corporation, ADF PIZZA I, LLC, a foreign limited liability company, ADF PA, LLC, a foreign limited liability company, and PIZZA HUT, INC., a foreign corporation ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge William Matthewman |
| Defendants. ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL VERIZON TO COMPLY WITH PLAINTIFF'S SUBPOENA

David S. Almeida, Esq. (admitted *pro hac vice*)
dalmeida@beneschlaw.com
Mark S. Eisen, Esq. (admitted *pro hac vice*)
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6997
Florida Bar No.: 49881

*Counsel for Defendants*

**PRELIMINARY STATEMENT**

Plaintiff has requested and received *ninety-six* days in extensions of time to comply with his deadline to complete carrier subpoenas. The current deadline is June 12, 2019 and the current deadline to send class notice is July 10, 2019.

Defendants oppose Plaintiff's Motion to Compel Verizon to Comply with Plaintiff's Subpoena and the Court's April 4, 2019 Order on the basis that it effectively acts as a *de facto* extension and modification of the scheduling order. Plaintiff did not file his motion until June 6, 2019, knowing that the motion could not possibly be heard and ruled on in time to meet the June 12, 2019 deadline. Indeed, given the hearing date of July 2, 2019 and intervening July 4 holiday, it is incredibly unlikely that the motion could be ruled on (and any such order complied with, if need be) in time to meet the July 10, 2019 notice deadline. Plaintiff should not be permitted to seek a backdoor extension of the scheduling order, which in and of itself would require a showing of good cause (a phrase appearing nowhere in Plaintiff's motion).

Furthermore, the subpoena at issue was served on February 7, 2019, and the order Plaintiff seeks to compel compliance with was entered on April 4, 2019. Plaintiff fails to support how his motion is timely under Local Rule 26.1(g). Plaintiff received Verizon's subpoena responses on or about April 17, 2019. While Defendants are cognizant that discovery disputes warrant meet and confer discussions, Local Rule 26.1(g) seeks to avoid the very problem at issue here—taking over 45 days to bring an issue to the Court's attention, in the meantime creating a *de facto* request to modify the scheduling order. Plaintiff provides no basis for this delay.

**BACKGROUND**

**I.     THE CURRENT SCHEDULING ORDER DEADLINES.**

Plaintiff initially sought and received through March 8, 2019 (approximately three months) to complete the process of subpoenaing telephone carriers for class information. (DE 261.) On March 7, 2019—the day before his deadline—Plaintiff sought an extension of the scheduling order deadlines by 75 days. (DE 282.) The Court granted this motion, setting (in relevant part) a deadline of May 22, 2019 to complete the carrier subpoenas. (DE 286.) And on May 21, 2019, Plaintiff sought an additional 21 day extension of the scheduling order deadlines, which was granted. (DE 315, 316.)

The current scheduling order sets June 12, 2019 as the deadline to complete the carrier subpoena process. (DE 286, 316.) Additionally, the deadline for the class administrator to send class notice is July 10, 2019. (*Id.*)

**II.    VERIZON'S SUBPOENA RESPONSE.**

Though it is unclear the day Verizon actually provided its responses to Plaintiff's subpoena, Plaintiff provided the responsive data to Defendants on April 17, 2019. (*See* Declaration of Mark S. Eisen, attached hereto as Exhibit A.) Verizon provided two spreadsheets. (*Id.*)

**DISCUSSION**

Plaintiff provides no basis for waiting until June 6, 2019 to file the instant motion. Moreover, Plaintiff provides no basis for what is effectively a motion seeking a modification of the present scheduling order. Plaintiff filed his motion *six days* prior to the carrier discovery cutoff, knowing it could not be heard and ruled on (and such ruling complied with) prior to the June 12, 2019 cutoff. Such relief requires a showing of good cause—let alone satisfying Local Rule 26.1(g)—which Plaintiff has not made.

First, it is axiomatic that "a scheduling order may be modified only upon a showing of good cause." *Kertesz v. Net Transactions, Ltd.*, No. 08-80730-CIV, 2009 WL 10666839, at *1 (S.D. Fla. Sept. 22, 2009) (Marra, J.); *see also* Fed. R. Civ. P. 16(b)(4); *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (Marra, J.) ("As noted by one court, the scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (internal quotations & citation omitted).  The Eleventh Circuit instructs that "[t]his good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotations and citation omitted).

Plaintiff has not provided any rationale, let alone good cause, for waiting until the eve of the discovery cutoff to file his motion to compel, knowing that it would be impossible to obtain a ruling on this motion and compliance with that ruling, prior to the June 12, 2019 deadline.  Indeed, Verizon's opposition brief is not itself due until *after* the deadline.  (*See* DE 334.)  More than just the carrier discovery deadline, Plaintiff's motion will almost certainly necessitate a modification of the current July 10, 2019 deadline to provide class notice.  The hearing on Plaintiff's motion is not set until July 2, 2019, and the intervening July 4 holiday makes a ruling prior to July 10 (not to mention any compliance required by Verizon) impossible.

The fact of the matter is, Plaintiff received Verizon's subpoena responses on or about April 17, 2019—nearly two months ago.  (*See* Eisen Decl..)  Plaintiff's motion concerns missing user data, and Plaintiff declines to offer an explanation for waiting until June 6 to file the instant motion.  Plaintiff's motion is simply an eleventh hour attempt to avoid the fact that Plaintiff has run out of time—after ***six months*** of carrier discovery—to seek carrier data.  Plaintiff should not be permitted to seek what is, in actuality, a request to modify the scheduling order.

Second, Plaintiff has likewise failed to explain how—despite receiving Verizon's data on or about April 17, 2019—he is able to meet Local Rule 26.1(g)'s 30-day deadline to file a discovery motion. *See* S.D. Fla. L.R. 26.1(g)(1). Local Rule 26.1(g) provides a 30-day deadline to file a discovery motion pegged off of two dates relevant here: (i) the original due date of the discovery request or (ii) the date on which the moving party learned of the purported discovery deficiency. *Id.* Here, the date set for compliance with Plaintiff's February 7, 2019 subpoena was February 27, 2019. (*See* Exhibit B.) Verizon produced responsive data on or about April 17, 2019. (*See* Eisen Decl.) In either event, the 30-day deadline would have passed at the latest nearly a month ago. *See, e.g.*, *Deluca v. Ceres Terminals Inc.*, No. 14-CV-24706-JLK, 2016 WL 7626197, at *1 (S.D. Fla. June 3, 2016). Plaintiff likewise does not demonstrate good cause to avoid compliance with this rule. Plaintiff's motion to compel should be denied.

Third, and as a final matter, Defendants note that Plaintiff did not meet and confer with Defendants prior to filing his motion, despite that Defendants would clearly be impacted by the relief sought—namely, what would effectively be a modification of multiple dates in the present scheduling order. *See* S.D. Fla. L.R. 7.1(a)(3).

## CONCLUSION

Defendants respectfully request this Court (i) deny Plaintiff's motion to compel and (ii) award all relief deemed equitable and just.

DATED:  June 12, 2019                              Respectfully submitted,

/s/ David S. Almeida

David S. Almeida, Esq. (admitted *pro hac vice*)
dalmeida@beneschlaw.com
Mark S. Eisen, Esq. (admitted *pro hac vice*)
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192

Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6997
Florida Bar No.: 49881

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL VERIZON TO COMPLY WITH PLAINTIFF'S SUBPOENA** was served upon all interested parties using this Court's ECF filing system this 12th day of June, 2019.

/s/ Jordan S. Kosches