## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| BRIAN KEIM, an individual, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 9:12-cv-80577-KAM |
| v. | ) ) | |
| ADF MIDATLANTIC, LLC, a foreign limited liability company, AMERICAN HUTS, INC., a foreign corporation, ADF PIZZA I, LLC, a foreign limited liability company, ADF PA, LLC, a foreign limited liability company, (known collectively as "ADF COMPANIES"), and PIZZA HUT, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF GREGORY A. ELLIS IN SUPPORT OF VERIZON WIRELESS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

I, Gregory A. Ellis, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1.      I am a partner at Scheper Kim & Harris LLP, attorneys for Verizon Wireless ("Verizon"). I am providing this declaration in support of Verizon's opposition to plaintiff Brain Keim's ("Plaintiff") Motion to Compel Verizon to Comply with Plaintiff's Subpoena (the "Motion") in the above captioned case.

2.      I have personal knowledge of the following facts as set forth in this declaration and, if called as a witness, could and would competently testify thereto.

3.      Before Plaintiff filed the Motion, Verizon and Plaintiff engaged in meet and communications through counsel.  My partner, Alexander Cote, participated in these

1

communications on behalf of Verizon, and Amy Wells, counsel for Plaintiff, participated on

Plaintiff's behalf.  Attached to this Declaration as Exhibit 1 is a true and correct copy of meet-

and-confer communications between Mr. Cote and Ms. Wells, dated June 3 and June 4, 2019.

       I declare under penalty of perjury that the foregoing is true and correct, and that this

declaration was executed on this 13th day of June 2019 in Los Angeles, California.

Dated: June 13, 2019

                                                 Gregory A. Ellis

EXHIBIT 1

**Gregory Ellis**

| | |
|---|---|
| **From:** | Alexander Cote |
| **Sent:** | Tuesday, June 04, 2019 12:00 PM |
| **To:** | Amy L. Wells |
| **Cc:** | Rachel Wollenschlager |
| **Subject:** | RE: Keim v. ADF, Case No. Case 9:12-cv-80577-KAM,  RE: Contact info, Verizon's Data |

Amy,

Following up on the two issues we have been discussing.

First, as explained in my email below, the term "user information" is a misnomer. Verizon Wireless has no "user information." While subscribers may add one or more additional users to their accounts, Verizon Wireless does not know who is using any of the cellular numbers on that account. Similarly, although subscribers may label a particular number on a group plan with a name, as you appear to have done with your personal Verizon Wireless account, Verizon Wireless does not have any way to determine what the label means, the person who may be associated with the label or whether any person whose name matches the label is actually using the phone. These user labels are thus of limited probative value.

But, more importantly, and as I also explained below, Verizon Wireless does not keep these user labels in any readily accessible database. You expressed skepticism about this claim, because other providers apparently keep this information more readily available. I advised you that Verizon Wireless's systems are different than other carrier's systems, and that Verizon Wireless does not keep these user labels readily available because it does not use them for any purpose. I also advised you that we may be able to find these labels by individually looking up each account in a number of other databases, but there is no way to automatically search for and find this information. Instead, that is a process that would require significant manual work and take at least an hour per number to complete.

I also advised you that Verizon Wireless would be willing to conduct this extraordinary work if your firm or clients were willing to pay for it. As you know, both your firm and your clients have an obligation under Fed. R. Civ. P. 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Therefore, you should have no objection to this proposal. Moreover, although you expressed skepticism about our estimated cost, it is merely the product of a $75 hourly rate and the 435 hours (one hour per number) that it would take to provide the user labels. You seem to think that this time estimate is too high, and that all that is required is a "simple query" to collect this information. I cannot imagine what basis you could possibly have for this assertion, as you know nothing about Verizon Wireless's systems. But if you are so confident that it will take only a few hours to collect the user labels, then put your money where your mouth is and agree to pay for it.

Second, I followed up on your request for the mobile number of the account-holding subscriber. Once again, Verizon Wireless does distinguish between an account owner or any other numbers on an account. We can, however, provide you a list of all mobile numbers associated with each account on your list. Please let me know if you would like us to collect that information.

Thanks,

**Alexander H. Cote**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4660 ● F (213) 613-4656

**From:** Amy L. Wells <Awells@Keoghlaw.com>
**Sent:** Monday, June 3, 2019 2:48 PM

1

**To:** Alexander Cote <acote@scheperkim.com>
**Cc:** Rachel Wollenschlager <rwollenschlager@keoghlaw.com>
**Subject:** RE: Keim v. ADF, Case No. Case No. 9:12-cv-80577-KAM, RE: Contact info, Verizon's Data

Dear Alex:

Circling back – please advise of Verizon's position as to the omitted information related to the subscriber phone numbers per our discussion this afternoon.

My understanding as to the user information is that you stand by the position that it would cost approximately $30,000. to provide the user information maintained by Verizon. Please understand we find this highly unreasonable, and will seek court intervention. As we discussed, Verizon is the *only* carrier suggesting such a challenge, which is also contrary to my understanding from Tami earlier in this process. We believe, at most, this would require the creation of a simple query to cull the information from Verizon's database(s) as Verizon undeniably maintains the information and it is simply a matter of providing it for those mobile numbers in the data that are associated with a user on the account.

To recap, the only remaining outstanding information is: identification of the user (as maintained in Verizon's files, if any) for any mobile number in the data that is associated with a user on the account. Additionally, for those numbers, we seek the mobile telephone number associated with the account-holding subscriber (*i.e.*, "owner") for those numbers.

Given the court-ordered deadlines at issues in this case, please let me know Verizon's position today, or no later than noon tomorrow. Thanks, Alex. Time being of the essence, I look forward to your response.


Amy L. Wells
Keogh Law, Ltd.
312.374.3401 (direct)

PRIVILEGED COMMUNICATION
This e-mail and any attachments may contain confidential or privileged materials. Unless you are the addressee (or authorized by the addressee to receive this e-mail) you may not copy, use or distribute it. If you received this e-mail in error, please contact the sender.

**From:** Amy L. Wells
**Sent:** Monday, June 3, 2019 1:16 PM
**To:** Alexander Cote <acote@scheperkim.com>
**Cc:** Rachel Wollenschlager <rwollenschlager@keoghlaw.com>
**Subject:** RE: Keim v. ADF, Case No. Case No. 9:12-cv-80577-KAM, RE: Contact info, Verizon's Data

Yes! I'll call you then.

Amy L. Wells
Keogh Law, Ltd.
312.374.3401 (direct)

PRIVILEGED COMMUNICATION
This e-mail and any attachments may contain confidential or privileged materials. Unless you are the addressee (or authorized by the addressee to receive this e-mail) you may not copy, use or distribute it. If you received this e-mail in error, please contact the sender.