UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BRIAN KEIM, on behalf of himself and )
all others similarly situated, )
) Case No. 9:12-cv-80577-KAM
Plaintiff, )
v. ) Hon. Judge Kenneth A. Marra
)
ADF MIDATLANTIC, LLC, et al., ) Magistrate Judge William Matthewman
)
Defendants. )
)

**REPLY TO VERIZON'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL VERIZON TO COMPLY WITH PLAINTIFF'S SUBPOENA AND THE COURT'S APRIL 4, 2019 ORDER [ECF 292], OR SHOW CAUSE**

Plaintiff seeks the mobile telephone number of the account-holding subscriber (referred to by Verizon as the "Owner"; *see* ECF 333-1 at 2[1]). Verizon approved the consent order, which provided Verizon's production of the account-holding subscriber's mobile number,[2] providing in relevant part:

> "Verizon shall … identify the subscriber of the account, and any users, as well as which telephone numbers are associated with each person by appending an additional column to Spreadsheet Number 2."

After examining the records, Plaintiff determined that for the 443 shared Verizon accounts, Verizon did not produce the account subscriber's mobile number. After Plaintiff brought this to Verizon's attention, it claimed it complied with both the subpoena and the Consent Order because it did not have subscriber information for the shared plans and somehow did not know who the owner of the account is.[3] However, Verizon now concedes it has this information, but it seeks to have

---

1 The Verizon webpage provides as follows:

Account owner
Account number 0281766282-00001
███1887

This is an excerpt from the Verizon webpage relating to one Plaintiff's Class Counsel (Amy Wells)'s shared plan, wherein Ms. Wells is the account-holding subscriber (*i.e.,* "owner") with a mobile telephon number ending in 1887 (the number on ECF 333-1)
2 As set forth in the instant motion, the consent motion addressed Verizon's production of data sought for its Pennsylvania, Delaware and California customers, which the subpoena sought for *all* customers through the United States.
3 Plaintiff attached Verizon's own document showing it knows who the subscriber/owner is.

78250

1

Plaintiff pay unreasonable fees for it despite the Consent Order already providing for this information, and despite the fact that it failed to make any objection relating to costs. As explained below, Verizon's request for expenses are unreasonable, and it waived any such request even if the expenses were reasonable.

I.   The Costs Verizon Seeks Are Unreasonable

Verizon admits that it maintains the information in its database. The only issue in providing the information is that Verizon seeks exorbitant costs to comply with the subpoena. Verizon initially sought $36,000.00 (or $81.26 for each of the 443 shared Verizon accounts). *See* Response, ECF 339 at 4. At Verizon's June 18 request during the parties most recent conferral, Plaintiff readily agreed to provide Verizon specific dates (compared to the class period), and did so the same day. *See* Exh. 1 at ¶ 2. Verizon then changed its demand to $2,800.00 - $3,000.00 based on $75 an hour for a contractor to look up this information. *See id.* at ¶ 3. However, this demand is still unreasonable, was waived months ago, and should not be entertained. Verizon's compliance should be ordered at its own expense, or limited to the reasonable costs ordered by other courts in this Circuit. *See e.g., Horn v. Volusia Cty.*, No. 6:08-cv-18-Orl-19DAB, 2008 U.S. Dist. LEXIS 61426, at *3-5 (M.D. Fla. Aug. 5, 2008) (allowing copying costs of $0.15 per page); *Williams v. Sunbelt Rentals, Inc.*, No. 8:04-cv-1395-T27MSS, 2005 U.S. Dist. LEXIS 51374, at *9 (M.D. Fla. Oct. 12, 2005) (allowing copying costs of $0.20 per page). In *Horn* the Court held passing on the contractors costs for simple requests was unreasonable:

> It appears that non-party ACT has responded to a records subpoena issued by Defendants in this case by allowing an imaging and copying contractor to copy the medical records at issue and bill the Defendants directly for the privilege. The contractor has charged $ 1,890.16 to reproduce approximately 1700 pages. Defendants object to the roughly $ 1 a page charge as being unreasonable. The Court agrees.

*Horn* at *1-2.

II.   Any Objection to Expense Was Waived

Foremost, the information at issue was requested in the subpoena [ECF No. 283-3 at 12-15], which was reiterated in the consent motion with Verizon [ECF 290], which was entered on April 3, 2019 [ECF 292 at 2]. The Consent Order specifically covered Verizon's production of the account-holding subscriber's mobile number,[4] providing in relevant part:

---

4 As set forth in the instant motion, the consent motion addressed Verizon's production of data sought for its

78250

2

> "Verizon shall ... identify the subscriber of the account, and any users, as well as which telephone numbers are associated with each person by appending an additional column to Spreadsheet Number 2."

Furthermore, Verizon *never* submitted any written objections to Plaintiff's subpoena, as required under Civil Rule 45. Indeed, Verizon failed to raise this issue at all until months after the February 2019 subpoena was served, waiving its right to do so under Civil Rule 45(c)(2)(B), which provides in relevant part:

> Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Moreover, as this Court held in *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*:

> Failure to timely file a written objection to a subpoena will generally result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production.

*Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-CIV-81397, 2016 U.S. Dist. LEXIS 58208, at *13 (S.D. Fla. Apr. 26, 2016)(refusing to order the subpoenaing party to pay costs), *citing McCabe v. Ernst & Young, LLP.*, 221 F.R.D. 423, 426 (D.N.J. 2004); *also see In re Accutane Prods. Liab. Litig.*, Nos. 8:04-md-2523-T-30TBM, 8:05-cv-926-T-30TBM, 2006 U.S. Dist. LEXIS 27642, (M.D. Fla. May 9, 2006); *Universal City Dev. Ptnrs, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005); *Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 664 (N.D. Fla. 2010) (ordering compliance, finding verbal statement did not constitute proper objections under R. 45).

Under Rule 45, when a non-party is going to incur significant expense from compliance with the subpoena *and* that non-party has *timely objected* on those grounds, the Court's order must protect the non-party from significant expense resulting from compliance. As this Court refused to order the party in *Sun Capital Partners* to pay costs for compliance, Plaintiff submits the Court should do so here. *See id.,* 2016 U.S. Dist. LEXIS 58208 at *13 (finding even where written objections had been made that the "equities do not support an award of costs or fees" to the non-party corporate

---

Pennsylvania, Delaware and California customers, which the subpoena sought for *all* customers through the United States.

entity.) Here, Verizon has not raised objections as required by Rule 45 *at all.* Therefore, it is improper for Verizon to do so now. Accordingly, Verizon should be ordered to comply at its own cost.

In addition, even in cases where costs have been ordered, courts in this Circuit have aptly found unreasonable costs to hire contractors but instead should be limited to allowable copying costs. *See Horn*, 2008 U.S. Dist. LEXIS 61426, at *3-5 (holding "the only relevant facts are that ACT was validly served with a subpoena, did not object to the production or otherwise timely seek protection from compliance, and is thus, duty bound to comply. How ACT elects to comply with its obligation is its own business. The responsibility to comply with the subpoena is ACT's." The Court allowed copying costs of $0.15 per page); *Williams*, 2005 U.S. Dist. LEXIS 51374, at *9 (refusing to order costs of four hours of time to review, reasoning in part the non-party had caused the party "to incur expense in compelling compliance…to obtain documents to which it is otherwise entitled." The Court allowed copying costs of $0.20 per page).

Second, Verizon did not raise costs as an issue when the consent motion was filed with the Court in early April, which included the very information at question. *See* ECF 290. Only months later does Verizon raise this issue, standing alone as the only carrier to withhold this information.

Plaintiff has worked in good faith to try to resolve this matter with Verizon. This has included narrowing the initial request to only those 443 accounts that Verizon previously identified as shared plans. And within three hours of Verizon's June 18 request, Plaintiff further narrowed the 443 numbers from the class period (November 2010 to January 13; *see* ECF 263) to the specific date. Moreover, Plaintiff is only seeking the mobile telephone number associated with the account-holding subscriber (the "Owner"), not the identity of all other users on the account.

Plaintiff has also repeatedly explained to Verizon the basis of the need for the information; specifically, to exclude Class members referred to Defendants by the account-holding subscriber. Verizon's contention that this information is not needed (ECF 339 at 4) belies the Order that Class Counsel has shared and discussed with Verizon's counsel. Accordingly, Verizon's offer to provide all of the phone numbers on the account would not aid in Plaintiff's efforts to comply with the Court's order, because it would not identify which number belongs to the account-holding subscriber.[5] Despite ongoing conferrals with Verizon, Verizon seems to conflate the need for the information it

---

5  Defendants raises various arguments in its motions that are inapposite. The fact that *user* names may be nicknames, for instance, has no bearing on which number belongs to the account-holding subscriber, which Plaintiff seeks here so he may exclude any subscriber-referred class members.

78250

has already provided, which is necessary to provide class notice, and the outstanding information, which is needed to exclude class members who the Court deemed to have provided consent to receive the Pizza Hut marketing texts.

Verizon argues it does not have "reasonable access" to its own database. Verizon inexplicably suggests that on average it takes "experienced employees" over an hour to obtain information from its own database, about its own customers. Plaintiff disputes Verizon's candor or approach in compliance as a member of Class counsel accessed the information identify the "Owner" of a shared plan's cellular number (*see* ECF 333-1) in under a minute. *See* ECF 339 at 3. It is undisputed that Verizon knows the mobile number belonging to the account-holding subscriber/Owner. Verizon should be ordered to produce it.

WHEREFORE, for the foregoing reasons, and those set forth in Plaintiff's Motion, Verizon should be compelled to comply with Plaintiff's subpoena at its own expense.

Respectfully submitted,

s/ *Keith J. Keogh*
Keith J. Keogh
Amy L. Wells, *pro hac vice*
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312.374.3401 (Direct)
312.726.1092 (Main)
312.726.1092 (Fax)
AWells@Keoghlaw.com
Keith@Keoghlaw.com

Scott D. Owens
SCOTT D. OWENS, PA.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Phone: 954-589-0588
Fax: 954-337-0666
Email: Scott@ScottDOwens.com

*Class Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and served upon Counsel for Verizon by electronic mail delivery.

By: s/ *Keith J. Keogh*
Keith J. Keogh

78250

5