## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| BRIAN KEIM, an individual, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | CASE NO. 9:12-cv-80577-KAM |
| v. ) ) | |
| ADF MIDATLANTIC, LLC, a foreign limited liability company, AMERICAN HUTS, INC., a foreign corporation, ADF PIZZA I, LLC, a foreign limited liability company, ADF PA, LLC, a foreign limited liability company, (known collectively as "ADF COMPANIES"), and PIZZA HUT, INC., a foreign corporation, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

### SUPPLEMENTAL DECLARATION OF DONNA NAJAR
### IN SUPPORT OF VERIZON WIRELESS'S STATUS REPORT

I, Donna Najar, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

### BACKGROUND

1. I previously submitted a declaration on behalf of Verizon Wireless in support of its opposition to plaintiff Brain Keim's ("Plaintiff") Motion to Compel Verizon to Comply ("Motion") with Plaintiff's Subpoena in the above captioned case. I submit this supplemental declaration with the parties' June 28, 2019 joint report to the Court.

2. I have personal knowledge of the following facts as set forth in this declaration and, if called as a witness, could and would competently testify thereto.

3. Starting in paragraph 16 of my original declaration, I explained that the only way Verizon Wireless could obtain and produce the "nicknames" for each phone number on a multi-number plan was to pull individual customer invoices from Verizon Wireless's systems. My declaration also explained the steps required to collect those invoices and the costs to Verizon Wireless of completing those steps.

4. After I submitted my original declaration, I continued to investigate if there were other ways of obtaining this nickname information, and learned that the information could be accessed from a database that I recently learned about.

5. That database can be searched using custom queries, and those queries can search for and find the nicknames for a given account or accounts in a given billing cycle (*i.e.*, in a given month). However, because of the way in which the data is stored, each billing cycle requires its own separate query.

6. After consulting with Verizon Wireless's information technology staff, I predict that it would take approximately four hours to write and run the initial query to pull the nickname information for a single billing period. I also predict that it would take between thirty minutes and an hour to modify and run the query for a different billing period.

7. Thus, if Plaintiff sought the nicknames for a single billing period, the work would take approximately four hours to complete. If Plaintiff sought the nicknames for two billing periods, it would take approximately four and a half to five hours (four hours for the initial query and thirty to sixty minutes for the second query). If Plaintiff sought the nicknames for all thirteen billing periods encompassed in the subpoena, it would take between 12-16 hours to complete (four hours to write the initial query for the first billing period and thirty to sixty minutes more for each additional query).

8.     This compares favorably to the 480 hours I predicted it would take to pull the individual customer invoices. Nevertheless, for the reasons stated in paragraphs 24 and 25 of my original declaration, Verizon Wireless does not have employees available to conduct this work, and therefore it would need to retain outside contractors to perform it. At the rate of $75 per hour discussed in my original declaration, I predict the cost to Verizon Wireless of collecting this information would range from $900-1200.

9.     As stated in my original declaration, to date, Verizon sent an invoice to Plaintiff for the $456 Verizon Wireless has already incurred in responding to Plaintiff's subpoena. That invoice is attached hereto as Exhibit A. To date, Plaintiff has not paid the amount invoiced on Exhibit A.

10.     I have reviewed Exhibit 1 submitted by Plaintiff with the Motion. Exhibit 1 reflects the first phone number used to log into the customer's MyVerizon account. But Verizon Wireless has no way of knowing whether that number was or is actually used by the account owner, that is, by the customer who receives invoices from Verizon Wireless for that account.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 28th day of June 2019 in San Angelo, Texas.

Dated: June 28, 2019

*Donna Najar* (signature)

Donna Najar

# EXHIBIT A

**verizon**

VERIZON SECURITY SUBPOENA COMPLIANCE
2701 S. JOHNSON ST.
SAN ANGELO, TX, 76904
TAX ID: 23-2259884 / Cage # 3L7L6
PHN: 888-483-2600
FAX: 325-949-6916

| Date | Invoice # |
|---|---|
| 04/16/2019 | 2019248726 |

## Case Invoice

Account #        NJ130113
Payment Due Date:   05/16/2019

Keogh Law
55 W. Monroe St
Suite 3390
Chicago, IL, 60603

| VZ Case# | File/Docket # | Description | Date Rec | Request Atty/Agent | Rate | Amount |
|---|---|---|---|---|---|---|
| 190037570 19122703 0 | 912cv80577 | # Hours: 6 / $75.00 Shipping: $6.00 | 04/16/2019 | Amy Wells | | $456.00 |

|  |  |
|---|---|
| Total | $456.00 |
| Payments/Credits | $0.00 |
| Balance Due | $456.00 |

Please return a copy of this summary with your payment. Please reference invoice number on your remittance check.
_____

| Account # | Total Amount Due | Payment Due Date | Amount Enclosed |
|---|---|---|---|
| NJ130113 | 456.00 | 05/16/2019 | |

Keogh Law
55 W. Monroe St
Suite 3390
Chicago, IL, 60603
Attn: Amy Wells

**Make check payable to:**
VERIZON SECURITY SUBPOENA COMPLIANCE
2701 S. JOHNSON ST.
SAN ANGELO, TX, 76904