UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 12-CV-80577-MARRA/MATTHEWMAN

BRIAN KEIM, an individual, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

ADF MIDATLANTIC, LLC, a foreign
limited liability company, et al.,

    Defendants,
_____/

## VERIZON WIRELESS'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL, OR SHOW CAUSE [D.E. 375]

Once again, Plaintiff has rushed to the Court with a manufactured discovery dispute where none should exist.

Last time, Plaintiff sought an order compelling Verizon Wireless to identify which phone number, on 443 multi-number accounts, the account subscriber was using on any given day. *See* D.E. 333. Plaintiff brought that motion despite the undisputed evidence that Verizon Wireless does not track such data. *See, e.g.,* D.E. 356. Ultimately, the Court agreed with Verizon Wireless, and ordered Verizon Wireless to instead provide a list of *all* phone numbers associated with the 443 accounts – the exact same data that Verizon Wireless had offered to provide Plaintiff *before* he filed his motion. *Compare* D.E. 362 *with* D.E. 339-2 at 4. In other words, Plaintiff's motion, was a complete waste of judicial and party resources, as Plaintiff obtained nothing that Verizon Wireless had not already offered to produce.

Plaintiff's latest motion [D.E. 375] is more of the same. The instant motion has nothing to do with the 443 accounts that were the subject of the prior motion. Instead, Plaintiff now complains about information Verizon Wireless provided on a different population of approximately 1500 accounts in *April 2019*. At that time, Plaintiffs sought only the name, address and email address of the subscriber for these accounts, and Verizon Wireless provided that information. Despite

1

having it for approximately *three months,* Plaintiff raised a concern about the data for the first time with Verizon Wireless's counsel on Thursday, July 11, 2019, the *day before* the discovery cut off.

In a status report filed with the Court that same day, Verizon Wireless reported that it was investigating Plaintiff's newly raised concern, and would provide more information once it was available. *See* D.E. 370. Instead of allowing Verizon Wireless time to investigate, however, Plaintiff filed the instant motion the next day. *See* D.E. 375.

On July 19, 2019 (eight days after Plaintiff first raised the issue), Verizon Wireless provided a replacement set of data for the 1500 accounts.  As a result, Plaintiff's motion is now moot. Although Plaintiff represented that he would withdraw the motion once Verizon Wireless provided this data, as of this filing, he has not done so.

Accordingly, the motion should be denied as moot.

Dated: July 22, 2019                                             Respectfully submitted,

*[signature: Robert J. Alwine]*

Robert J. Alwine, Esq.
Fla. Bar No. 404179
ROBERT JOSEPH ALWINE, P.A.
240 Crandon Boulevard, Suite 263
Key Biscayne, Florida 33149
Telephone:  (305) 965-0813
robert@robertalwine.com

 -and-

*/s/ Alexander H. Cote*
Alexander H. Cote, Esq.
Admitted Pro Hac Vice
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
acote@scheperkim.com

*Attorneys for Non-Party Verizon Wireless*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF to all counsel of record.

*/s/ Robert J. Alwine*
Robert J. Alwine