# APPENDIX 1

*Execution Copy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| **BRIAN KEIM, on behalf of himself and** | ) | |
| **all others similarly situated,** | ) | |
| | ) | **Case No. 9:12-cv-80577-KAM** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Hon. Judge Kenneth A. Marra |
| | ) | |
| **ADF MIDATLANTIC, LLC, et al.,** | ) | Magistrate Judge William Matthewman |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among the following parties (the "Parties"), by and through their respective counsel: Brian ("Keim" or "Class Representative" or "Named Plaintiff"), on behalf of himself and the Settlement Class (as hereinafter defined), and ADF Midatlantic, LLC, American Huts Inc., ADF Pizza I, LLC, ADF PA, LLC (collectively, the "Franchise Defendants") and Pizza Hut, LLC, ("Pizza Hut," and collectively with the Franchise Defendants, "Defendants").  This Agreement fully and finally compromises and settles any and all claims that were or could have been asserted in the lawsuit styled as *Keim v. ADF Midatlantic LLC et al*, Case No. 9:12-cv-80577-KAM (S.D. Fla.) ("Litigation") and all claims that relate to or arise out of the Franchise Defendants allegedly sending automated text messages to individuals' cell phones without consent during the Settlement Class Period, including all claims under the Telephone Consumer Protection Act ("TCPA");

WHEREAS, on May 27, 2012, Keim, individually and on behalf of a putative class, filed the Complaint in the United States District Court for the Southern District of Florida, alleging a willful violation of the TCPA against the Franchise Defendants;

WHEREAS, on March 25, 2015, Keim filed an amended pleading naming Pizza Hut as a defendant in this action, along with the Franchise Defendants;

WHEREAS, on June 10, 2015, Keim filed the Second Amended Complaint, which is the operative pleading in this case;

WHEREAS, Keim alleges that Defendants caused promotional text messages to be sent to individuals whose telephone number was provided by a third-party without consent in violation of the TCPA;

WHEREAS, Keim alleges that he and other similarly situated individuals are entitled to statutory damages as a result;

WHEREAS, Defendants produced discovery about the merits of the case and the class, including the number of affected consumers who allegedly received the text messages at issue, that caused the alleged TCPA violations to occur, and the third parties involved in the same;

WHEREAS, the Litigation has been extensive and has spanned years including, an appeal to the Eleventh Circuit after the Court dismissed the Litigation and an appeal to the Eleventh Circuit concerning the Court's order certifying the class;

WHEREAS, on December 4, 2018, the Court granted Keim's motion for class certification, with modification;

WHEREAS, class notice has not yet been distributed;

WHEREAS, Pizza Hut contends that it cannot be held directly or vicariously liable for the messages at issue and moved for summary judgment on May 23, 2019, which motion remains pending;

WHEREAS, on August 7, 2019, the Parties attended in-person mediation with the Honorable Judge James Holderman (ret.), who is a highly-regarded former federal judge and professional mediator with JAMS, in Chicago;

WHEREAS, at the time of the mediation, discovery was closed and Pizza Hut's motion for summary judgment and Defendants' motion to decertify the class were pending;

WHEREAS, the Parties were unable to reach an agreement during the mediation, but agreed to continue discussions over the course of the following weeks;

WHEREAS, the Parties reached a class wide settlement on August 29, 2019.

WHEREAS, the Parties have engaged in substantial arms-length negotiations to resolve the Litigation and all claims made against Defendants with a view by Keim's counsel toward

achieving substantial benefits for the Settlement Class, and by all Parties to avoid the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, based on discovery and the experience of Class Counsel, the Class Representative and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class and in the best interest of the Settlement Class;

WHEREAS, the Class Representative, on behalf of himself and as the representative of the Settlement Class, and Defendants desire to resolve the dispute between them;

WHEREAS, Defendants deny any fault, wrongdoing, or liability to Keim, or the Settlement Class Members for any relief, but believe the proposed settlement herein is desirable in order to avoid the further significant burden, expense, risk, and inconvenience of protracted litigation, and the distraction and diversion of its personnel and resources.

WHEREAS, this settlement has been entered into after the 11th Circuit's rulings in *Salcedo v Alex Hana*. If the Court or the Eleventh Circuit determines there is no Article III standing for this Litigation, including the approval process for this Settlement, the Parties agree that this settlement shall proceed in state court in Cook County, Illinois.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Litigation and claims are settled on the terms and conditions set forth below, subject to Court approval after a hearing and on finding that the instant settlement is fair, reasonable, and adequate.

I.    <u>SETTLEMENT CLASS DEFINITION</u>

The Court has previously certified the following Class:

> All persons in the United States who received a text message from Defendants wherein their cellular telephone number was provided by a third party and said text messages were sent using hardware and software owned or licensed to Songwhale or Cellit between November 2010 and January 2013.  Excluded from the class are all persons who received a text message from Defendants wherein their cellular telephone number was provided by a subscriber of the calling plan.

Persons in the above class are collectively referenced herein as the "Settlement Class," and individually as "Settlement Class Members." Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as well as the Judge's immediate family, and any individual who opts out of the Settlement Class as described below.

## II.    OTHER DEFINITIONS

As used in this Agreement, the following terms have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

A.    "Agreement" means this Agreement and all attachments and exhibits hereto, which the Parties understand and agree set forth all terms and conditions of the Settlement between them and which is subject to Court approval.  It is understood and agreed that Franchise Defendants' obligations for payment under this Agreement are conditioned on, among other things, Final Approval.

B. "Claims Administrator" shall mean Kurtzman Carson Consultants LLC ("KCC") which, subject to Court approval, shall be responsible for administrative tasks, including, without limitation:  (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of this Agreement;

(c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) establishing the Settlement Website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; (g); and otherwise assisting with implementation and administration of the terms of this Agreement.

C.  "Claims Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form attached hereto as **Exhibit 1**, the date of which shall be sixty (60) days after the deadline for Full Notice to be sent to Settlement Class Members.

D.  "Class Counsel" means:

Keith J. Keogh (Fla. Bar No. 126335)
Amy L. Wells
KEOGH LAW, LTD
55 W. Monroe St., Suite 3390
Chicago, IL 60603

Scott D. Owens, Esq. (Fla. Bar No. 0597651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019Scott D. Owens
Scott D. Owens, P.A.
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019

E.  "Class Notice" means the notice of the settlement to be sent to class members in the form or forms approved by the Court. This includes a "Postcard Notice" that shall be sent to all class members by first class mail as provided below. The Parties

agree to propose approval of the form Postcard Notice attached as **Exhibit 2.** This also includes a "Long Form Notice" that shall be posted on the Settlement Website. The Parties agree to propose approval of the form Long Form Notice attached as **Exhibit** 3.

**F.**     "Class Representative" or "Named Plaintiff" refers to Plaintiff Brian Keim.

**G.**     "Complaint" means the original complaint filed in this lawsuit dated May 27, 2012, that was filed with the Court in this Litigation.

**H.**     "Counsel for Defendants" means:

David S. Almeida, Esq.
Mark S. Eisen, Esq.
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
333 W. Wacker Drive,
Suite 1900
Chicago, IL 60606

Jordon S. Kosches, Esq.
GRAYROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131

**I.**     "Court" means the United States District Court for the Southern District of Florida, where the Litigation is pending.

**J.**     "Effective Date" means the date on which the Order of Final Approval becomes Final.

**K.**     "Fairness Hearing" means a hearing set by the Court to take place no sooner than 200 days after entry of the Preliminary Approval Order for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering the Order of Final Approval.

**L.**       "Final" or "Finally Approved" or "Final Approval" of this Agreement means the later of the date that (i) the time has run for any appeals from the Order of Final Approval or (ii) any such appeals have been resolved in favor of approving, or affirming the approval of, this Agreement.

**M.**       "Full Notice" shall mean the Postcard Notice mailed to the class members, and the Longform Notice posted on the Settlement Website, in substantially the forms attached as **Exhibits 2 and 3**, respectively, to this Agreement. Full Notice shall be effectuated not less than ninety (90) days before the date set by the Court for the Final Approval Hearing.

**N.**       "Incentive Payment" means any approved payment to the Class Representative that is further described in Section III(F)(2) of this Agreement.

**O.**       "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section IV(B)(5) of this Agreement to be able to object to the Settlement.  The Objection Deadline shall be sixty (60) days after the deadline for the Full Notice to be sent to Settlement Class Members.

**P.**       "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with the Settlement Administrator in order for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than sixty (60) days after the deadline for the Postcard Notice to be sent to Settlement Class Members.

**Q.**     "Order of Final Approval" or "Final Approval Order" means the order entered by the Court that: (a) approves this Agreement, (b) finds the settlement to be fair, reasonable, and adequate in accordance with the Federal Rules of Civil Procedure, (c) makes such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including ruling on Class Counsel's application for attorneys' fees and expenses, the Incentive Payments for the Class Representatives, and (d) dismisses with prejudice the claims of the Class Representative and all Settlement Class Members who do not opt out as provided by this Agreement. The Parties agree to propose entry of the form of Order of Final Approval attached as **Exhibit 4**.

**R.**     "Parties" means Plaintiff, Settlement Class Members who do not opt out and Defendants.

**S.**     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

**T.**     "Preliminary Approval Order" means an order entered by the Court provisionally certifying the Settlement Class and granting preliminary approval to the settlement. The Parties agree to propose entry of the form of Preliminary Approval Order attached as **Exhibit 1**.

**U.**     "Protective Order" means the stipulated confidentiality agreement and order governing the exchange of confidential information that the Parties will collectively request that the Court enter at the time of Plaintiff's motion for preliminary approval.

**V.**     "Release" means all of the releases contained in this Agreement.

*Execution Copy*

W.      "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, and demands of any kind whatsoever, whether at law or equity, that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, that were or could have been asserted in the Litigation against the Releasees in connection with, relating to or arising from any communications and/or telephone calls or text messages received from or initiated by Defendants or the Releasees. This shall include, but not be limited to, any claimed violation(s) of the TCPA, or any federal, state, and/or common laws governing the use of an automatic telephone dialing system and/or calls or texts to cellular phones, and the tort of Invasion of Privacy by Intrusion Upon Seclusion, known or unknown, through the Preliminary Approval Date.

X.      "Releasees" means and refers to the Defendants ADF Midatlantic, LLC, American Huts Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, LLC, and their subsidiaries, parent companies, agents, vendors, predecessors in interest and/or ownership, successors in interest and/or ownership, affiliates of the Franchise Defendants and Pizza Hut, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the

9

foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, managers, agents, representatives, brokers, consultants, heirs, and assigns.

**Y.**     "Releasing Settlement Class Members" means Keim and all Settlement Class Members, other than those who submit timely and proper Opt-Out Requests, and each of their respective executors, representatives, heirs, spouses, partners, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, agents, attorneys, and all those who claim through them or on behalf, and, if relevant, any co-signer, co-buyer, or co-borrower or guarantors.

**Z.**     "Request for Exclusion" means the written request that Settlement Class Members are required to timely submit in order to opt out of the Settlement Class and this Settlement Agreement.

**AA.**   "Settlement Amount" means the six million dollars ($6,000,000.00) Settlement Fund that the Franchise Defendants have agreed to make available on behalf of all Defendants to settle this case pursuant to this Agreement.  This represents the total maximum amount of Defendants' obligation—to be paid by the Franchise Defendants—to make payments pursuant to this Agreement.  The Parties further agree that the Franchise Defendants are the only Parties that are obligated to make any payments under the terms of this Agreement, that Pizza Hut has no obligation to make available or to pay anything to settle this case pursuant to this Agreement, and that the Class Representative and all Releasing Settlement Class Members are

*Execution Copy*

barred from seeking any such payment from Pizza Hut. The Franchise Defendants need not segregate funds or otherwise create special accounts to hold the Settlement Amount and will not relinquish control of any money except as detailed herein. Responsibility for the Settlement Amount and Settlement Payments shall be apportioned 60% to ADF Midatlantic, LLC, ADF Pizza I, LLC and ADF PA, LLC, collectively, and 40% to American Huts Inc., except that each Franchise Defendant shall be jointly and severally liable for the entire Settlement Amount.

**BB.** "Settlement Claim Form" means an electronic or paper document, in the form approved by the Court, to be completed by Settlement Class Members and submitted to the Claims Administrator to receive a share of the settlement. The Parties agree to propose approval of the Settlement Claim Form attached as **Exhibit 5**.

**CC.** "Settlement Class List" means the list of individuals falling within the Settlement Class.

**DD.** "Settlement Class Period" means the time period between November 2010 and January 2013.

**EE.** "Settlement Claim Payments" means the amount necessary to pay total timely and approved claims by Settlement Class Members.

**FF.** "Settlement Payments" means the payment necessary to cover (i) Settlement Claim Payments, (ii) attorneys' fees and costs approved by the Court, (iii) any Incentive Payment, and (iv) the costs of notice and administration.  The Franchise Defendants shall make the Settlement Payments as set forth herein, but in no event shall the Settlement Payments exceed the Settlement Amount.

GG.     "Settlement Website" means the website prepared by the Claims Administrator in connection with the process of providing notice to Settlement Class Members as further described in Section II(B) of this Agreement.

## III.   SETTLEMENT TERMS

### A.     Funding the Settlement

In full and final settlement of the claims of all Settlement Class Members, the Franchise Defendants shall, on behalf of the Defendants, pay the Settlement Payments up to but no more than the Settlement Amount.  The Settlement Payments shall exhaust and fully satisfy any and all payment obligations of Defendants under this Settlement Agreement, and shall extinguish entirely any further obligation, responsibility, or liability to pay any additional expenses, costs, sums, taxes, or payments of any kind to the Class Representative, the Settlement Class Members, the Settlement Administrator, or to any of their respective counsel, experts, advisors, agents, and representatives.

The Franchise Defendants shall, on behalf of the Defendants, pay the Settlement Payments to the Claims Administrator within thirty (30) days after the Effective Date. Any part of the Settlement Amount that is not used to make the Settlement Payments shall remain the property of the Franchise Defendants. The Settlement Amount and structure of this Settlement are material terms.

### B.     All Released Claims Satisfied by Settlement Fund

Each Settlement Class Member shall look solely to the Settlement Payments for settlement and satisfaction of all Released Claims as provided in this Agreement.

### C.     Settlement Fund

The Settlement Fund shall consist of the $6,000,000 Settlement Amount made available to pay Settlement Payments including each Settlement Class Member who submits a timely and

*Execution Copy*

accepted Settlement Claim for a single payment for any and all texts received from Defendants without prior express consent between November 2010 and January 2013. The maximum payment to any Settlement Class Member who submits a timely and accepted Settlement Claim Form under this Settlement shall not exceed $400. Should the Settlement Claim Payments, when combined with the remainder of the Settlement Payments, exceed the Settlement Amount, the Settlement Claim Payments will be reduced on a pro rata basis such that the Settlement Amount is not exceeded.

The distribution for any valid claim shall be as follows:

i.      Settlement awards shall be paid by check. The Claims Administrator shall mail, by first-class mail, a check to each claiming Settlement Class Member with a timely and approved claim within 45 days after the Effective Date. Checks will be valid for 120 days from the date on the check.

ii.     Remaining Funds. Any amounts remaining as a result of uncashed checks shall be sent to a Cy Pres the parties agree on subject to Court approval or if the parties cannot agree, the Cy Pres approved by the Court after the Parties submit their recommendation to the Court.

**D.      Attorneys' Fees and Class Representative Incentive Payment**

The Franchise Defendants shall, on behalf of the Defendants, pay the Settlement Payments to the Claims Administrator within thirty (30) days after the Effective Date.  To the extent that the Court orders an award of attorneys' fees and expenses to any Class Counsel, or an Incentive Payment to the Class Representative, such awards will be paid from the Settlement Fund within forty-five (45) days after the Effective Date.

1.      **Attorneys' Fees and Expenses**

Class Counsel will petition the Court for an award of reasonable attorneys' fees, which shall be inclusive of all costs and expenses, to be paid solely from the Settlement Amount. This award shall be Class Counsel's total recovery for attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, subpoena costs, and document review and production costs).  Class Counsel shall be responsible for allocating and shall allocate all attorneys' fees that are awarded by the Court among Class Counsel, and Defendants shall have no responsibility, role, or liability in connection with such allocation.  The Full Notice shall advise the class on the amount sought.  Defendants retain the right to object to Class Counsel's petition.

2.      **Class Representative Incentive Payment**

Class Counsel will petition the Court for an Incentive Payment for the service to the Settlement Class and the time and effort that the Class Representative personally invested in this Litigation, to be paid solely from the Settlement Amount.  The Full Notice shall advise the class on the amount sought.  Defendants retain the right to object to Class Counsel's petition.

G.      **Motion for Preliminary Approval**

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement.  The motion, which shall be provided to Defendants at least 7 days prior to filing, shall seek entry of a Preliminary Approval Order substantially in the form attached hereto as **Exhibit 1.**

## IV.   CLAIMS ADMINISTRATION

### A.   Claims Administrator

The Claims Administrator shall be responsible for disseminating information to Settlement Class Members concerning settlement procedures.  In addition, the Claims Administrator shall (i) process Requests for Exclusion, (ii) receive all opt-out forms and documentation, (iii) receive, process, classify, and pay claims as provided in this Agreement and any applicable orders of the Court, and (iv) operate under the continuing supervision of the Court.  The Class Administrator will invoice the Franchise Defendants directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will bill the Franchise Defendants monthly for incurred fees and expenses thereafter.  The Class Administrator will complete and provide to the Franchise Defendants any W9 forms necessary for the Franchise Defendants to pay for the costs of notice and administration.  The Parties agree that Pizza Hut has no obligation to pay for any of the services provided by the Class Administrator and that the Class Administrator may not seek any such payments from Pizza Hut

### B.   Notice

#### 1.   Settlement Class List

Within 7 days of the Preliminary Approval Date, Class Counsel shall provide the Claims Administrator the Class List, along with mailing addresses Class Counsel has identified to date. Within 21 days thereafter, the Claims Administrator shall perform a reverse look-up to identify any addresses that Class Counsel was unable to identify.

#### 2.   Mailing

A copy of the Postcard Notice substantially in the form attached hereto as **Exhibit 2** shall be mailed by first class U.S. mail to every Settlement Class Member for which there is address

information, by the deadline established by the Preliminary Approval Order, which shall be at least 14 days after the deadlines established in Section IV(B)(1).  Such mailing shall be completed by the Claims Administrator.

### 3.      Settlement Website

By the deadline for disseminating the Class Notice, the Claims Administrator shall establish and maintain the Settlement Website, which, among other things, (i) enables Settlement Class Members to submit a claim and access and download the Settlement Claim Form; (ii) provides contact information for Class Counsel, and (iii) provides access to relevant documents. Such documents shall include this Agreement and Class Notice; the Preliminary Approval Order; the Complaint; and, when filed, the Order of Final Approval. The Class Notice shall include the address (URL) of www.PizzaTCPAsettlement.com for the Settlement Website. The Claims Administrator shall maintain the Settlement Website until at least 45 days following the mailing of settlement checks to the Settlement Class Members.

### 4.      IVR

By the deadline for mailing the Class Notice, the Claims Administrator shall establish and maintain a toll free number that maintains an IVR system to answer questions and allow Settlement Class Members who have a claim ID form received through the Postcard Notice to submit a claim and to verify membership in the Settlement Class, subject to penalty of perjury.

### 5.      Opt-Out

The Full Notice shall provide a procedure whereby Settlement Class Members may exclude themselves from the Settlement Class by mailing a Request for Exclusion by the Opt-Out Deadline. Any Settlement Class Member who does not validly and timely submit a Request for Exclusion

before the Opt-Out Deadline shall be deemed a Settlement Class Member and shall be bound by the terms of this Agreement and all subsequent proceedings, orders, and judgments.

To be valid, the Request for Exclusion must: (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) identify the telephone number of the Settlement Class Member at which the message(s) at issue were received; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM." Class, mass and group Requests for Exclusion are prohibited. Any Settlement Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments. A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Agreement, even if the Settlement Class Member desiring to opt out of the Settlement Class (a) files or has filed a separate action against any of the Releasees, or (b) is, or becomes, a putative class member in any other class action filed against any of the Releasees

## 6. Objections

The Full Notice, shall also describe the procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Objections must be received by the Objection Deadline. To be valid, the written objection must include: (a) the case name and caption, *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM; (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the telephone number of the Settlement Class Member at which the message(s) at

issue were received; (d) a description of the specific basis for each objection raised; (e) a list of any other objections filed in any court for the past five (5) years; (f) if he or she is represented by counsel, a list of objections filed by that counsel in any court for the past (5) years; (g) any and all agreements that relate to the objection or the process of objecting—whether written or oral— between objector or objector's counsel and any other person or entity; and (h) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Class, mass and group objections are prohibited. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

## 7.    Non-Approval of Agreement

This Agreement is conditioned on Final Approval without material modification by the Court.  In the event that the Agreement is not so approved, the Parties shall have the right to withdraw from the Agreement and return to the status quo ante as of the date of this Agreement, as if no Agreement had been negotiated or entered into.  Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the date of the Agreement, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any member of the Settlement Class. This Settlement, for purposes of clarification, is not dependent or conditioned upon the Court approving Plaintiff's request for an Incentive Payment and/or Class Counsel's requests for attorneys' fees and expenses, or awarding the particular amounts sought by Plaintiff and/or Class Counsel. In the event the Court

*Execution Copy*

declines Plaintiff's and/or Class Counsel's requests or awards less than the amounts sought, the settlement will continue to be effective and enforceable.

In the event that the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante as of the date of this Agreement, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any member of the Settlement Class.

### 8.    Defendants' Rights to Terminate Agreement

Defendants' willingness to settle this Litigation on a classwide basis and to agree to the certification of the Settlement Class is dependent upon achieving finality in this Litigation, and the desire to avoid further expense in this Litigation.  Consequently, Defendants shall have the right in its sole discretion to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to Plaintiff, Settlement Class Members or Class Counsel if any of the following conditions subsequently occurs:  (1) the Court fails or declines to grant Preliminary Approval pursuant to the terms of the Preliminary Approval Order; (2) the Court fails or declines to grant Final Approval pursuant to the terms of the Final Approval Order; (3) the Effective Date does not occur for any reason, including the entry of an order by any court that would require either modification or termination of the Settlement Agreement or Final Approval Order; (4) if the percentage of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds 10% of the total number of Settlement Class Members, (5) any of the other conditions described in this Settlement, including any Exhibits, as a basis for termination or cancellation occur.

9.      **CAFA Notice**

Defendants, through the Class Administrator, will serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b).

C.      **Claims Process**

In order to make a claim, a Settlement Class Member must submit a completed Settlement Claim Form in compliance with the procedures set forth in the Class Notice, Preliminary Approval Order, and Order of Final Approval.  All Settlement Claim Forms must be submitted by the Claims Deadline as set forth in the Class Notice.  To constitute a valid claim, the contact information provided by the Settlement Class Member must match one of (i) the phone number, (ii) name and/or (iii) address in the Settlement Class List.  The Claims Administrator shall be responsible for evaluating claims against the Class List and shall provide to Class Counsel and Counsel for Defendants any rejected claims.  Any Settlement Claim Form submitted after the Claims Deadline shall be deemed an untimely and invalid claim.

D.      **Information**

At least fourteen days (14) prior to the Final Approval, the Claims Administrator shall prepare and disseminate to counsel an initial list that shall identify each Settlement Class Member that files a timely and approved Settlement Claim Form; the anticipated Settlement Class Payments under the Agreement; the deliverable address for each Settlement Class Member that files a timely and approved Settlement Claim Form; and any Settlement Class Members who have opted out of the Settlement Class.

E.      **Distribution**

The Claims Administrator shall distribute the Settlement Payments in accordance with the terms of this Agreement by: (a) paying any Incentive Award to the Named Plaintiff and any

*Execution Copy*

attorneys' fees (inclusive of costs and expenses) to Class Counsel within forty-five (45) days after the Effective Date; and (b) making any Settlement Claim Payments within forty-five (45) days after the Effective Date.

### F.     Retention of Records

The Claims Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date. The confidentiality of those records shall be maintained in accordance with the Preliminary Approval Order.

### V.     EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION

### A.     Exclusive Remedy

This Agreement shall be the exclusive remedy for any and all Released Claims, any claim arising out of the subject matter of this Agreement, and any complaint by the Settlement Class or any Settlement Class Member related to the Released Claims. This Agreement shall be binding upon, and inure to the benefit of the Parties' successors and assigns.

### B.     Dismissal of Claims

The Parties agree that upon the Effective Date, the Litigation shall be dismissed with prejudice in accordance with the Order of Final Approval, substantially in the form attached hereto as **Exhibit 4**.

### C.     Continuing Jurisdiction of Court

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.   <u>RELEASES</u>

**A.**    Upon the Effective Date of this Agreement, the Releasing Settlement Class Members shall release and forever discharge the Releasees from the Released Claims.   The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any of the Releasees based, in whole or in part, on any of the Released Claims.

**B.**    The Released Claims also include a release of all the claims for Attorneys' Fees, costs and expenses incurred by Releasing Settlement Class Members or by the Class Counsel or any other attorney in connection with the Litigation, and this Settlement, and all claims related to conduct in discovery in the Litigation.

**C.**    Releasing Settlement Class Members understand and agree that the release of the Released Claims is a full and final general release applying to both those Released Claims that are currently known, anticipated, or disclosed to Releasing Settlement Class Members and to all those Released Claims that are presently unknown, unanticipated, or undisclosed to any Releasing Settlement Class Members arising out of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Litigation. Releasing Settlement Class Members acknowledge that the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all such unknown claims. In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or as Settlement Class Members may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth or that could have been set forth in the Litigation under the terms of Section 1542(a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

*Execution Copy*

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

**D.**     The Parties acknowledge that this Settlement, including the releases provided in this section, reflects a compromise of disputed claims.

**E.**     The Final Approval Order shall dismiss the Litigation with prejudice and shall incorporate the terms of this release.

**VII.**     <u>MISCELLANEOUS PROVISIONS</u>

**A.     Cooperation to Facilitate this Settlement**

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

**B.     Representation by Counsel**

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

**C.     No Admission of Liability**

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Defendants, or the propriety of certifying the class or providing notice in an adversarial context.  Defendants expressly deny and disclaim any liability or wrongdoing. The existence, contents, and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding,

except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### D.    Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

### E.    Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendants, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### F.    Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement.   No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations,

agreements, understandings, or undertakings with respect to the subject matter of this Agreement. This Agreement does not impact the validity of any preexisting arbitration or warranty agreements between Defendants and any Settlement Class Members.

### G.      Taxes

Defendants shall not be obligated to compute, estimate, or pay any taxes on behalf of Named Plaintiff, any Settlement Class Member, Class Counsel, and/or the Class Administrator. The Class Administrator shall collect tax information from the Named Plaintiff, any Settlement Class Member and/or Class Counsel as necessary or required by law.  The Class Administrator will also collect and provide to the Franchise Defendants any and all necessary tax documentation, including W9 forms, to effectuate the Settlement Payments.

### H.      Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

### I.      Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### J.      Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### K.    No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

### L.    Severability

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section VII(L) shall not apply should any court or tribunal find any part, term, or provision of Section III or of the release, as set forth in Section VI, to be illegal or invalid in any manner.

### M.    No Violation of Law or Agreement

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

### N.    Successors

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

### O.    Choice of Law

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs.  The adequacy of the settlement, any determination regarding Class Counsel's fees and expenses, and any Incentive Payment shall be governed by federal law.

### P.    Fair and Reasonable

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

### Q.    Headings

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

### R.    Exhibits

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

### S.    Counterparts

This Agreement may be executed in one or more counterparts.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

### T.    Facsimile and Electronic Mail

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

*Execution Copy*

U.     **Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

V.     **No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party.

W.     **Settlement To Proceed Regardless If The Court Or The Eleventh Circuit Determines That The Court Lacks Subject Matter Jurisdiction**

Should the Court or the Eleventh Circuit determine that the Court lacks subject matter jurisdiction prior to the Settlement becoming Final, the Parties agree as follows:

1.     The Parties shall proceed with this Settlement, without material change other than what may be necessary to accommodate a change to a state court jurisdiction and setting, in Cook County, Illinois, provided that Plaintiff files the latest amended complaint in substantially identical form except as to formatting and modifying to conform with state court Rules in the Circuit Court for Cook County Illinois;

2.     Plaintiff shall file the same or materially the same motion for preliminary approval contemplated by Section III(G) of this Agreement except with updated case law, along with this Agreement;

*Execution Copy*

3.      The Parties agree to propose materially the same proposed Preliminary Approval Order, Final Approval Order, Class Notice, and Settlement Claim Form proposed here; the only material changes that shall be made, and only if deemed necessary, shall be to reflect the change of court, the passage of time, any need for a new state court presiding over the matter to make its own findings regarding the propriety of certifying the Settlement Class, and any other change in circumstances the Parties to this Settlement mutually agree is needed to secure the final approval of this Agreement;

4.      Defendants hereby waives any statute of limitations defense it might have against Plaintiff or any Settlement Class Member created as a result of the need to refile the case in state court because a federal court determined that it lacked subject matter jurisdiction.

5.      Should this settlement need to be refiled in and proceed in Cook County, Illinois, any additional costs of notice and administration (*i.e.*, to send out a secondary or additional notice) shall be borne solely and exclusive by Class Counsel and shall not come from the Settlement Amount. Further, Class Counsel shall not seek any additional fees, costs or other expenses as a result of having to refile in and proceed in Cook Count, Illinois.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____

*Execution Copy*

Dated: 10/28/2019                   By:

Scott D. Owens
Keith J. Keogh
Amy L. Wells
*Counsel for Plaintiff Keim and the Settlement Class*

Dated: 10/28/19                   By:

ADF MID ATLANTIC, LLC

Name: SPENCER D. MANNES

Title: CFO

30

*Execution Copy*

Dated: 10/28/19

By: AMERICAN HUTS, INC.

Name: SPENCER D. MANKO

Title: CFO

Dated: 10/28/19

By: ADF PIZZA I, LLC

Name: SPENCER D. MANKO

Title: CFO

Dated: 10/28/19

By: ADF PA, LLC

Name: SPENCER D. MANKO

Title: CFO

Dated: 10/28/19

By: PIZZA HUT, LLC

Name: ERIKA BURKHARDT

Title: V.P. Brand Protection

Dated: _____

By: _____

David S. Almeida
Mark Eisen
Jordon S. Kosches
*Counsel for Defendants*

31

*Execution Copy*

Dated: _____     By:     AMERICAN HUTS, INC.

                                         _____

                                         Name: _____

                                         Title: _____

Dated: _____     By:     ADF PIZZA I, LLC

                                         _____

                                         Name: _____

                                         Title: _____

Dated: _____     By:     ADF PA, LLC

                                         _____

                                         Name: _____

                                         Title: _____

Dated: 10/28/19                  By:     PIZZA HUT, LLC

                                         _____

                                         Name: ERIKA BURKHARDT

                                         Title: V.P. Brand Protection

Dated: 10/29/19                  By:     _____

                                         David S. Almeida
                                         Mark Eisen
                                         Jordon S. Kosches
                                         *Counsel for Defendants*

31

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| BRIAN KEIM, on behalf of himself and all others similarly situated, | ) ) |
|     Plaintiff, | ) ) **Case No. 9:12-cv-80577-KAM** |
| v. | ) ) |
| ADF MIDATLANTIC, LLC, et al., | ) Hon. Judge Kenneth A. Marra ) |
|     Defendants. | ) ) Magistrate Judge William Matthewman ) |

## [PROPOSED] ORDER  (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) APPROVING NOTICE PLAN AND (3) SETTING FINAL APPROVAL HEARING

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case styled *Keim v. ADF Midatlantic, et al.,* Case 9:12-cv-80577-KAM ("Action"). The Action was brought by plaintiff Brian Keim, individually and on behalf of all others similarly situated, against defendants Defendants, ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, LLC (collectively "Defendants," and together with Plaintiff, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.    <u>Settlement Terms</u>. All terms in this Order shall have the meanings ascribed to them in the Agreement, unless otherwise defined herein.

2.    <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Second Amended Complaint filed in the Southern District of Florida, West Palm Beach Division on June 10, 2015. *See* ECF No. 97.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (*Exhibits 2, and 3* to the Agreement), that said "Class Notice" is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification</u>. The Court granted certification of the Class on December 4, 2018, finding that Plaitniff had satisfied Rule 23 of the Federal Rules of Civil Procedure. ECF No. 259 ("Class Certification Order"). The Settlement Class set forth in the Agreement is the same as the Class this Court previously certified. As the Class as defined in Plaintiff's Motion for Preliminary Approval has already been certified, this determination requires no further analysis, and the Settlement Class is hereby likewise approved.

6. <u>Class Representative</u>. The Court's Class Certification Order appointed Plaintiff, Brian Keim, to act as the representative of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. As this Court has already appointed Mr. Keim as class representative of the Class as defined in Plaintiff's Motion for Preliminary Approval, this determination requires no

further analysis, and appointment of Mr. Keim as representative of the Settlement Class is hereby likewise approved.

7. <u>Class Counsel</u>.  The Court's Class Certification Order appointed Plaintiff's counsel, Keith J. Keogh, Amy L. Wells and Scott D. Owens, as class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure. As this Court has already appointed Plaintiff's counsel as class counsel of the Class as defined in Plaintiff's Motion for Preliminary Approval, this determination requires no further analysis, and appointment of Plaintiff's counsel, Keith J. Keogh, Amy L. Wells and Scott D. Owens, as class counsel is hereby likewise approved.

8. <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2020, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and Incentive Payment to Plaintiff, should be granted, and in what amount.

9. No later than _____, 2019, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the Incentive Payment  to the Plaintiff. No later than _____, 2020, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must also be filed.

10. <u>Settlement Claims Administrator</u>.  <<_____>> will serve as the Claims Administrator. The Claims Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement as set forth in the Agreement.

11.     <u>CAFA Notice</u>.   Defendants shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA), 28 U.S.C. § 1715(b), no later than seven (7) dahys before the Final Approval Hearing.

12.     <u>Class Notice</u>. The Class Administrator shall provide direct notice via First Class Mail to Settlement Class Members for whom it has contact information. Class Notice shall be in the form of the Postcard Notice attached as *Exhibit 2* to the Agreement, which shall contain a claim ID and shall direct recipients to the Settlement Website, which will contain the completed long form notice attached as *Exhibit 3* to the Agreement.  Prior to mailing the Postcard Notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database. The Claims Administrator shall re-mail one time any Postcard Notice returned as undeliverable, and shall undertake reasonable means to locate alternative addresses for any returned Postcard Notice. The Court hereby directs the Parties and the Claims Administrator to complete Class Notice by _____, 2019, which is 30 days following the entry of the Preliminary Approval Order ("Notice Deadline").

13.     The Claims Administrator will file with the Court, by _____, 2020, which is fourteen (14) days prior to the Final Approval Hearing, proof that Class Notice was provided in accordance with the Agreement and this Order.

14.     <u>Opt-Out and Objection Deadlines</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 2020, which is sixty (60) calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. Settlement Class Members may not submit both an Opt-Out Request and a Settlement Claim Form. If a Settlement Class Member submits both an Opt-Out Request and a Settlement Claim Form, the Settlement Claim Form will govern

and the Opt-Out Request will be considered invalid unless, prior to the deadline to submit an Opt-Out, the Settlement Class Members confirms in writing their intent to withdraw the Settlement Claim Form in which case the Opt-Out will govern.

15.     Exclusion from the Settlement Class. A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Postcard Notice no later than _____, 2020. Opt-Out Requests must: (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) identify the telephone number of the Settlement Class Member at which the text message(s) at issue were received; (d) be personally signed by the Settlement Class Member; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM." No request for exclusion will be valid unless all of the information described above is included. Class, mass and group Requests for Exclusion are prohibited.

16.     On or before _____, 2020, which is fourteen days (14) prior to the Final Approval, the Claims Administrator shall prepare and disseminate to counsel an initial list that shall identify each Settlement Class Member; the anticipated payment for each Settlement Class Member under the Agreement; the deliverable address for each Settlement Class Member; and any Settlement Class Members who have opted out of the Settlement.

17.     Objections to the Settlement. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection with the Court by the objection date contained in the

Notice, which is _____, 2020 as well as any notice of intention to appear at the Final Approval Hearing, indicating whether they wish to appear with or with counsel.

To be valid, a written objection must include: (a) the case name and caption, *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM; (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the telephone number of the Settlement Class Member at which the text message(s) at issue were received; (d) a description of the specific basis for each objection raised; (e) a list of any other objections filed in any court within the past five (5) years; (f) if he or she is represented by counsel, a list of objections filed by that counsel in any court within the past (5) years; (g) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (h) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Class, mass and group objections are prohibited.

18.     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Order and the Agreement shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

19.     For any objection filed, the Clerk of the Court is ordered to redact any Social Security number, the street address, telephone number and last name (except first letter of last name) in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

20.     Stay of Other Proceedings. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Litigation are stayed.

21.     No Admission of Liability. Neither the Agreement, any aspect of the settlement or notice program, nor the Court's actions with regard to the Agreement, will be deemed admissible in this Litigation and are not intended to be admissible (and Plaintiff and Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment. In the event that the Agreement is not approved by the Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, Defendants will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Action.

22.     The Agreement, and all related documents, including any Claims, Opt-Out Requests, Objections or other materials submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to the Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Litigation or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against Defendnats, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

23.     <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Settlement Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications (including as to timing), if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class if such modifications do not limit the rights of the Settlement Class.

24.     <u>Schedule of Future Events</u>.

| _____, 2019 [30 days after Preliminary Approval Date] | Deadline for Class Notice<br><br>Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Incentive Payment |
|---|---|
| _____, 2020 [91 days after Preliminary Approval Date] | Deadline for Settlement Class Members to file: a. any objection and basis therefor;<br><br>b. notice of intent to appear at the fairness hearing, indicating with or without counsel; or<br><br>c. request exclusion |
| _____, 2020 [91 days after Preliminary Approval Date] | Claim Period – Deadline for Settlement Class Members to Submit a Settlement Claim Form |
| _____, 2020 [121 days after Preliminary Approval Date] | Deadline for Parties to file:<br><br>a. List of persons who made timely and proper requests for exclusion;<br><br>b. Proof of Class Notice; and<br><br>c. Motion and Memorandum in Support of Final Approval and related matter, including |

| | any response to any objection. |
| _____, 2020 [135] days after Preliminary Approval Date] | Fairness Hearing |

IT IS SO ORDERED.


Dated:_____          _____

                                        Hon. Kenneth A. Marra
                                        United States District Judge

# EXHIBIT 2

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
### THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

***Keim v. ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, Inc.,***
**Case 9:12-cv-80577-KAM USDC, Southern District of Florida, West Palm Beach Division**

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a proposed settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The settlement would resolve a lawsuit brought on behalf of a class alleging ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, LLC (collectively "Defendants") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending automated text messages to cell phones without the prior express consent of the Settlement Class Members. Defendants deny these allegations. |
| **Why am I getting this notice?** | You were identified as someone who may have received one or more of these text messages based on Defendants' records. |
| **What does the settlement provide?** | Defendants, through the franchise defendants, have agreed to pay up to a total of $6,000,000 ("Settlement Amount), which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees incurred by counsel for Plaintiff and the Settlement Class ("Class Counsel"), and an Incentive Payment for the Named Plaintiff. A Settlement Class member who submits a valid and timely claim form ("Settlement Claim Form") may receive a cash award of up to |

84795

| | |
|---|---|
| | $400.00; the amount will depend on the number of valid claims received. Plaintiff will petition for an Incentive Payment not to exceed $10,000 for the Named Plaintiff's work in representing the Class, and Class Counsel's fees of up to one third of the Settlement Amount, not to exceed $2,000,000 (which is inclusive of all costs and expenses). |
| **How can I receive a payment from the settlement?** | To receive payment, you must complete and submit a valid Settlement Claim Form by **<< 60 days after Class Notice>>,** 2020. A Settlement Claim Form is contained in this Postcard Notice. You can also obtain and submit a Settlement Claim Form online at www.PizzaTCPAsettlement.com. You can also obtain a mail-in Settlement Claim Form, or make a claim, by calling **<<Claims Admin IVR toll free #>>**. Mail-in Settlement Claim Forms must be sent to the Settlement Administrator at the address below. |
| **Do I have to be included in the settlement?** | If you do not want monetary compensation from this settlement and you want to keep the right to sue, or continue to sue, any of the Defendants on your own, then you must exclude yourself from the settlement by sending a letter to the Claims Administrator at the address below, requesting exclusion by **<< 60 days after Class Notice>>**. The letter must contain the specific information set forth on the Settlement Website (www.PizzaTCPAsettlement.com) in the "Opt-Out Process" section. |
| **If I don't like something about the settlement, how do I tell the Court?** | If you do not exclude yourself from the settlement, you can object to any part of the settlement. You must file your written objection with the Court by **<< 60 days after Class Notice>>**. You must also |

84795

|  | mail a copy to both Class Counsel and Counsel for Defendants. Your written objection must contain the specific information set forth on the Settlement Website under the "Objecting to the Settlement" section. |
|---|---|
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment. But, you will still be a Settlement Class Member and bound by the Settlement, and you will release Defendants from liability. |
| **How do I get more information about the settlement?** | This notice contains limited information about the settlement. For more information, to view settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit the Settlement Website at www.PizzaTCPAsettlement.com. You can also obtain additional information, including a Settlement Claim Form by calling **<<Claims Admin IVR toll free #>>**. |

PIZZA TCPA SETTLEMENT
<<INSERT CLAIMS ADMIN CONTACT INFO/ ADDRESS>>

<<CLAIM ID IN DIGITS>>
<<CLAIM ID IN 2D BARCODE>>
Postal Service: Please Do Not Mark or Cover Barcode

<<Class Member Name/Address>>

84795

POSTCARD WILL HAVE SETTLEMENT CLAIM FORM ATTACHED.

84795

# EXHIBIT 3

**Legal Notice of Class Action Lawsuit against ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC, and Pizza Hut, LLC**

**If you received text messages on your cell phone beteween November 2010 and January 2013 promoting Pizza Hut products, and without your consent, you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide a total of $6,000,000 (the "Settlement Amount") to fully settle and release claims of Settlement Class Members who do not opt out:**

  > All persons in the United States who received a text message from Defendants wherein their cellular telephone number was provided by a third party and said text messages were sent using hardware and software owned or licensed to Songwhale or Cellit between November 2010 and January 2013. Excluded from the class are all persons who received a text message from Defendants wherein their cellular telephone number was provided by a subscriber of the calling plan.

- **The "Defendants," ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC, and Pizza Hut, LLC, deny Plaintiff's allegations and deny any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses. By entering into the settlement, Defendants have not conceded the truth or validity of any of the claims against them.**

- **The Settlement Amount shall be used to pay all amounts related to the settlement, including awards to Settlement Class Members who submit a valid and timely claim form to receive payment ("Settlement Claim Payments"), attorneys' fees (inclusive of expenses and costs) to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any Incentive Payment for Plaintiff, and the costs of notice and administration of the settlement. Settlement Class Members who timely submit a valid Settlement Claim Form may receive up to $400.00, depending on the number of valid claims received. Should the Settlement Claim Payments, when combined with the remainder of the Settlement Payments, exceed the Settlement Amount, the Settlement Claim Payments will be reduced on a pro rata basis such that the Settlement Amount is not exceeded.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

84800

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A SETTLEMENT CLAIM FORM** | If you submit a valid Settlement Claim Form postmarked by << 60 days after Class Notice>>, 2020, you will receive a payment and will give up your rights to sue Defendants and any other released parties related to a released claim. Settlement Claim Forms may be submitted by mail to <<_____>> or through the settlement website by clicking <<here>> or by calling <<Claims Admin IVR toll free #>>. |
| **EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT** | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Defendants or other released parties related to a released claim. The deadline for excluding yourself is << 60 days after Class Notice>>, 2020. Go to the "Opt-Out Process" section of this website by clicking <<here>> for specific information about what an opt-out letter must contain. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the settlement, you must write to the Court about why you believe the settlement is unfair. The deadline for objecting is << 60 days after Class Notice>>, 2020. To obtain a benefit from this settlement, you must still submit a Settlement Claim Form. If you submit only an objection without a Settlement Claim Form, you will not receive any benefit from the settlement and you will give up your rights to sue Defendants or any other released parties related to a released claim. Go to the "Objecting to the Settlement" section of this website by clicking <<here>> for specific information about what an objection letter must contain. |
| **DO NOTHING** | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Defendants or any other released parties related to a released claim. |
| **GO TO THE FINAL APPROVAL HEARING** | You may attend the Final Approval Hearing. At the Final Approval Hearing if you plan to raise an objection you must file a written objection no later than << 60 days after Class Notice>>, 2020. The objection must state whether you plan to appear at the Final Approval Hearing, either with or without counsel. Go to the "Objecting to the Settlement" section of this website by clicking <<here>> for specific information an objection letter must contain. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments (*i.e.,* Settlement Claim Payments) will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

**1.  What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Keim v. ADF Midatlantic, LLC, et al*, filed in the USDC, Southern District of Florida, West Palm Beach Division Case No. Case No. 9:12-cv-80577-KAM. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2.  What does it mean if I received a postcard about this settlement?**

If you received a postcard describing this settlement, it is because Defendants' records indicate that you may be a member of the Settlement Class**.** You are a class member if your cellular telephone number was identified as fitting the below Settlement Class:

> All persons in the United States who received a text message from Defendants wherein their cellular telephone number was provided by a third party and said text messages were sent using hardware and software owned or licensed to Songwhale or Cellit between November 2010 and January 2013.  Excluded from the class are all persons who received a text message from Defendants wherein their cellular telephone number was provided by a subscriber of the calling plan.

Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as well as the Judge's immediate family, and any individual who opts out of the Settlement Class as described below.

**3.  What is this class action lawsuit about?**

In a class action, Brian Keim, a person who is referred to as the Named Plaintiff or Class Representative, filed a lawsuit on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims Defendants violated the TCPA by sending text messages to cellular telephones without prior express consent. Defendants deny these allegations and deny any claim of wrongdoing. The Court has certified this case as a class action, and preliminarily approved the settlement. The Honorable Kenneth A. Marra is the federal district court judge that is in charge of this case.

**4.  Why is there a settlement?**

While the Court did certify the class, the Court has not decided liability in favor of Plaintiff or Defendants. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class Members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

84800

## WHO IS IN THE SETTLEMENT CLASS?

| **5.  How do I know if I am a part of the settlement class?** |
| --- |

The Court has certified the following class defined as:

> All persons in the United States who received a text message from Defendants wherein their cellular telephone number was provided by a third party and said text messages were sent using hardware and software owned or licensed to Songwhale or Cellit between November 2010 and January 2013.  Excluded from the class are all persons who received a text message from Defendants wherein their cellular telephone number was provided by a subscriber of the calling plan.

If you are still not sure whether you are included, you can get more information by visiting other sections of this Settlement Website. You may also write to the claims administrator at <<Claims Admin Address>>, or or you may call the Toll-Free Settlement <<Claims Admin IVR toll free #>>.

## THE LAWYERS REPRESENTING YOU

| **6.  Do I have lawyers in this case?** |
| --- |

The Court has appointed the law firms of Keogh Law, Ltd. and Scott D. Owens, P.A., as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

| **7.  How will Class Counsel be paid?** |
| --- |

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Amount, which equals $2,000,000 for attorneys' fees. This is inlcuisve of reasonable expenses. Class Counsel also will ask the Court to approve payment of $10,000 to the Named Plaintiff for his services as Class Representative. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **8.  What does the settlement provide?** |
| --- |

**Settlement Amount**. Defendants, through the Franchise Defendants, will pay up to $6,000,000 (the "Settlement Amount"), which will cover: (1) cash payments to Settlement Class Members who submit timely and valid Settlement Claim Forms; (2) an award of attorneys' fees (inclusive of all expenses and costs) to Class Counsel, in an amount approved by the Court; (3) an Incentive Payment to the Named Plaintiff, in an amount approved by the Court; (4) the costs of notice and administration of the settlement; and (5) under certain circumstances as described below, a charitable contribution.

84800

**Cash Payments**.  All Settlement Class Members are eligible to submit a Settlement Claim Form and receive a cash payment. To submit a Settlement Claim Form, follow the procedures described under Question 11.

## 9.  How much will my payment be?

Your share of the Settlement Amount will depend on the number of valid Settlement Claim Forms that are submitted by Settlement Class Members. The payment will be up to $400.00. **The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

## 10.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Defendants or any other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release Defendants and any other Released Parties, as defined in the Agreement, from any and all Released Claims, including those that arise from the text messages to your cellular telephone at issue in this action.

In summary, "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, and demands of any kind whatsoever, whether at law or equity, that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, that were or could have been asserted in the Litigation against the Releasees in connection with, relating to or arising from any communications and/or telephone calls or text messages received from or initiated by Defendants or the Releasees. This shall include, but not be limited to, any claimed violation(s) of the TCPA, or any federal, state, and/or common laws governing the use of an automatic telephone dialing system and/or calls or texts to cellular phones, and the tort of Invasion of Privacy by Intrusion Upon Seclusion, known or unknown, through the Preliminary Approval Date.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

## 11.  How can I get a payment?

84800

To receive a payment, you must timely submit a properly completed Settlement Claim Form. You may get a Settlement Claim Form on the Settlement Website: www.PizzaTCPAsettlement.com, or by calling the Toll-Free Settlement Hotline, <<Claims Admin IVR toll free #>>. You may also request a Settlment Claim Form by mailing the Claims Administrator at <<Address>>.

**Read the instructions on the Settlmenet Claim Form carefully. Fill out the Settlement claim Form completely and accurately, sign it and submit by the << 60 days after Class Notice>>, 2020 deadline**.

A Settlement Claim Form may be submitted by mail to the claims administrator at: <<Claims Admin Address>>.

Or a Settlement Claim Form may be submitted via the Settlement Website [click here].

Or Class Members who have a claim ID received through the Postcard Notice may verify membership in the Settlement Class, subject to penalty of perjury, by calling the Toll-Free Settlement Hotline number at <<Claims Admin IVR toll free #>>.

To be deemed timely, Settlement Claim Forms must be submitted via the Settlement Website, Toll-Free Settlement Hotline number, or be postmarked prior to or on the last day of the Claims Deadline, which is << 60 days after Class Notice>>, 2020.

### WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12.  When would I receive a settlement payment?**

The Court will hold a hearing on <<xxxx XX>>, 2020 to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Settlement Claim Form will be informed of the progress of the settlement through information posted on this Settlement Website.

Please be patient.

### THE OPT-OUT PROCESS –
### HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the settlement?**

If you want to keep the right to sue, or continue to sue, Defendants or a Released Party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator. To be valid, an exclusion request must include: (a) the case name; (b) your name

and address; (c) telephone number at which the text message(s) at issue were received; (d) your signature; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM."

Class, mass and group Requests for Exclusion are not allowed. If you do not opt out of the Settlement in the manner described, you will be a part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments.

If you wish to opt out, you must take the actions as described, even if you (a) plan to file or have filed a separate action against any of the Releasees, or (b) are, or become, a putative class member in any other class action filed against any of the Releasees.

**To be valid, you must mail your exclusion request, with a postmark no later than << 60 days after Class Notice>>, 2020, to the claims administrator at <<Claims Admin Address>>.**

| **14.  If I do not exclude myself, can I sue Defendants for the same thing later?** |
| --- |

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Defendants or any Released Parties for the claims that this settlement resolves.

| **15.  If I exclude myself, can I get a benefit from this settlement?** |
| --- |

No. If you ask to be excluded, you will not be able to submit a Settlement Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

| **16.  How do I tell the Court that I do not think the settlement is fair?** |
| --- |

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you will waive any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

To object, your written objection must include: (a) the case name and caption, *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM; (b) your name, address, and telephone number; additionally, if represented by counsel, that of your counsel; (c) the telephone number of where you received the text message(s) at issue; (d) a description of the specific basis for each objection raised; (e) a list of any other objections filed in any court for the past five (5) years; (f) if you are represented by counsel, a list of objections filed by that counsel in any court for the past (5) years; (g) any and all agreements that relate to the objection or the process of objecting— whether written or oral—between you, or your counsel and any other person or entity; and (h) a

statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel.

Class, mass and group objections are prohibited.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than** <mark>**<< 60 days after Class Notice>>,**</mark> **2020.**

For Plaintiff:

Keith Keogh
Amy L. Wells
Keogh Law, Ltd.
55 Monroe St., 3390
Chicago, IL 60603

Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019

For Defendants:

David S. Almeida, Esq.
Mark S. Eisen, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
333 W. Wacker Drive, Suite 1900
Chicago, IL 60606

Jordon S. Kosches, Esq.
GrayRobinson, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Settlement Claim Form. If you object but fail to submit a Settlement Claim Form, you will not receive any monetary award.**

| **17. What is the difference between objecting and excluding yourself?** |
|---|

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### IF YOU DO NOTHING

| **18. What happens if I do nothing at all?** |
|---|

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Defendants or any other Released Parties related to a Released Claim. For information relating to what rights you are giving up, see Question 10.

### THE FINAL APPROVAL HEARING

| **19. When and where will the Court decide whether to approve the settlement?** |
|---|

84800

The Court will hold a Final Approval Hearing at <<XX:00 a/p.m. on Xxxxx XX, 2020>> at the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401, Courtroom #4>>. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check this Settlement Website for updates.

## 20. Do I have to come to the hearing?

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than Xxxxx, XX, 20<<>>.

You may not speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement on this Settlement Website by clicking <<here>>. Or you can call the Toll-Free Settlement Hotline, <<Claims Admin IVR toll free #>>. You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL ABOUT THE SETTLEMENT.**

**ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE SETTLEMENT HOTLINE ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| **BRIAN KEIM, on behalf of himself and all** | ) | |
| **others similarly situated,** | ) | **Case No. 9:12-cv-80577-KAM** |
| **Plaintiff,** | ) | |
| **v.** | ) | Hon. Judge Kenneth A. Marra |
| **ADF MIDATLANTIC, LLC, et al.,** | ) | |
| **Defendants.** | ) | Magistrate Judge William Matthewman |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL**

84803

The Court held a Final Approval Hearing on _____, 2020. Notice of the hearing was duly provided in accordance with this Court's Order, which preliminarily approved the class action settlement, approved the Notice Plan and set the Final Approval Hearing (the "Preliminary Approval Order"). Having considered all matters submitted at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order, It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement and Release dated <<>> 2019, including its Exhibits 1-5 (the "Agreement") [ECF <<___>>-1], and the definition of terms contained therein, are incorporated by reference. The terms and definitions of this Court's Preliminary Approval Order [ECF _____] are also incorporated by reference into this Final Approval Order.

2.      This Court has jurisdiction over the subject matter of the Litigation and over ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, LLC (collectively, "Defendants") and Plaintiff, including all Settlement Class Members, (collectively, "the Parties"), with respect to the Settlement Class, which was certified on December 4, 2018 [ECF 259] as follows:

> All persons in the United States who received a text message from Defendants wherein their cellular telephone number was provided by a third party and said text messages were sent using hardware and software owned or licensed to Songwhale or Cellit between November 2010 and January 2013. Excluded from the class are all persons who received a text message from Defendants wherein their cellular telephone number was provided by a subscriber of the calling plan.

The following are excluded from the Settlement Class: Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as well as the Judge's immediate family, and any individual who opts out of the Settlement Class as described below.

The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between the Parties.

3.      The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and in compliance with this Court's Preliminary Approval Order.

1

4.      The Court further finds and concludes that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

5.      [As applicable:] <<There were no objections to the Agreement [*or*] For the reasons stated on the record, as well as the reasons set forth in Plaintiff's and Defendants' respective pleadings, the Court overrules all objections to the Agreement.>>

6.      [As applicable:] [The Court finds that <<_____>> <<is/are>> not class members and have no standing to object to the Agreement.

7.      The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8.      The Court hereby approves distribution plan for payments set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Payments and disposition of any funds remaining thereafter.

9.      As of the Effective Date of the Agreement, the Releasees are released and forever discharged from the Released Claims. The terms of the release as set forth in the Agreement are incorporated herein.

10.     This Court hereby dismisses this Litigation, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

11.     Any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code, and/or any other similar, comparable or equivalent laws, are hereby terminated.

12.     If for any reason whatsoever this settlement fails to become effective for any reason, the Parties and the Litigation will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings. No agreements, documents or statements made by or entered into by any Party in connection with the settlement may be used by Plaintiff, any person in the Settlement Class, Defendants, or any

84803

other person to establish liability or in any defense and/or support of any of the elements of class certification, whether in the Action or in any other proceeding.

13.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees, which is inclusive of all costs and expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final, as defined in the Agreement), Settlement Class Members who have submitted valid and timely Settlement Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act;

(c)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     that the class settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendants, and was negotiated in good-faith and in the absence of collusion;

(f)     that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to $2,000,000, inclusive of all costs and expenses, to be paid from the Settlement Amount;

(g)     that _____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees;

(h)     that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Amount as a whole. In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re*

84803

*Checking Acct. Overdraft Litig.*, 830 F. Supp.2d 1330, 1358 (S.D. Fla. 2011), citing *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

(i)    The Eleventh Circuit endorses using the factors articulated *Johnson v. Georgia Highway Expr., Inc*., 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of the award in excess of 25%. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The *Johnson*/*Camden I* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3. These factors confirm the reasonableness of the proposed fee award here.

This case easily satisfies the four factors as it took substantial time and labor and was novel and difficult.  For the same reason it satifises the seventh factor of time limitations imposed.  This 2012 litigation required an Eleventh Circuit appeal on unsettled law relating to mootness that was an issue that had to be utlimatley resolved by the Supreme Court in *Cambell Ewald*.  Then the Plaintiff prosecuted class certification after extensive third party discovery and expert testimony relating to carrier subscriber data to determine if intermediary consent be shown on a classwide basis.  Even after class certification, Plaitiff faced pending summary judgment on the issue of vicarious liability and whether  the system that sent the texts is an ATDS, which Circuit courts differ and the Eleventh Circuit had yet to decide.  Class Counsel has shown the skill necessary to fully litigate this action and spent susbtatial time away from other employment opportunities to do so as evidenced by the extensive docket in this matter and the substial discovery undertaken.  As such the first four factors as well as the seventh factor are readily satisfied.

The customary fee, whether the fee is contingent and the last factor of fees awarded in smiliar cases are also satisfied.  The fee here is contignet and the customary fee in consumer class can be as high as 50% in this circuit. *See Wolff v. Cash 4 Titles*, 2012 U.S. Dist. LEXIS 153786 at *13 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); *Seghroughni v. Advantus Rest., Inc.*, 2015 U.S. Dist. LEXIS 64602 at *2 (M.D. Fla. May 13, 2015) ("An attorney's fee ... which is one-third of the settlement fund ... is fair and reasonable…"); *see also e.g. Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir.1999) (affirmed fee award of 33 1/3% of a $40 million settlement); and *see Camden I*, 946 F.2d at 774-775 ("an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded."); *Cabot E. Broward 2 LLC v. Cabot*, 2018 U.S. Dist. LEXIS 192706 at *20 (S.D. Fla. Nov. 9, 2018) (citing "19 cases from this Circuit in which attorneys' fees amounting to 33% or more of a settlement fund were awarded," including settlements of $310 million, $77.5 million, $75 million, $40 million, and $25 million);*Guarisma v. Microsoft Corp.*, 15-cv-24326-CMA, ECF No. 79, pp.7-8, ¶g.-¶j., and ¶14 (S.D. Fla. Oct. 27, 2017)(One third); *Lab*,v Lab 14-cv-61543-RLR, ECF No. 218, p.26, and ECF No. 227, pp.5-7, ¶13 (S.D. Fla. Feb. 18, 2016)(One third plus expenses); *Legg v Spirit*, 14-cv-61978-JIC, ECF No. 151, ¶14 and ¶15 (S.D. Fla. Aug. 2, 2016);(one third plus expenses) *Jimmy Choo*, 15-cv-81487-BB, ECF No. 97, p.7, ¶g. and ¶23 (S.D. Fla. May 9, 2017)(One third plus expenses).[1]

Finally, Class Counsel are well respected consumer class attorneys with the experience and ability to prosecute this action.  As for the "undesirability" of the case, the Court considers that a neutral factor.  Finally, prior to this case, Mr. Keim had no relationship with class counsel such that this factor support the fee award.

---

[1] Other TCPA class actions awarded similar fees.  *See Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 796-97 (7th Cir. 2018) (affirming attorney fees in TCPA class action of 36% of the first $10 million); *Martin v. Dun & Bradstreet, Inc.*, 12-215 (N.D. Ill. Jan. 16, 2014) (Dkt. No. 63) (one-third of total payout); *Hanley v. Fifth Third Bank*, No. 12-1612 (N.D. Ill.) (Dkt. No. 87) (awarding attorneys' fees of one-third of total settlement fund);  *In re Capital One*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) (36% of the first $10 million of the settlement) (Holderman, J.); *Martin v. JTH Tax, Inc.*, No. 13-6923 (N.D. Ill. Sept. 16, 2015) (Shah, J.) (38% of total fund.

(j)    Accordingly, Class Counsel are hereby awarded $ _____ for attorney fees, which is inclusive of all costs and expenses, from the Settlement Amount, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Amount in accordance with the terms of the Agreement.

14.    The Class Representative, Brian Keim, is hereby compensated in the amount of $_____ from the Settlement Amount for his service and efforts in this case. *See, e.g., Cooper v. NelNet, Inc.*, 14-cv-314-RBD-DAB, ECF No. 85, p.5, ¶11 (M.D. Fla. Aug. 4, 2015) ($25,000 incentive award); *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, *25-*26 (S.D. Fla. Nov. 5, 2015) ($10,000 incentive awards to two sets of plaintiffs), *citing Spicer v. Chi. Bd. of Options Exchange, Inc.*, 844 F.Supp. 1226, 1267-68 (N.D. Ill. 1993) (collecting cases approving incentive awards ranging from $5,000 to $100,000, and approving $10,000 for each plaintiff); *Legg v. Lab. Corp. of Am. Holdings*, No. 14-61543-RLR, 2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016) ($10,000, in a FACTA case); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 151, ¶16 (S.D. Fla.) ($10,000 each to two plaintiffs, in a FACTA case); and *Muransky v. Godiva Chocolatier, Inc.*, No. 15-cv-60716-WPD, 2016 U.S. Dist. LEXIS 133695, *11 (S.D. Fla. Sept. 28, 2016) ($10,000, in a FACTA case).

**IT IS SO ORDERED,**
**ADJUDGED AND DECREED.**

Dated: _____    _____

                               Honorable Kenneth A. Marra

# EXHIBIT 5

*Keim v. ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, Inc., Case 9:12-cv-80577-KAM USDC, Southern District of Florida, West Palm Beach Division*

**<<CA>>, Claims Administrator**                    **Toll-Free Number: 866-726-1092**
**PO Box [_____]**                         **Website: www.PizzaTCPAsettlement.com**
**[_____]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## SETTLEMENT CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS SETTLEMENT CLAIM FORM. IF THIS SETTLEMENT CLAIM FORM IS SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR SETTLEMENT CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> << 60 days after Class Notice>>, 2020.**

1.  **CLAIMANT INFORMATION:**

_____     _____     _____
FIRST NAME                           MIDDLE NAME        LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____     _____   _____ - _____
CITY                                                                       STATE      ZIP              (optional)

2.  **AFFIRMATION:**

By signing below, I declare, that the information above is true and accurate. This Settlement Claim Form may be researched and verified by the Claims Administrator.


Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS?
**VISIT www.PizzaTCPAsettlement.com OR CALL <<Claims Admin IVR toll free #>> or Class Counsel at 866.726.1092**