UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80577-KAM

BRIAN KEIM, on behalf of himself and all
others similarly situated,

      Plaintiff,

v.

ADF MIDATLANTIC, LLC, et al.,

      Defendants.

_____/


## ORDER  (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; (2) APPROVING NOTICE PLAN; AND (3) SETTING FINAL APPROVAL HEARING

      This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case styled *Keim v. ADF Midatlantic, et al.,* Case 9:12-cv-80577-KAM ("Action") (DE 419).  The Action was brought by plaintiff Brian Keim, individually and on behalf of all others similarly situated, against defendants Defendants, ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, LLC (collectively "Defendants," and together with Plaintiff, the "Parties").  The Court has considered the Parties' Settlement Agreement and Release ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, the arguments of counsel, and is otherwise fully advised in the premises.  THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

      1.        Settlement Terms. All terms in this Order shall have the meanings ascribed to them in the Agreement, unless otherwise defined herein.

2.      <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.      <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Second Amended Complaint filed in the Southern District of Florida, West Palm Beach Division on June 10, 2015.  (DE 97).

4.      <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (*Exhibits 2, and 3* to the Agreement), that said "Class Notice" is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5.      <u>Class Certification</u>. The Court granted certification of the Class on December 4, 2018, finding that Plaitniff had satisfied Rule 23 of the Federal Rules of Civil Procedure. (DE 259) ("Class Certification Order"). The Settlement Class set forth in the Agreement is the same as the Class this Court previously certified. As the Class as defined in Plaintiff's Motion for Preliminary Approval has already been certified, this determination requires no further analysis, and the Settlement Class is hereby likewise approved.

6.      <u>Class Representative</u>. The Court's Class Certification Order appointed Plaintiff, Brian Keim, to act as the representative of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. As this Court has already appointed Mr. Keim as class representative of the

Class as defined in Plaintiff's Motion for Preliminary Approval, this determination requires no further analysis, and appointment of Mr. Keim as representative of the Settlement Class is hereby likewise approved.

7.      <u>Class Counsel</u>.  The Court's Class Certification Order appointed Plaintiff's counsel, Keith J. Keogh, Amy L. Wells and Scott D. Owens, as class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure. As this Court has already appointed Plaintiff's counsel as class counsel of the Class as defined in Plaintiff's Motion for Preliminary Approval, this determination requires no further analysis, and appointment of Plaintiff's counsel, Keith J. Keogh, Amy L. Wells and Scott D. Owens, as class counsel is hereby likewise approved.

8.      <u>Final Approval Hearing</u>.  At 10:00 am on March 20, 2020, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and Incentive Payment to Plaintiff, should be granted, and in what amount.

9.      No later than December 6, 2019, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the Incentive Payment  to the Plaintiff.  No later than March 6, 2020, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must also be filed.

10.      <u>Settlement Claims Administrator</u>. Kurtzman Carson Consultants ("KCC")  will serve as the Claims Administrator. The Claims Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement as set forth in the Agreement.

11.     <u>CAFA Notice</u>.   Defendants shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), no later than seven (7) days before the Final Approval Hearing.

12.     <u>Class Notice</u>. The Class Administrator shall provide direct notice via First Class Mail to Settlement Class Members for whom it has contact information. Class Notice shall be in the form of the Postcard Notice attached as *Exhibit 2* to the Agreement, which shall contain a claim ID and shall direct recipients to the Settlement Website, which will contain the completed long form notice attached as *Exhibit 3* to the Agreement.  Prior to mailing the Postcard Notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database. The Claims Administrator shall re-mail one time any Postcard Notice returned as undeliverable, and shall undertake reasonable means to locate alternative addresses for any returned Postcard Notice. The Court hereby directs the Parties and the Claims Administrator to complete Class Notice by December 6, 2019, which is 30 days following the entry of the Preliminary Approval Order ("Notice Deadline").

13.      The Claims Administrator will file with the Court, by March 4, 2020, which is fourteen (14) days prior to the Final Approval Hearing, proof that Class Notice was provided in accordance with the Agreement and this Order.

14.     <u>Opt-Out and Objection Deadlines</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by February 5, 2020, which is sixty-one (61) calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. Settlement Class Members may not submit both an Opt-Out Request and a Settlement Claim Form. If a Settlement Class Member submits both an Opt-Out Request and a Settlement Claim Form, the Settlement Claim Form will govern

and the Opt-Out Request will be considered invalid unless, prior to the deadline to submit an Opt-Out, the Settlement Class Members confirms in writing their intent to withdraw the Settlement Claim Form in which case the Opt-Out will govern.

15.    <u>Exclusion from the Settlement Class</u>. A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Postcard Notice no later than February 5, 2020. Opt-Out Requests must: (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) identify the telephone number of the Settlement Class Member at which the text message(s) at issue were received; (d) be personally signed by the Settlement Class Member; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM." No request for exclusion will be valid unless all of the information described above is included. Class, mass and group Requests for Exclusion are prohibited.

16.    On or before March 6, 2020, which is fourteen days (14) prior to the Final Approval, the Claims Administrator shall prepare and disseminate to counsel an initial list that shall identify each Settlement Class Member; the anticipated payment for each Settlement Class Member under the Agreement; the deliverable address for each Settlement Class Member; and any Settlement Class Members who have opted out of the Settlement.

17.    <u>Objections to the Settlement</u>.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection with the Court by the objection date contained in the

Notice, which is February 5, 2020 as well as any notice of intention to appear at the Final Approval Hearing, indicating whether they wish to appear with or with counsel.

To be valid, a written objection must include: (a) the case name and caption, *Keim v. ADF Midatlantic, LLC, et al,* Case No. 9:12-cv-80577-KAM; (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the telephone number of the Settlement Class Member at which the text message(s) at issue were received; (d) a description of the specific basis for each objection raised; (e) a list of any other objections filed in any court within the past five (5) years; (f) if he or she is represented by counsel, a list of objections filed by that counsel in any court within the past (5) years; (g) any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity; and (h) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Class, mass and group objections are prohibited.

18.     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Order and the Agreement shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

19.     <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Litigation are stayed.

20.     <u>No Admission of Liability</u>. Neither the Agreement, any aspect of the settlement or notice program, nor the Court's actions with regard to the Agreement, will be deemed

admissible in this Litigation and are not intended to be admissible (and Plaintiff and Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment. In the event that the Agreement is not approved by the Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, Defendants will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Action.

21.     The Agreement, and all related documents, including any Claims, Opt-Out Requests, Objections or other materials submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to the Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Litigation or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against Defendants, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

22.     Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Settlement Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications

(including as to timing), if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class if such modifications do not limit the rights of the Settlement Class.

23.    <u>Schedule of Future Events</u>.

| | |
|---|---|
| December 6, 2019 | Deadline for Class Notice<br><br>Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Incentive Payment |
| February 5, 2020 | Deadline for Settlement Class Members to file: a. any objection and basis therefor;<br><br>b. notice of intent to appear at the fairness hearing, indicating with or without counsel; or<br><br>c. request exclusion |
| February 5, 2020 | Claim Period – Deadline for Settlement Class Members to Submit a Settlement Claim Form |
| March 6, 2020 | Deadline for Parties to file:<br><br>a. List of persons who made timely and proper requests for exclusion;<br><br>b. Proof of Class Notice; and<br><br>c. Motion and Memorandum in Support of Final Approval and related matter, including any response to any objection. |
| March 20, 2020 | Fairness Hearing |

Accordingly, it is hereby is **ORDERED AND ADJUDGED** that the Unopposed Motion for Preliminary Approval of Class Action Settlement (DE 419) is **GRANTED**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of November, 2019.

KENNETH A. MARRA
United States District Judge