UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **BRIAN KEIM, on behalf of himself and all others similarly situated,** )<br>  Plaintiff, )<br> v. )<br> **ADF MIDATLANTIC, LLC, et al.,** )<br>  Defendants. )<br> )<br> )<br> )<br> ) | **Case No. 9:12-cv-80577-KAM**<br><br>Hon. Judge Kenneth A. Marra<br><br>Magistrate Judge William Matthewman |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

84803

The Court held a Final Approval Hearing on March 20, 2020. Notice of the hearing was duly provided in accordance with this Court's Order, which preliminarily approved the class action settlement, approved the Notice Plan and set the Final Approval Hearing (the "Preliminary Approval Order"). Having considered all matters submitted at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order, It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated October 28, 2019, including its Exhibits 1-5 (the "Agreement") [ECF 419-1], and the definition of terms contained therein, are incorporated by reference. The terms and definitions of this Court's Preliminary Approval Order [ECF 420] are also incorporated by reference into this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Litigation and over ADF Midatlantic, LLC, American Huts, Inc., ADF Pizza I, LLC, ADF PA, LLC and Pizza Hut, LLC (collectively, "Defendants") and Plaintiff, including all Settlement Class Members, (collectively, "the Parties"), with respect to the Settlement Class, which was certified on December 4, 2018 [ECF 259] as follows:

> All persons in the United States who received a text message from Defendants wherein their cellular telephone number was provided by a third party and said text messages were sent using hardware and software owned or licensed to Songwhale or Cellit between November 2010 and January 2013. Excluded from the class are all persons who received a text message from Defendants wherein their cellular telephone number was provided by a subscriber of the calling plan.

The following are excluded from the Settlement Class: Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as well as the Judge's immediate family, and any individual who opts out of the Settlement Class as described below.

The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between the Parties.

3. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and in compliance with this Court's Preliminary Approval Order.

1

4. The Court further finds and concludes that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

5. There were no objections to the Agreement.

6. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

7. The Court hereby approves distribution plan for payments set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Payments and disposition of any funds remaining thereafter.

8. As of the Effective Date of the Agreement, the Releasees are released and forever discharged from the Released Claims. The terms of the release as set forth in the Agreement are incorporated herein.

9. This Court hereby dismisses this Litigation, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

10. Any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code, and/or any other similar, comparable or equivalent laws, are hereby terminated.

11. If for any reason whatsoever this settlement fails to become effective for any reason, the Parties and the Litigation will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings. No agreements, documents or statements made by or entered into by any Party in connection with the settlement may be used by Plaintiff, any person in the Settlement Class, Defendants, or any other person to establish liability or in any defense and/or support of any of the elements of class certification, whether in the Action or in any other proceeding.

84803

12.     Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees, which is inclusive of all costs and expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final, as defined in the Agreement), Settlement Class Members who have submitted valid and timely Settlement Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act;

(c)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     that the class settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendants, and was negotiated in good-faith and in the absence of collusion;

(f)     that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to $2,000,000, inclusive of all costs and expenses, to be paid from the Settlement Amount;

(g)     that no member of the Settlement Class has submitted written objections to the award of attorneys' fees;

(h)     that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Amount as a whole. In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F. Supp.2d 1330, 1358 (S.D. Fla. 2011), citing

*Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

(i) The Eleventh Circuit endorses using the factors articulated *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of the award in excess of 25%. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The *Johnson/Camden I* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3. These factors confirm the reasonableness of the proposed fee award here.

This case easily satisfies the four factors as it took substantial time and labor and was novel and difficult. For the same reason it satifises the seventh factor of time limitations imposed. This 2012 litigation required an Eleventh Circuit appeal on unsettled law relating to mootness that was an issue that had to be utlimatley resolved by the Supreme Court in *Cambell Ewald*. Then the Plaintiff prosecuted class certification after extensive third party discovery and expert testimony relating to carrier subscriber data to determine if intermediary consent be shown on a classwide basis. Even after class certification, Plaitiff faced pending summary judgment on the issue of vicarious liability and whether the system that sent the texts is an ATDS, which Circuit courts differ and the Eleventh Circuit had yet to decide. Class Counsel has shown the skill necessary to fully litigate this action and spent susbtatial time away from other employment opportunities to do so as evidenced by the extensive docket in this matter and the substial discovery undertaken. As such the first four factors as well as the seventh factor are readily satisfied.

The customary fee, whether the fee is contingent and the last factor of fees awarded in smiliar cases are also satisfied. The fee here is contignet and the customary fee in

84803

consumer class can be as high as 50% in this circuit. *See Wolff v. Cash 4 Titles*, 2012 U.S. Dist. LEXIS 153786 at *13 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); *Seghroughni v. Advantus Rest., Inc.*, 2015 U.S. Dist. LEXIS 64602 at *2 (M.D. Fla. May 13, 2015) ("An attorney's fee ... which is one-third of the settlement fund ... is fair and reasonable…"); *see also e.g. Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir.1999) (affirmed fee award of 33 1/3% of a $40 million settlement); and *see Camden I*, 946 F.2d at 774-775 ("an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded."); *Cabot E. Broward 2 LLC v. Cabot*, 2018 U.S. Dist. LEXIS 192706 at *20 (S.D. Fla. Nov. 9, 2018) (citing "19 cases from this Circuit in which attorneys' fees amounting to 33% or more of a settlement fund were awarded," including settlements of $310 million, $77.5 million, $75 million, $40 million, and $25 million);*Guarisma v. Microsoft Corp.*, 15-cv-24326-CMA, ECF No. 79, pp.7-8, ¶g.-¶j., and ¶14 (S.D. Fla. Oct. 27, 2017)(One third); *Lab*,v Lab 14-cv-61543-RLR, ECF No. 218, p.26, and ECF No. 227, pp.5-7, ¶13 (S.D. Fla. Feb. 18, 2016)(One third plus expenses); *Legg v Spirit*, 14-cv-61978-JIC, ECF No. 151, ¶14 and ¶15 (S.D. Fla. Aug. 2, 2016);(one third plus expenses) *Jimmy Choo*, 15-cv-81487-BB, ECF No. 97, p.7, ¶g. and ¶23 (S.D. Fla. May 9, 2017)(One third plus expenses).[1]

Finally, Class Counsel are well respected consumer class attorneys with the experience and ability to prosecute this action. As for the "undesirability" of the case, the Court considers that a neutral factor. Finally, prior to this case, Mr. Keim had no relationship with class counsel such that this factor support the fee award.

(j)     Accordingly, Class Counsel are hereby awarded $2,000,000.00 for attorney fees, which is inclusive of all costs and expenses, from the Settlement Amount, which the Court finds to be fair and reasonable, and which amount shall

---

[1] Other TCPA class actions awarded similar fees. *See Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 796-97 (7th Cir. 2018)(affirming attorney fees in TCPA class action of 36% of the first $10 million); *Martin v. Dun & Bradstreet, Inc.*, 12-215 (N.D. Ill. Jan. 16, 2014) (Dkt. No. 63) (one-third of total payout); *Hanley v. Fifth Third Bank*, No. 12-1612 (N.D. Ill.) (Dkt. No. 87) (awarding attorneys' fees of one-third of total settlement fund); *In re Capital One*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) (36% of the first $10 million of the settlement) (Holderman, J.); *Martin v. JTH Tax, Inc.*, No. 13-6923 (N.D. Ill. Sept. 16, 2015) (Shah, J.) (38% of total fund).

be paid to Class Counsel from the Settlement Amount in accordance with the terms of the Agreement.

13. The Class Representative, Brian Keim, is hereby compensated in the amount of $10,000.00 from the Settlement Amount for his service and efforts in this case. *See*, *e.g.*, *Cooper v. NelNet, Inc.*, 14-cv-314-RBD-DAB, ECF No. 85, p.5, ¶11 (M.D. Fla. Aug. 4, 2015)($25,000 incentive award); *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, *25-*26 (S.D. Fla. Nov. 5, 2015)($10,000 incentive awards to two sets of plaintiffs), *citing Spicer v. Chi. Bd. of Options Exchange, Inc.*, 844 F.Supp. 1226, 1267-68 (N.D. Ill. 1993) (collecting cases approving incentive awards ranging from $5,000 to $100,000, and approving $10,000 for each plaintiff); *Legg v. Lab. Corp. of Am. Holdings*, No. 14-61543-RLR, 2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016)($10,000, in a FACTA case); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 151, ¶16 (S.D. Fla.)($10,000 each to two plaintiffs, in a FACTA case); and *Muransky v. Godiva Chocolatier, Inc.*, No. 15-cv-60716-WPD, 2016 U.S. Dist. LEXIS 133695, *11 (S.D. Fla. Sept. 28, 2016)($10,000, in a FACTA case).

14. In the event any funds remain from uncashed checks, those remaining funds shall be distributed to the National Consumer Law Center ("NCLC") as the cy pres recipient and earmarked for work to maintain TCPA protections for consumers. *See Legg v AEO*, 14-cv-02440-VEC (S.D. NY 2017)(Approving NCLC for TCPA class case).

15. The Clerk shall close this case. All pending motions are denied as moot.

Done and Ordered in Chambers in West Palm Beach, Palm Beach County, Florida this 20th day of March, 2020.

                                                        KENNETH A. MARRA
                                                       United States District Judge

84803